IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EAST PLANO ISLAMIC CENTER (EPIC), | § | |
|     *Plaintiff,* | § | |
| | § | |
| | § | |
| v. | § | |
| | § | |
| TEXAS FUNERAL SERVICE | § | Civil Action No. 1:25-cv-1085-DAE |
| COMMISSION, TEXAS FUNERAL | § | |
| SERVICE COMMISSION | § | |
| EXECUTIVE DIRECTOR IN THEIR | § | |
| OFFICIAL CAPACITY, AND | § | |
| KRISTIN TIPS IN HER INDIVIDUAL | § | |
| CAPACITY, | § | |
|     *Defendants.* | § | |

## ANSWER OF DEFENDANTS TEXAS FUNERAL SERVICE COMMISSION AND TEXAS FUNERAL SERVICE COMMISSION EXECUTIVE DIRECTOR TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND REQUEST FOR PERMANENT INJUNCTION

TO THE HONORABLE DAVID A. EZRA:

NOW COME Defendants the Texas Funeral Service Commission ("TFSC") and the TFSC Executive Director in the official capacity ("TFSC Executive Director") to file this Answer to Plaintiff's October 3, 2025 First Amended Complaint and Request for Permanent Injunction ("Complaint"), in accordance with Federal Rules of Civil Procedure 8 and 15(a)(3), and would respond as follows:

Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the

allegations[1] in the first paragraph (found on page 1 of the Complaint) of the preambular portion of the Complaint. To the extent this paragraph contains conclusions of law, said conclusions require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions, contained in the paragraph.

Defendants TFSC and the TFSC Executive Director deny the allegations in the first sentence (found on page 1 of the Complaint) of the second paragraph of the preambular portion of the Complaint. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence (found on pages 1-2 of the Complaint) of the second paragraph of the preambular portion of the Complaint. To the extent this second paragraph contains conclusions of law, said conclusions require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in the paragraph.

Defendants TFSC and the TFSC Executive Director deny the allegations in the third paragraph of the preambular portion of the Complaint (found on page 2 of the Complaint) that are directed at them. The allegations in that

---

[1] Here and wherever else Defendants indicate throughout this Answer that they presently lack knowledge or information sufficient to form a belief about the truth of an allegation, such representation shall be understood to be a denial of the said allegation.

paragraph that are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director (including assertions in the first sentence concerning Commissioner Tips) do not call for an answer on the part of Defendant TFSC or Defendant the TFSC Executive Director (FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations contained in the paragraph. Finally, to the extent the paragraph contains conclusions of law, said conclusions require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all legal conclusions contained in the paragraph.

1. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 of the Complaint.

2. Defendants TFSC and the TFSC Executive Director admit the allegations in paragraph 2 of the Complaint only to the extent that Defendants concede that the allegations consist of quotations and summaries of provisions of Chapter 651 of the Texas Occupation Code and provide the address of TFSC's main office. They deny the remainder of the allegations in paragraph 2, including any legal conclusions contained therein.

3. Defendants TFSC and the TFSC Executive Director admit the allegations in paragraph 3 of the Complaint, except that the date of Ms. Haynes's appointment as Interim Executive Director was July 21, 2025.

4. The first sentence of paragraph 4 does not contain any allegation to which a response is required. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 4 of the Complaint.

5. Defendants TFSC and the TFSC Executive Director admit the allegation in paragraph 5 of the Complaint that this lawsuit involves federal and state law claims regarding a state administrative agency, but they otherwise deny the allegations in paragraph 5, including the legal conclusion that this Court has subject matter jurisdiction over this lawsuit.

6. Paragraph 6 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions, contained in paragraph 6 of the Complaint.

7. Paragraph 7 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions, contained in paragraph 7 of the Complaint.

8. Paragraph 8 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions, contained in paragraph 8 of the Complaint.

9. Paragraph 9 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions, contained in paragraph 9 of the Complaint, except that they admit that the case was removed to federal court.

10. The allegations in paragraph 10 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); moreover, Paragraph 10 consists of legal conclusions that require no answer. Nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in paragraph 10 of the Complaint.

11. Defendants TFSC and the TFSC Executive Director admit the allegations in paragraph 11 of the Complaint.

12. Paragraph 12 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions, contained in paragraph 12 of the Complaint, except that they

admit that Texas Occupations Code §§ 651.251-.267 address license requirements for funeral directors and embalmers, §§ 651.301-.306 address license requirements for provisional license holders, §§ 651.351-.354 address license requirements for funeral and commercial embalmer establishments, and § 651.656 addresses the requirement for the owner or operator of a crematory establishment to hold a crematory license issued by the TFSC. The other statutory references and purported summarizes of cited statutory provisions included in paragraph 12 are underinclusive and/or do not accurately or completely summarize the provisions to which reference is made.

13. Defendants TFSC and the TFSC Executive Director admit the allegations in paragraph 13 of the Complaint, except that the conclusion contained in the first sentence of paragraph 13 and the examples that follow it are all underinclusive, in the sense that they are not the sole factors relevant for determining the scope of the Commission's authority.

14. Paragraph 14 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions, contained in paragraph 14 of the Complaint, except that they admit that Subchapter J of Chapter 651 is captioned as alleged and contains the quoted language, though, here again, the examples Plaintiff provides do not constitute an exhaustive demonstration of the Commision's regulatory authority.

15. Paragraph 15 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions, contained in paragraph 15 of the Complaint.

16. Defendants TFSC and the TFSC Executive Director admit that the first sentence of paragraph 16 contains an accurate quotation of Texas Occupations Code § 651.351(a). The second and third narrative sentences of paragraph 16 consist of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all legal conclusions contained in the second and third narrative sentences of paragraph 16 of the Complaint. To the extent that the second and third narrative sentences of paragraph 16 of the Complaint contain express or implicit factual assertions, Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of such allegations.

17. Defendants TFSC and the TFSC Executive Director admit that paragraph 17 contains several accurate or nearly accurate quotations from a December 9, 1987 letter that appears to have been issued by TFSC to a certain Abdul Wahidi of Cedar Park, Texas and that is attached as Exhibit 2 to Plaintiff's Verified Original Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction filed in this matter in the District Court of Travis County, 250th Judicial District Court

on July 2, 2025. Defendants TFSC and the TFSC Executive Director deny the remainder of the allegations in paragraph 17, including any legal conclusions contained therein.

18. Defendants TFSC and the TFSC Executive Director admit that paragraph 18 contains several accurate or nearly accurate quotations from a December 17, 2024 letter that was attached as Exhibit 3 to Plaintiff's Verified Original Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction filed in this matter in the District Court of Travis County, 250th Judicial District Court on July 2, 2025. Defendants TFSC and the TFSC Executive Director deny the remainder of the allegations in paragraph 18, including any legal conclusions contained therein.

19. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 of the Complaint.

20. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20 of the Complaint.

21. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 of the Complaint.

22. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 of the Complaint.

23. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23 of the Complaint.

24. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 of the Complaint.

25. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 of the Complaint, except that, on information and belief, they deny the second sentence of paragraph 25.

26. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26 of the Complaint.

27. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27 of the Complaint.

28. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations contained in the first two sentences of paragraph 28. Defendants

TFSC and the TFSC Executive Director deny the remainder of the allegations in paragraph 28 of the Complaint, including any legal conclusions contained therein.

29. Defendants TFSC and the TFSC Executive Director admit that paragraph 29 contains accurate quotations from a March 26, 2025 letter that was issued by TFSC's then-Executive Director and which is attached as Exhibit 4 to Plaintiff's Verified Original Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction filed in this matter in the District Court of Travis County, 250th Judicial District Court on July 2, 2025. Defendants TFSC and the TFSC Executive Director deny the remainder of the allegations in paragraph 29 of the Complaint, including any legal conclusions and erroneous factual premises contained therein.

30. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30 of the Complaint.

31. Defendants TFSC and the TFSC Executive Director admit that the tweet that is presented in excerpted form in paragraph 31 reflects a February 14, 2025 tweet that was posted on the X platform by an individual who refers to herself as Amy Mek. They presently lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 31 of the Complaint.

32. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32 of the Complaint.

33. Defendants TFSC and the TFSC Executive Director admit that the tweet that is presented in excerpted form in paragraph 33 reflects a February 24, 2025 tweet that was posted on the X platform by Texas Governor Abbott. They presently lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 33 of the Complaint.

34. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34 of the Complaint.

35. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in the first and third sentences of paragraph 35 of the Complaint. Defendants TFSC and the TFSC Executive Director deny the allegations in the second sentence of paragraph 35 of the Complaint.

36. Defendants TFSC and the TFSC Executive Director admit the allegations in paragraph 36 of the Complaint.

37. Defendants TFSC and the TFSC Executive Director admit the allegations in paragraph 37 of the Complaint.

38. Defendants TFSC and the TFSC Executive Director admit the allegations in paragraph 38 of the Complaint.

39. Defendants TFSC and the TFSC Executive Director admit the allegations in paragraph 39 of the Complaint.

40. Defendants TFSC and the TFSC Executive Director admit the allegations in paragraph 40 of the Complaint.

41. Defendants TFSC and the TFSC Executive Director admit the allegations in paragraph 41 of the Complaint.

42. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in the first and second sentences of paragraph 42 of the Complaint. Defendants TFSC and the TFSC Executive Director admit the allegations in the third sentence of paragraph 42 of the Complaint, except that they deny the date of the first press release quoted in that sentence (the correct date of which appears to be April 14, 2025).

43. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43 of the Complaint.

44. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44 of the Complaint.

45. Defendants TFSC and the TFSC Executive Director deny the allegations in the first two sentences of paragraph 45 of the Complaint. They presently lack knowledge or information sufficient to form a belief about the truth of the

allegations in third and fourth sentences of paragraph 45 of the Complaint. They deny the allegations in the fifth and sixth sentences of paragraph 45 of the Complaint, including the implication in the fifth sentence that deriving "profit" is a relevant standard under the applicable regulatory regime.

46. Defendants TFSC and the TFSC Executive Director deny the allegations in paragraph 46 of the Complaint.

47. The first and second sentences of paragraph 47 consist of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions, contained in the first and second sentences of paragraph 47 of the Complaint. Defendants TFSC and the TFSC Executive Director admit the allegations in the third sentence of paragraph 47 of the Complaint. The fourth sentence (beginning "Moreover, nothing in Subchapter K authorizes …") of paragraph 47 of the Complaint and all the remaining sentences of that paragraph consist of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in the fourth through the final sentences of paragraph 47 of the Complaint.

48. Defendants TFSC and the TFSC Executive Director deny the allegations in paragraph 48 of the Complaint.

49. Defendants TFSC and the TFSC Executive Director admit the allegations in paragraph 49 of the Complaint.

50. The allegations in paragraph 50 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 50 of the Complaint, except that they admit, first, that the Executive Director signed and transmitted the March 26, 2025 letter and, second, that there were communications between the Executive Director and/or other TFSC officials, on the one hand, and Ms. Tips, on the other, during the time period when the letter was allegedly "being prepared and enforced."

51. The allegations in paragraph 51 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 51 of the Complaint.

52. The allegations in paragraph 52 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); nevertheless, should an

answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including any legal conclusions and erroneous factual premises, contained in paragraph 52 of the Complaint.

53. The allegations in paragraph 53 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including any legal conclusions and erroneous factual premises, contained in paragraph 53 of the Complaint.

54. Paragraph 54 does not contain any allegation to which a response is required.

55. Paragraph 55 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions, contained in paragraph 55 of the Complaint.

56. Paragraph 56 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in paragraph 56 of the Complaint.

57. Paragraph 57 does not contain any allegation to which a response is required; nevertheless, should an answer be deemed necessary, Defendants

TFSC and the TFSC Executive Director deny all allegations, including any legal conclusions and erroneous factual premises, contained in paragraph 57 of the Complaint.

58. The first and fourth sentences of paragraph 58 do not contain any allegation to which a response is required, while the second and third sentences of paragraph 58 consist of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in paragraph 58 of the Complaint.

59. Paragraph 59 does not contain any allegation to which a response is required.

60. Paragraph 60 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions, contained in paragraph 60 of the Complaint.

61. The first, fourth, fifth, and sixth sentences of paragraph 61 consist of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions, contained in the first, fourth, fifth, and sixth sentences of paragraph 61. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form

a belief about the truth of the allegations in the second sentence of paragraph 61. Defendants TFSC and the TFSC Executive Director deny the allegations in the third sentence of paragraph 61 of the Complaint.

62. Paragraph 62 does not contain any allegation to which a response is required; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including any legal conclusions and erroneous factual premises, contained in paragraph 62 of the Complaint.

63. Paragraph 63 does not contain any allegation to which a response is required; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including any legal conclusions and erroneous factual premises, contained in paragraph 63 of the Complaint.

64. Paragraph 64 does not contain any allegation to which a response is required.

65. Paragraph 65 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions, contained in paragraph 65 of the Complaint.

66. The first sentence of paragraph 66 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations,

including the legal conclusions and erroneous factual premises, contained in the first sentence of paragraph 66. The second sentence of paragraph 66 does not contain any allegation to which a response is required; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including any legal conclusions and erroneous factual premises, contained in the second sentence of paragraph 66 of the Complaint.

67. Paragraph 67 does not contain any allegation to which a response is required; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including any legal conclusions and erroneous factual premises, contained in paragraph 67 of the Complaint.

68. Paragraph 68 does not contain any allegation to which a response is required.

69. Paragraph 69 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions, contained in paragraph 69 of the Complaint.

70. Paragraph 70 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions, contained in paragraph 70 of the Complaint.

71. Defendants TFSC and the TFSC Executive Director deny the allegations in the first and second sentences of paragraph 71 of the Complaint. The second sentence, however, is ambiguous, as it is not clear whether the passage "non-Muslim organizations are permitted to engage in the same activities as EPIC" is meant to be a factual allegation or the articulation of a legal principle. If the latter, the second sentence contains of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in the second sentence of paragraph 71. The third and fourth sentences of paragraph 71 consist of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in the third and fourth sentences of paragraph 71.

72. Due to a formatting error in the Complaint, paragraph 72 consists of two separate paragraphs, the first of which is double spaced and the second of which is single spaced. Neither the "first paragraph" nor the "second paragraph" of paragraph 72 contains any allegation to which a response is required; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including any legal conclusions and erroneous factual premises, contained in the first and second paragraphs of paragraph 72 of the Complaint.

73. Paragraph 73 does not contain any allegation to which a response is required.

74. Paragraph 74 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions, contained in paragraph 74 of the Complaint.

75. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 75 of the Complaint. The first, third, and fourth sentences of paragraph 75 consist of a blend of factual and legal allegations. The legal allegations in these three sentences of paragrpah 75 require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in these three sentences. More generally, Defendants TFSC and the TFSC Executive Director deny all factual allegations in those three sentences.

76. Paragraph 76 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in paragraph 76 of the Complaint.

77. The first, second, and fifth sentences of paragraph 77 consist of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in the first, second, and fifth sentences of paragraph 77. The third and fourth sentences of paragraph 77 do not contain any allegation to which a response is required; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including any legal conclusions and erroneous factual premises, contained in the third and fourth sentences of paragraph 77 of the Complaint.

78. Paragraph 78 does not contain any allegation to which a response is required.

79. The first sentence of paragraph 79 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in the first sentence of paragraph 79 of the Complaint. The allegations in the second sentence of paragraph 79 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); that sentence also consists of legal conclusions that require no answer. Nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all

allegations, including the legal conclusions and erroneous factual premises and the reference to Kristin Tips as "Executive Director" of TFSC, contained in the second sentence of paragraph 79 of the Complaint.

80. The allegations in paragraph 80 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 80 of the Complaint.

81. The first and fifth sentences of paragraph 81 consist of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in the first and fifth sentences of paragraph 81 of the Complaint. Defendants TFSC and the TFSC Executive Director deny the allegations in the second sentence of paragraph 81 of the Complaint. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence of paragraph 81 of the Complaint. The allegations in the fourth sentence of paragraph 81 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants

TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations contained in the fourth sentence of paragraph 81 of the Complaint, except that they deny the allegation that the Commission engaged in discriminatory treatment of EPIC.

82. Paragraph 82 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in paragraph 82 of the Complaint.

83. Paragraph 83 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in paragraph 83 of the Complaint.

84. Due to a formatting error in the Complaint, paragraph 84 consists of two separate paragraphs, the second of which has a wider left margin indentation than the first. Neither the allegations of the "first paragraph" of paragraph 84 nor those of the "second paragraph" of paragraph 84 are addressed against Defendant TFSC or Defendant the TFSC Executive Director; these allegations thus do not call for an answer on those Defendants' part (FRCP 8(b)(1)(A)). In addition, both the first and the second paragraphs of paragraph 84 consist of

legal conclusions that require no answer. Nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in the first and second paragraphs of paragraph 84 of the Complaint.

85. Paragraph 85 does not contain any allegation to which a response is required.

86. The first three sentences of paragraph 86 (and the accompanying citation to *Larson v. Valente*) consist of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in the first three sentences of paragraph 86 of the Complaint. The allegations in the fourth sentence of paragraph 86 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); that sentence also consists of legal conclusions that require no answer. Nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises and the reference to Kristin Tips as "Executive Director" of TFSC, contained in the fourth sentence of paragraph 86 of the Complaint.

87. The first sentence of paragraph 87 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary,

Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in the first sentence of paragraph 87 of the Complaint. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 87 of the Complaint. Defendants TFSC and the TFSC Executive Director deny the allegations in the third sentence of paragraph 87 of the Complaint. The allegations in the fourth sentence of paragraph 87 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including any legal conclusions and erroneous factual premises, contained in the fourth sentence of paragraph 87 of the Complaint.

88. The allegations in paragraph 88 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); that paragraph also consists of legal conclusions that require no answer. Nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in paragraph 88 of the Complaint.

89. The allegations in paragraph 89 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); that paragraph also consists of legal conclusions that require no answer. Nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in paragraph 89 of the Complaint.

90. The allegations in paragraph 90 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); that paragraph also consists of legal conclusions that require no answer. Nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in paragraph 90 of the Complaint.

91. The allegations in paragraph 91 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); that paragraph also consists of legal conclusions that require no answer. Nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in paragraph 91 of the Complaint.

92. Paragraph 92 does not contain any allegation to which a response is required; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations contained in paragraph 92 of the Complaint.

93. Paragraph 93 does not contain any allegation to which a response is required.

94. Paragraph 94 does not contain any allegation to which a response is required; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations contained in paragraph 94 of the Complaint.

95. Paragraph 95 does not contain any allegation to which a response is required; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations contained in paragraph 95 of the Complaint.

## AFFIRMATIVE DEFENSES

Defendants TFSC and the TFSC Executive Director deny that they engaged in any unlawful conduct or that Plaintiff is entitled to any of the relief it seeks. Defendants TFSC and the TFSC Executive Director assert the following affirmative and other defenses, but do not assume the burden of proof except to the extent required on pure affirmative defenses:

1.      Plaintiff's Complaint fails, in whole or in part, to state a cause of action against Defendants TFSC and the TFSC Executive Director upon which relief can be granted and should therefore be dismissed.

2.      Defendants TFSC and the TFSC Executive Director assert that any actions taken against Plaintiff were based on legitimate, non-discriminatory, reasons and were taken without discriminatory animus.

3.      Defendants TFSC and the TFSC Executive Director assert that any and all decisions regarding Plaintiff were wholly appropriate under the governing regulatory regime and were taken without regard to Plaintiff's religious faith.

4.      Plaintiff has failed to exhaust administrative remedies.

5.      Defendants TFSC and the TFSC Executive Director assert that Plaintiff's own acts or omissions caused or contributed to Plaintiff's injuries, if any.

6.      Defendants TFSC and the TFSC Executive Director assert that Plaintiff failed to mitigate its damages, if any.

7.      Defendants TFSC and the TFSC Executive Director reserve the right to assert additional defenses reasonably in advance of trial and as they become apparent.

## PRAYER

For the foregoing reasons, Defendants TFSC and the TFSC Executive Director request judgment of the Court declaring that Plaintiff take nothing by this suit, dismissing Plaintiff's suit with prejudice, assessing costs against

Plaintiff, and awarding Defendants all further relief that the Court deems just and appropriate.

Dated: October 17, 2025.

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**
Chief, General Litigation Division

*/s/ Thomas Bevilacqua*
**THOMAS BEVILACQUA**
Attorney-in-Charge
Texas Bar No. 00793342
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(737) 224-2489 / Fax (512) 320-0667
thomas.bevilacqua@oag.texas.gov

**ATTORNEYS FOR DEFENDANTS TFSC AND THE TFSC EXECUTIVE DIRECTOR IN THE OFFICIAL CAPACITY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was filed electronically via the Court's CM/ECF system on October 17, 2025, causing electronic service upon all counsel of record.

**TERRAZAS PLLC**
Eric A. Hudson
ehudson@terrazaspllc.com
Benjamin L. Dower
bdower@terrazaspllc.com
1001 S. Capital of Texas Highway, Bldg. L, Suite 250
Austin, Texas 78746
512.680.3257
**ATTORNEYS FOR PLAINTIFF**

*/s/ Thomas Bevilacqua*
**Thomas Bevilacqua**