UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **EAST PLANO ISLAMIC CENTER (EPIC),** § § § | | |
| *Plaintiff*, § § | | |
| v. § | **CIVIL ACTION NO. 1:25-cv-1085** | |
| § | | |
| **TEXAS FUNERAL SERVICE COMMISSION, *et al.*,** § § § | | |
| *Defendants.* § § | | |

**DEFENDANTS' MOTION TO STAY ALL DISCOVERY PENDING RESOLUTION OF MS. TIPS' MOTION TO DISMISS ASSERTING QUALIFIED IMMUNITY**

Defendants the Texas Funeral Service Commission ("TFSC"), TFSC Executive Director (in their official capacity), and Kristin Tips (in her individual capacity), through the Office of the Attorney General of Texas, file this motion to stay all discovery and proceedings until the Court has ruled on Ms. Tips' November 20, 2025 motion to dismiss asserting qualified immunity (D.E. 29).

**I.    STATEMENT OF THE CASE**

This lawsuit challenges a March 26, 2025 cease-and-desist letter issued by Scott Bingaman, former TFSC Executive Director, that Plaintiff East Plano Islamic Center ("EPIC") claims required it to halt funeral-related activities allegedly conducted without a license. In its original state court pleading, EPIC sought equitable relief from TFSC and its current Executive Director in their official capacity. After removal to federal court and increased media interest, EPIC amended its complaint to add individual-capacity claims against Kristin Tips, who was TFSC's presiding officer at the time of the relevant events and who continues to hold that position today. D.E. 23 ("FAC"). TFSC and its Executive Director (together, the "Agency Defendants") filed an answer to EPIC's FAC (D.E. 26), and discovery requests were served upon them (with some responsive documents, though no written

discovery responses, having recently been produced).  *See* Ex. A-B.  Ms. Tips did not answer; rather, she filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) asserting, *inter alia*, the defense of qualified immunity.  D.E. 29.  As described below, the Court <u>must</u> stay all discovery until it has ruled on Ms. Tips' motion and the assertion of qualified immunity therein.

## II.  ARGUMENT

### A.  The Court must rule on Ms. Tips' qualified immunity before allowing discovery.

Qualified immunity shields state officials sued in their individual capacities from both suit and liability.  *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).  Thus, while ordinarily a "trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined," *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987), the Fifth Circuit recently held that an assertion of qualified immunity in a motion to dismiss eliminates that discretion entirely:

> [A] district court abuse[s] its discretion by deferring its ruling on qualified immunity and subjecting the immunity-asserting defendants to discovery in the meantime.  Where public officials assert qualified immunity in a motion to dismiss, a district court must rule on the motion.  It may not permit discovery against the immunity-asserting defendants before it rules on their defense.

*Carswell v. Camp*, 54 F.4th 307, 311-12 (5th Cir. 2022).

*Carswell*'s prohibition on discovery is meant to quell "the burdens litigation imposes on public officials" and thus bars even "minimally intrusive discovery." *Id.* at 313.  Where some defendants assert qualified immunity and others do not, *Carswell* mandates that discovery be stayed as to *all* defendants.  *Id.* at 313 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) ("'It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants.'").  This is because, if discovery were to proceed against the non-immunity asserting defendants, the immunity-asserting defendants would still need to "participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position" and thus "would not be free from the burdens of discovery."  *Id.* at 313 (quoting *Iqbal*, 556 U.S. at 685-

2

86); *see also Congious v. City of Fort Worth*, 690 F. Supp. 3d 571, 584–85 (N.D. Tex. 2023) ("While a district court considers an immunity-asserting defendant's motion to dismiss, it must stay *all* proceedings and discovery requirements in the interim….") (emphasis added).

In several cases following *Carswell*, district courts sitting in the Fifth Circuit have considered situations in which an immunity defense was asserted by a subset of the named defendants and/or asserted only as to a subset of the claims, and have held in those cases that *all* discovery involving all parties and claims should be stayed while the court considered the immunity defense. *See, e.g.*:

- *Hrncir v. IRS*, No. 4:24-CV-00692, 2025 U.S. Dist. LEXIS 132750, at *2-4 (E.D. Tex. Mar. 20, 2025) (where four defendants, among sixteen overall, moved to dismiss on the basis of immunities, the court stayed all discovery because "[a]llowing discovery to move forward would burden the immunity asserting Defendants because it is likely they would be required to participate in the litigation process regardless" and because bifurcating discovery would radically complicate the case and lead to unreasonable burdens on the defendants "[g]iven the interconnected nature of Plaintiff's claims against all sixteen Defendants");

- *Kelton v. Nordstrom, Inc.*, No. 1:23-CV-00395, 2023 U.S. Dist. LEXIS 193022, at *3-6 (W.D. Tex. Oct. 26, 2023) (staying all discovery while the court ruled on motions to dismiss that were filed by a subset of the defendants and asserted various immunity grounds);

- *Kelton v. Nordstrom, Inc.*, No. 1:23-CV-00395-DII-SH, 2023 U.S. Dist. LEXIS 144034, at *4-6 (W.D. Tex. Aug. 17, 2023) (same outcome involving a different subset of defendants moving to dismiss);

- *Thomas v. Simmons*, No. 4:25-CV-00811, 2025 U.S. Dist. LEXIS 164171, at *4 (E.D. Tex. Aug. 25, 2025) (discovery stayed as to all three defendants in a matter where two of them had moved to dismiss on the basis of qualified immunity);

- *Courtney v. Cavalier*, No. 25-280, 2025 U.S. Dist. LEXIS 106889, at *3-5 (M.D. La. June 5, 2025) (noting that "the Supreme Court's concerns about the burdens of litigation imposed on public officials" would remain "present if the Court allowed discovery to proceed against defendants in different capacities or against co-defendants that make no claim for qualified immunity" and concluding: "Given the assertion of the qualified immunity defense, the Court must stay all discovery with respect to all named defendants, including discovery pertaining to claims to which the qualified immunity defense does not apply, because such discovery would present an undue burden to Officer Cavalier.");

- *Miller v. LeBlanc*, No. 21-353, 2022 U.S. Dist. LEXIS 221497, at *10-12 (M.D. La. Dec. 7, 2022) (all discovery stayed, including discovery concerning an Eighth Amendment claim as to which one defendant did not raise a qualified immunity defense; "The underlying factual allegations are so intertwined that allowing discovery to proceed solely against McMullen

3

> [the defendant who did not assert qualified immunity on that claim] would inherently, and inappropriately, require LeBlanc and Vannoy [the defendants asserting qualified immunity on it] to participate in the discovery process.").

Here, Ms. Tips has asserted qualified immunity in a motion to dismiss. D.E. 29 at 10-12. Thus, under *Carswell*, the Court lacks discretion and must stay all discovery—including not only discovery sought from Ms. Tips but also that sought from the Agency Defendants—until that motion has been resolved. 54 F.4th at 311-12; *see also Coones v. Cogburn*, No. 1023-cv-90, 2022 WL 3701173, at *3 (N.D. Tex. Aug. 26, 2022) ("Because the Court has not yet decided whether [plaintiff] has alleged facts in her complaint to overcome the qualified-immunity defense as to each defendant, under *Carswell*, the outcome is clear: *no* discovery can be permitted at this stage.") (emphasis added).

Notably, the risks *Carswell* identified in allowing discovery to proceed against non-immunity asserting defendants are especially applicable here. Because Ms. Tips is TFSC's presiding officer, she will be necessarily implicated in discovery aimed at the Agency Defendants. Indeed, the discovery EPIC has already sent to the Agency Defendants seeks documents specifically related to Ms. Tips. *See* Exs. A and B. For example, EPIC has requested "[a]ll communications between Commissioner Tips and Executive Director Bingaman" (RFP No. 17) and "all documents, emails, or text messages authored, sent, or received by Commissioner Kristin Tips that mention or relate to EPIC, EPIC City, Islam, Muslims, or Muslim religious practices" (RFP No. 15). Ex. A at 8.[1] EPIC also noticed a Rule 30(b)(6) deposition of TFSC, the topics for which include: "[t]he organizational structure, functions, and decision-making hierarchy of … TFSC" (item no. 1); "[t]he identity, role, and actions of every TFSC commissioner, employee, or agent involved in the EPIC matter" (item no. 5); and "[a]ny communications, statements, or materials by Commissioner Kristin Tips or former Executive Director Scott Bingaman referencing EPIC, EPIC City, Islam, or Muslims" (item no. 15). Ex. B.

---

[1] Even the discovery requests not specifically mentioning Ms. Tips implicate her, since EPIC identifies her as a custodian whose records must be searched in formulating responses to *every* request. Ex. A at 5.

Given that discovery against the Agency Defendants is inextricably intertwined with discovery against Ms. Tips, allowing discovery to proceed against the Agency Defendants would subject Ms. Tips to the very burdens against which qualified immunity is meant to protect.

### B. There is otherwise good cause for a stay.

Even if the Court reads *Carswell* as barring only discovery aimed at Ms. Tips and not the Agency Defendants (which it does not),[2] there would still be good cause to grant a discretionary stay of all discovery under Federal Rule of Civil Procedure 26(c).

*First*, it would be a waste of the parties' resources to proceed with limited discovery against the Agency Defendants now, only to potentially *re-subject* them to partially-duplicative discovery with respect to EPIC's claims against Ms. Tips. Document searches would need to be re-run, interrogatories would need to be amended, and several individuals would need to be re-deposed, at the very least, to afford Ms. Tips the opportunity to object and ask additional questions.

*Second*, it would be unduly prejudicial to Ms. Tips—whose assertion of qualified immunity exempts her from discovery—to have any discovery conducted in her absence which could potentially damage her position as a litigant. While Ms. Tips would be legally permitted to abstain from reviewing discovery exchanged and depositions conducted while her motion to dismiss remained pending, in doing so she would be risking harmful and possibly irreversible disclosures and admissions which she would otherwise have the opportunity to prevent, or at least object to, thus placing her at a significant strategic disadvantage if her motion is denied and the case proceeds against her.

*Third*, limited discovery would inevitably present many difficult line-drawing problems. The parties would surely disagree on which document requests, interrogatories, and/or deposition questions are relevant to Ms. Tips individually, as opposed to those which might concern her or other

---

[2] Such a holding could be appealed immediately under the collateral order doctrine, and if such right were exercised, this could ultimately cause a significantly greater delay in resolving this case than any delay caused by the requested stay.

Commissioners acting in their official capacities, and the parties would find themselves needing Court intervention to referee these disagreements. In short, so-called bifurcated discovery is a practical impossibility in this case.

To avoid all these concerns, and streamline proceedings, the best course is also the course prescribed by *Carswell*—to stay all discovery and proceedings until the Court has ruled on Defendants' MTD and the universe of remaining claims has been determined. *See, e.g.*, *Stollings v. Tex. Tech Univ.*, No. 5:20-CV-250, 2021 WL 4171815, at *2 (N.D. Tex. Apr. 13, 2021) (holding, pre-*Carswell*, that assertion of qualified immunity with respect to some claims in partial motion to dismiss warranted stay of discovery with respect to *all* claims "in the interest of efficiency and fairness").

Defendants respectfully inform the Court that there is a certain urgency to resolving this discovery dispute, as requests for production of documents, requests for admissions, and interrogatories are pending with all three Defendants. Ex. A, C. In addition, Plaintiff has noticed a Rule 30(b)(6) deposition of a TFSC representative for December 17, 2025. Ex. B.

## VI.   CONCLUSION

For the reasons described above, Defendants respectfully request that the Court stay all discovery and proceedings in this case—including all deadlines in the Court's current Scheduling Order (D.E. 19)—pending a ruling on Ms. Tips' November 20, 2025 motion to dismiss asserting qualified immunity.

Respectfully submitted,

| | |
|---|---|
| **KEN PAXTON** <br> Attorney General of Texas | */s/ Michael J. Calb* <br> **MICHAEL J. CALB** <br> Assistant Attorney General <br> Attorney-In-Charge <br> Texas State Bar No. 24126986 <br> Michael.Calb@oag.texas.gov |
| **BRENT WEBSTER** <br> First Assistant Attorney General | |
| **RALPH MOLINA** <br> Deputy First Assistant Attorney General | Law Enforcement Defense Division <br> Office of the Attorney General <br> P.O. Box 12548 <br> Austin, Texas 78711-2548 <br> (512) 463-2080 |
| **AUSTIN KINGHORN** <br> Deputy Attorney General for Civil Litigation | |
| **BRIANA M. WEBB** <br> Chief, Law Enforcement Defense Division <br> Co-Counsel <br> Texas State Bar No. 24077883 <br> Briana.webb@oag.texas.gov | **COUNSEL FOR DEFENDANT KRISTIN TIPS** |
| **KIMBERLY GDULA** <br> Chief, General Litigation Division | */s/Thomas Bevilacqua* <br> **THOMAS BEVILACQUA** <br> Attorney-in-Charge <br> Texas Bar No. 00793342 <br> Assistant Attorney General <br> General Litigation Division <br> P.O. Box 12548, Capitol Station <br> Austin, Texas 78711-2548 <br> (737) 224-2489 / Fax (512) 320-0667 <br> thomas.bevilacqua@oag.texas.gov <br> **SCOTT D. SMITH** <br> Texas Bar No. 24011874 <br> Assistant Attorney General <br> scott.smith@oag.texas.gov <br><br> **COUNSEL FOR DEFENDANTS TEXAS FUNERAL SERVICES COMMISSION AND TEXAS FUNERAL SERVICES COMMISSION EXECUTIVE DIRECTOR, IN THE OFFICIAL CAPACITY** |

7

**CERTIFICATE OF SERVICE**

I, **MICHAEL J. CALB**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing has been served to all attorneys of record by the Court's Electronic Case Filing System on November 25, 2025

>  /s/ *Michael J. Calb*
> **MICHAEL J. CALB**
> Assistant Attorney General

**CERTIFICATE OF CONFERENCE**

I, **MICHAEL J. CALB**, Assistant Attorney General of Texas, do hereby certify that on counsel for all parties conferred via email and telephone concerning this motion several times between November 20-24, 2025. Plaintiff's counsel, Eric Hudson, indicated that, while Plaintiff is unopposed to a stay of discovery from Ms. Tips while her assertion of qualified immunity remains pending, Plaintiff is opposed to any stay of discovery from the Agency Defendants.

> /s/ *Michael J. Calb*
> **MICHAEL J. CALB**
> Assistant Attorney General