IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EAST PLANO ISLAMIC CENTER (EPIC), | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:25-cv-1085 |
| TEXAS FUNERAL SERVICES | § | |
| COMMISSION and TEXAS FUNERAL | § | |
| SERVICES COMMISSION EXECUTIVE | § | |
| DIRECTOR in their official capacity, and | § | |
| KRISTIN TIPS, in her individual capacity. | § | |
| *Defendants* | § | |

**TO:** Texas Funeral Services Commission and Texas Funeral Services Commission Executive Directors, by and through their counsel of record, Thomas Bevilacqua, Assistant Attorney General Office of the Attorney General of Texas; P.O. Box 12548, Capitol Station, Austin, Texas 78711-2548; Thomas.Bevilacqua@oag.texas.gov.

Pursuant to Rules 26, 30, 33, 34, and 36 of the Federal Rules of Civil Procedure, and the Local Rules of the United States District Court for the Western District of Texas, Plaintiff East Plano Islamic Center ("EPIC") serves the following discovery requests on Defendants Texas Funeral Service Commission and its Executive Director, in their official capacity (collectively, "Defendants").

Respectfully submitted,

**TERRAZAS PLLC**

1001 S. Capital of Texas Highway, Bldg. L, Suite 250
Austin, Texas 78746
512.680.3257

By: /s/ *Eric A. Hudson*
Eric A. Hudson
State Bar No. 24059977
ehudson@terrazaspllc.com
Benjamin L. Dower
State Bar No. 24082931
bdower@terrazaspllc.com

1

**ATTORNEYS FOR EAST PLANO ISLAMIC CENTER**

**<u>CERTIFICATE OF SERVICE</u>**

  I affirm that I have served these requests on counsel of record via electronic mail pursuant to the Parties' Rule 5 of the Federal Rules of Civil Procedure agreement on service.

        <u>/s/*Eric A. Hudson*     </u>
        Eric A. Hudson

## DEFINITIONS

1. **"Defendants" or "You"** means collectively the Texas Funeral Service Commission ("TFSC") and its Executive Director, in their official capacity, including all current or former commissioners, officers, employees, agents, investigators, staff, counsel, and any other person acting or purporting to act on behalf of or subject to the control of TFSC.

2. **"Plaintiff" or "EPIC"** means East Plano Islamic Center and all of its officers, employees, representatives, and agents.

3. **"Document"** means any written, printed, typed, recorded, photographed, or electronically stored matter of any kind, however produced or reproduced, whether draft or final, original or duplicate. The term includes—without limitation—letters, memoranda, notes, reports, summaries, emails, text messages, instant messages, chat threads, social-media messages or posts, photographs, recordings, spreadsheets, data compilations, PowerPoint presentations, hand-written notes, calendars, and electronically stored information ("ESI") of every kind, including metadata.

4. **"Communication"** means any transmission, exchange, or discussion of information, whether oral or written, by any means, in the course of Commission business or relating to Commission business, including conversation, meeting, letter, facsimile, email, text message, instant message, social-media message, chat application, telephone call, or video conference.

5. **"Identify"** means:

    **(a)** for a **person**, state the individual's full name, present or last-known position and business affiliation, and last-known address and telephone number;

    **(b)** for an **entity**, state its full legal name, form of organization, principal address, and the identity of its principal officers;

    **(c)** for a **document**, state the date, author, all recipients (including those copied or blind copied), general subject matter, and present custodian or location; and

    **(d)** for a **communication**, state the date, participants, mode of communication, and a summary of the subject discussed.

6. **"Relating to," "Referring to," "Concerning," or "Regarding"** means directly or indirectly mentioning, describing, evidencing, reflecting, constituting, containing, summarizing, commenting on, responding to, analyzing, or otherwise having any logical or factual connection with the subject matter.

7. **"Time Period"** means March 1, 2024, through July 31, 2025 (or the filing date of the First Amended Complaint), except that Defendants shall also produce responsive documents created later if they relate to events occurring before July 31, 2025, unless otherwise specified.

8. **"Governor's Office"** means the Office of the Governor of the State of Texas, including Governor Greg Abbott and all employees, agents, or representatives thereof.

9. **"Attorney General's Office"** means the Office of the Texas Attorney General, including Attorney General Ken Paxton and all employees, agents, or representatives thereof.

10. **"RAIR Foundation USA"** means Rise Align Ignite Reclaim Foundation USA and any of its officers, employees, affiliates, or agents, including Amy "Mek" Mekelburg.

11. **"Funeral Industry Entity"** means any private funeral home, cemetery, crematory, funeral-service provider, or trade association representing such entities.

12. **"EPIC City"** means the development project affiliated with East Plano Islamic Center as described in Plaintiff's First Amended Complaint.

13. **"Executive Director"** means the Executive Director of TFSC, including Scott Bingaman and any successor or interim acting in that capacity during the Time Period.

14. **"Commissioner Tips"** or **"Kristin Tips"** means Kristin Tips, Presiding Officer of TFSC, and any staff or assistants acting on her behalf.

15. **"Law Enforcement Agency"** means any federal, state, or local police department, prosecutor's office, district attorney, Texas Rangers, Department of Public Safety, or similar body.

16. **"Media or Advocacy Organization"** includes any private or public media outlet, journalist, blogger, advocacy group, or nonprofit entity engaged in public communications about EPIC or EPIC City.

## INSTRUCTIONS

1. **Governing Rules.** These discovery requests are propounded under Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure. Each term shall be construed to secure the just, speedy, and inexpensive determination of this action under Rule 1 of the Federal Rules of Civil Procedure.

2. **Scope and Timeframe.** Unless otherwise specified, the requests cover the Time Period defined above and include all responsive materials created, received, or maintained during that period, as well as earlier materials that relate to events or communications within that timeframe. These requests do not seek attorney–client communications or work product created after the filing of this lawsuit, except to the extent such materials were communicated to or relied upon by decision-makers other than counsel. Further, Plaintiff does not seek personal identifying information (home addresses, personal phone numbers, or social-security numbers) of private individuals other than as necessary to identify participants in relevant communications.

3. **Continuing Duty.** Each response is continuing. If additional information becomes known or available after initial responses are served, Defendants must promptly supplement under Rule 26(e).

4. **Comprehensiveness.** The singular includes the plural and vice versa; the masculine, feminine, and neutral include each other; "and" and "or" shall be read either conjunctively or disjunctively to require the broadest possible response.

5. **Search Obligation.** Defendants must conduct a diligent, good-faith search of all files, servers, email systems, messaging applications, cloud storage, personal devices used for Commission business, and any other locations reasonably likely to contain responsive material. For purposes of these requests, a reasonable search shall include at least the custodians of the Presiding Officer (Kristin Tips), the Executive Director (Scott Bingaman and any successor), the Commission's General Counsel, and any investigator, staff member, or analogue individual who participated in the EPIC matter.

6. **Form of Production.** Produce documents as kept in the usual course of business or organized and labeled to correspond to each request. ESI must be produced in reasonably usable native or searchable format preserving metadata. Color documents should be produced in color. Attachments must remain linked to their parent emails.

7. **Privilege Claims.** If any document or portion is withheld based on privilege or work-product, state the privilege claimed and provide a privilege log identifying, for each withheld item: (a) date; (b) author(s); (c) recipient(s); (d) general subject matter; and (e) specific privilege asserted. Redactions must be clearly marked and the basis for each redaction stated.

8. **Partial Production.** If only a portion of a document is responsive, produce that portion and state whether non-produced material exists.

9. **No Blanket Objections.** General or boilerplate objections (e.g., "vague," "overbroad," or "unduly burdensome") are improper. Any objection must specify the precise grounds and identify what information is withheld. All non-objected portions must be answered or produced.

10. **Identification of Sources.** If responsive information or documents are not within Defendants' possession but are known to exist elsewhere, identify the source and custodian of such information.

11. **Third-Party Materials.** Defendants must include materials in the possession of their commissioners, employees, agents, attorneys, consultants, or anyone acting on their behalf, whether stored in official or personal accounts or devices.

12. **Meet and Confer.** Any claimed burden, ambiguity, or privilege must be raised promptly so the parties can meet and confer under Local Rule CV-7(i) before resorting to motion practice.

13. **Authenticity.** Production of a document shall be deemed an admission of authenticity for purposes of Rule 901 of the Federal Rules of Evidence unless expressly stated otherwise in writing at the time of production.

14. **Inadvertent Production.** Inadvertent production of privileged or protected material shall not constitute waiver under Rule 502(b) of the Federal Rules of Evidence; such material must be returned or destroyed upon written notice.

15. **Numbering.** Documents produced shall bear unique Bates numbers and be sequentially numbered by producing party.

16. **Interpretation.** These requests are to be interpreted in a reasonable and common-sense manner to effectuate full disclosure of relevant information. No request shall be read in an artificially narrow way to avoid production.

## REQUESTS FOR PRODUCTION

1. All drafts, final versions, and transmittals of the March 26, 2025 cease-and-desist letter issued to EPIC.

2. All documents reflecting who authored, edited, reviewed, or approved the March 26, 2025 cease-and-desist letter.

3. All internal communications, notes, or memoranda discussing the purpose, content, or enforcement of that letter.

4. All documents referring or relating to the decision to issue a criminal referral regarding EPIC or EPIC City.

5. All investigative files, reports, summaries, photographs, recordings, or notes concerning any investigation or inquiry by Defendants into EPIC or EPIC City.

6. All internal communications among commissioners, officers, employees, or counsel referencing EPIC, EPIC City, or Muslim funeral or burial rites.

7. All meeting minutes, notes, agendas, handouts, or recordings from any meeting in which EPIC or EPIC City was discussed.

8. All calendar entries, invitations, or schedules reflecting any meeting, call, or event relating to EPIC or EPIC City.

9. All communications between Defendants and the Office of the Governor of Texas relating to EPIC or EPIC City.

10. All communications between Defendants and the Office of the Attorney General of Texas relating to EPIC or EPIC City.

11. All communications between Defendants and any law-enforcement agency or officer—including the Texas Rangers, Department of Public Safety, or any prosecutor—relating to EPIC or EPIC City.

12. All communications between Defendants and any private funeral home, cemetery, crematory, or funeral-industry association concerning EPIC, EPIC City, or Muslim funeral practices.

13. All communications between Defendants and any media or advocacy organization, including RAIR Foundation USA or its representatives, regarding EPIC, EPIC City, or Islam.

14. All social-media posts, direct messages, or comments authored, shared, or forwarded by any commissioner, officer, or employee concerning EPIC, EPIC City, or Muslim religious practices.

15. All documents, emails, or text messages authored, sent, or received by Commissioner Kristin Tips that mention or relate to EPIC, EPIC City, Islam, Muslims, or Muslim religious practices.

16. All documents, emails, or text messages authored, sent, or received by Executive Director Scott Bingaman that mention or relate to EPIC, EPIC City, Islam, Muslims, or Muslim religious practices.

17. All communications between Commissioner Tips and Executive Director Bingaman from March 1, 2024, to present.

18. All communications between any commissioner or employee of TFSC and any member of the Texas Legislature or legislative staff regarding EPIC or EPIC City.

19. All documents constituting or reflecting complaints, tips, or reports received by Defendants concerning EPIC or EPIC City, including the date, content, and identity of the complainant (if known).

20. All documents reflecting any consideration, discussion, or analysis of EPIC's religious character or Islamic faith as part of the Commission's deliberations or actions.

21. All policies, procedures, training materials, or written guidance relating to application of Chapter 651 of the Texas Occupations Code to religious or nonprofit funeral or burial rites.

22. All legal research, memoranda, or communications reflecting analysis of whether religious organizations may perform funeral or burial rites without licensure.

23. All documents concerning or evidencing any other religious or nonprofit organization investigated, warned, or sanctioned by the Commission for funeral or burial activities from 2019 to present.

24. All documents discussing or evidencing the Commission's historical treatment of religious funeral services, including correspondence with the Islamic Center of Greater Austin or any other religious entity.

25. All documents concerning the Commission's authority, jurisdiction, or enforcement powers under Chapter 651, including drafts or interpretations used in 2024–2025.

26. All training, orientation, or continuing-education materials provided to commissioners, employees, or investigators addressing discrimination, religious accommodation, or bias in enforcement.

27. All documents reflecting internal or external discussions of media coverage, public statements, or press inquiries regarding EPIC, EPIC City, or the March 26, 2025 cease-and-desist order.

28. All drafts, talking points, or communications prepared for public release, press statements, or responses to inquiries about EPIC or EPIC City.

29. All budget, expense, or time-allocation records reflecting Commission resources devoted to investigating or addressing EPIC or EPIC City.

30. All documents or communications reflecting coordination, consultation, or cooperation between Defendants and any other Texas state agency in connection with investigations of EPIC or EPIC City (including TCEQ, Workforce Commission, Securities Board, or any other).

31. All documents that support or relate to any defense, justification, factual contention, or claim of good faith asserted by Defendants in this action.

## REQUESTS FOR INTERROGATORIES

1. Identify every person known to Defendants who participated in, approved, or authorized any investigation, inquiry, or enforcement activity concerning EPIC or EPIC City, stating their title, role, and the nature of their involvement.

2. Identify every person known to Defendants who reviewed, approved, or directed issuance of the March 26, 2025 cease-and-desist letter, and describe the decision-making process, chain of authority, and all communications concerning its approval.

3. Identify all individuals known to Defendants who prepared, drafted, edited, or transmitted the March 26, 2025 cease-and-desist letter and describe the factual materials or information relied upon in drafting it.

4. Describe in detail all facts, evidence, or information that Defendants possessed on or before March 26, 2025, that supported the conclusion that EPIC was operating a funeral establishment or performing funeral services for compensation.

5. Identify every statute, rule, regulation, or legal authority that Defendants contend EPIC violated, and explain how each provision applied to EPIC's conduct.

6. Identify all persons who were consulted, advised, or informed about the investigation or cease-and-desist letter before its issuance, including any commissioners, agency counsel, or external parties.

7. Identify every public official, governmental agency, advocacy group, or private business known to Defendants that communicated with or attempted to influence Defendants regarding EPIC or EPIC City, and describe the content and timing of each communication.

8. Identify all complaints, tips, or reports received about EPIC or EPIC City, including the date received, identity of the complainant (if known), and the action taken in response to each.

9. Identify every meeting, phone call, or electronic communication involving any commissioner or employee of Defendants in which EPIC or EPIC City was discussed, stating the date, participants, and topics.

10. Identify each religious, charitable, or nonprofit organization (other than EPIC) that Defendants have investigated, warned, or sanctioned for funeral or burial-related activities since January 1, 2019, and describe the allegations and outcome for each.

11. Describe in detail the Commission's policies, procedures, or internal guidance—formal or informal—concerning the application of Chapter 651 of the Texas Occupations Code to religious or nonprofit funeral or burial rites.

12. Identify every instance since 2019 in which Defendants declined to act against a religious or nonprofit organization engaged in funeral or burial activities, and state the reasons for declining enforcement.

13. Identify all persons known to Defendants who provided or received legal advice concerning the Commission's jurisdiction or authority over religious funeral or burial rites, and summarize the substance of that advice.

14. State whether Defendants contend that EPIC's funeral and burial practices posed any risk or threat to public health, safety, or consumer protection, and, if so, describe all facts supporting that contention.

15. Identify every communication, document, or discussion reflecting concern or commentary about EPIC's Islamic faith or the religious nature of its activities by any commissioner, employee, agent, or consultant of the Commission.

16. Identify every communication or contact between Commissioner Kristin Tips and Executive Director Scott Bingaman concerning EPIC, EPIC City, or Islam, stating the date, mode, and subject matter of each communication.

17. Identify every instance known to the Defendants in which the Commission or its officers communicated with the Governor's Office, the Office of the Attorney General, or any other state agency about EPIC or EPIC City, including the date, participants, and topics discussed.

18. Describe all steps taken by Defendants to ensure that the Commission's enforcement actions and communications regarding EPIC were neutral as to religion and free from bias or animus.

19. State in detail all facts supporting any defense, justification, or claim of good faith asserted by Defendants in this litigation, including all persons with knowledge and all documents supporting those facts.

## REQUESTS FOR ADMISSIONS

1. Admit that on March 26 2025, the Texas Funeral Service Commission issued a cease-and-desist letter addressed to East Plano Islamic Center ("EPIC").

2. Admit that the cease-and-desist letter was transmitted on Texas Funeral Service Commission letterhead.

3. Admit that the cease-and-desist letter was signed by or issued under the authority of the Commission's Executive Director.

4. Admit that the Commission's investigation of EPIC was initiated after February 1, 2025.

5. Admit that the Commission did not conduct a hearing before issuing the March 26, 2025 cease-and-desist letter.

6. Admit that no employee or investigator of the Commission observed any embalming performed by EPIC.

7. Admit that no employee or investigator of the Commission observed any cremation performed by EPIC.

8. Admit that no employee or investigator of the Commission observed any preparation of a human body for burial performed by EPIC.

9. Admit that East Plano Islamic Center is a nonprofit religious organization.

10. Admit that the Commission has not issued a cease-and-desist letter to any Christian church for conducting funeral or burial rites since January 1, 2019.

11. Admit that the Commission has not issued a cease-and-desist letter to any synagogue for conducting funeral or burial rites since January 1, 2019.

12. Admit that Commissioner Kristin Tips exchanged written communications with Executive Director Scott Bingaman about EPIC before March 26, 2025.

13. Admit that the March 26, 2025 cease-and-desist letter does not refer to public-health concerns.

14. Admit that the March 26, 2025 cease-and-desist letter does not refer to safety concerns.

15. Admit that the March 26, 2025 cease-and-desist letter does not refer to sanitation concerns.

16. Admit that **Exhibit 1**, attached hereto, is a true and correct copy of the March 26, 2025 cease-and-desist letter issued to East Plano Islamic Center.

# EXHIBIT 1

Toll Free: (888) 667-4881
Tel: (512) 936-2474
www.tfsc.texas.gov



Physical Address:
1801 Congress Ave
Suite 11-800
Austin, Texas 78701

# Texas Funeral Service Commission

March 26, 2025

East Plano Islamic Center
4700 14th St.,
Plano, TX 75074

Via Email: funeral.services@epicmasjid.org        Via CM: 9214 8901 9403 8307 0634 96

**Re:   Cease & Desist**

Dear East Plano Islamic Center,

The Texas Funeral Service Commission has determined that you are operating as a funeral home without an establishment license in violation of TEX. OCC. CODE § 651.351.

Effective immediately, you are ordered to cease and desist funeral service operations.

Based in part on this determination, the Texas Funeral Service Commission is also making a criminal referral to the Collin County District Attorney. *See, e.g., id.* § 651.602. Please email my attorney at legal@tfsc.texas.gov with any questions.

Sincerely,

Scott Bingaman
Executive Director
Texas Funeral Service Commission