IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EAST PLANO ISLAMIC CENTER (EPIC), *Plaintiff,* | § § § § | |
| v. | § § | CIVIL ACTION NO. 1:25-CV-1085 |
| TEXAS FUNERAL SERVICES COMMISSION, TEXAS FUNERAL SERVICES COMMISSION EXECUTIVE DIRECTOR, in their official capacity, and KRISTIN TIPS, in her individual capacity, *Defendants.* | § § § § § § § § | |

**PLAINTIFF'S RESPONSE IN PARTIAL OPPOSITION
TO DEFENDANTS' MOTION TO STAY ALL DISCOVERY PENDING RESOLUTION
OF MS. TIPS' MOTION TO DISMISS ASSERTING QUALIFIED IMMUNITY**

Plaintiff East Plano Islamic Center ("EPIC") does not oppose staying any discovery that would impose a litigation burden on Defendant Tips while her qualified-immunity motion is pending. EPIC agrees to stay all written discovery directed to her, abate her initial-disclosure obligations, and stay all depositions. But before Tips appeared, EPIC served written discovery on Defendants Texas Funeral Service Commission ("TFSC") and its Executive Director in their official capacities ("Agency Defendants"). The Agency Defendants have already produced more than 1,000 documents and, as recently as November 25, confirmed they could complete production by December 15, 2025. Tips now seeks to halt even that remaining production, yet offers no evidence—and no plausible rationale—showing how the Agency Defendants finishing their own long-pending responses imposes any burden of suit on her.

Qualified immunity protects an individual-capacity defendant from the burdens of litigation; it does not bar other parties from completing their own discovery obligations when her participation is unnecessary. *Carswell v. Camp*, 54 F.4th 307, 310–14 (5th Cir. 2022). Because Tips

has not shown—through evidence or even meaningful argument—that the Agency Defendants' responses require her involvement or otherwise impose a qualified-immunity burden, the stay should be denied as to the written discovery directed to the Agency Defendants.

## I.    BACKGROUND

EPIC filed this action on July 2, 2025, against the Agency Defendants. Doc. 1-3 at 5. Agency Defendants removed the case shortly thereafter. Dkt. 1. On October 3, 2025, EPIC moved—without opposition—for leave to amend its complaint to add Defendant Kristin Tips in her individual capacity. Doc. 20 at 1. The Court granted the motion three days later, and the amended complaint became the operative pleading. Doc. 21.

Before Defendant Tips appeared, EPIC served requests for production, interrogatories, and requests for admission on Agency Defendants on October 10, 2025. Ex. 1. Counsel engaged in productive discussions, resolving several objections and agreeing to extend Agency Defendants' deadline for written responses from November 10 to December 1. Ex. 2 at 1–3. On November 18, Agency Defendants served their first rolling production of documents. Ex. 3.

During the same period, EPIC served discovery on Defendant Tips, and Agency Defendants served discovery on EPIC. Doc. 30-3; Ex. 6. The parties also reached agreements on scheduling a TFSC corporate-representative deposition for December 17 and jointly sought an extension of expert-designation deadlines (subject to Court approval). Ex. 4 at 1–4. Until Defendant Tips intervened, discovery proceeded in a professional, orderly fashion with counsel cooperating to move the case forward.

On November 20, 2025, Defendant Tips filed a motion to dismiss asserting qualified immunity and notified the parties of her intent to seek a stay of discovery. Doc. 29; Ex. 5.

Following conferences on November 24 and 25, counsel for EPIC and Agency Defendants reached a tentative agreement under which:

1. TFSC would endeavor to serve written responses and complete its document production by December 15, subject to limited rolling production thereafter;

2. EPIC's deadline to respond to TFSC's requests for production would be extended 30 days to January 14; and

3. All other discovery—interrogatories, requests for admission, and all depositions— would be abated until January 30, subject to further extension pending the Court's ruling on Defendant Tips's motion to dismiss.

Ex. 6 at 2. The parties also agreed to abate the previously scheduled December 17 corporate-representative deposition. *Id*. at 3.

All participants understood that the January 30 abatement date might need to be extended and that a reset of Rule 16 deadlines would likely be appropriate. *Id*. But Defendant Tips "still object[ed] to any discovery going forward, even the production agreed on by TFSC and [EPIC] and the potential for ongoing 'rolling production.'" *Id*. at 1. Because of her objection, the agreement collapsed.

On November 28, EPIC filed a motion for leave to file a second amended complaint to cure the pleading deficiencies asserted in Defendant Tips's motion to dismiss. Doc. 31. That motion remains pending.

## II.    STANDARD OF REVIEW

Qualified immunity is a personal defense that shields an individual-capacity defendant from the burdens of litigation only to the extent those burdens fall on the immunity claimant herself. *Carswell v. Camp*, 54 F.4th 307, 310–14 (5th Cir. 2022). It is not a blanket stay of the

entire case. Nor does it insulate co-defendants—particularly official-capacity defendants or state agencies—from fulfilling their own independent discovery obligations.

When a defendant asserts qualified immunity in a Rule 12(b)(6) motion, the district court must resolve that defense before requiring that defendant to participate in discovery. *Id*. at 310. The rule is narrow: discovery may not proceed against the immunity-seeking defendant until the Court determines whether the defense applies. The Fifth Circuit has never held that the assertion of qualified immunity automatically halts discovery directed solely to other parties.

*Carswell* underscores this distinction. The court stayed discovery only because the discovery at issue (depositions of the individual-capacity defendants) would directly impose the "burden of suit" on the officials asserting qualified immunity. *Id*. at 312–14. The opinion repeatedly ties the stay to two circumstances:

1. where discovery is directed to the immunity claimant herself, or

2. where, by practical necessity, the claimant must participate in or supervise the discovery to avoid prejudice. *Id*. at 313.

But Carswell does not prohibit discovery that can be completed without the involvement of the qualified-immunity defendant. Indeed, the Fifth Circuit has emphasized that the stay applies only where public officials asserting qualified immunity would otherwise be forced into litigation activities that the immunity protects them from. *Id*. at 310 (emphasis added). If the discovery does not require their participation, the rationale for a stay disappears.

Thus, to justify halting discovery directed at other defendants, the burden is on the qualified-immunity movant to show—with evidence, not speculation—that the discovery will necessarily require her participation or impose litigation burdens on her. *See id*. at 312–13. Absent such a showing, a stay is inappropriate. The Fifth Circuit has long cautioned that qualified

immunity should not be transformed into a tool for "derail[ing] lawsuits entirely" or preventing non-immunity defendants from complying with ordinary discovery obligations. *Id*. at 313.

Here, the outstanding written discovery predates Tips's involvement, is aimed only at the Agency Defendants, involves TFSC's own documents, and requires no participation by Tips. On these facts, qualified immunity offers no support for a stay.

### III.    ARGUMENTS & AUTHORITIES

EPIC does not oppose a stay of the discovery that would impose a litigation burden on Defendant Tips while her qualified-immunity motion is pending. EPIC agrees that all written discovery directed to Tips, her initial disclosures, and all depositions should be abated until the Court resolves that defense. With that consent, there is no remaining controversy between EPIC and Tips. As to EPIC, her motion to stay is moot.

The dispute now is a different one entirely: whether the Agency Defendants—who are not asserting qualified immunity—may complete their own long-pending and now overdue written discovery. Qualified immunity is an immunity from suit, but it is a personal immunity belonging only to the individual official who invokes it. It does not create a litigation shield for co-defendants, and it does not relieve those co-defendants of their independent obligations under the Federal Rules—obligations they voluntarily accepted and then missed.

*Carswell* makes that distinction clear. When a defendant asserts qualified immunity in a Rule 12(b)(6) motion, the district court may not permit discovery against the immunity-asserting defendant before ruling on the defense. And *Carswell* repeatedly ties any stay to discovery that (1) is directed to the official claiming immunity or (2) would, by practical necessity, force that official or her counsel to participate in discovery aimed at others.

Page 5 of 9

None of that is present here. And critically, neither Defendant submitted a shred of competent evidence showing that TFSC's completion of its own overdue discovery would require Tips's involvement or impose any "burden of suit" on her. The motion is pure attorney argument—unsupported by declaration, record citation, or factual detail. Unsupported assertions do not carry a qualified-immunity movant's burden, particularly where the movant asks the Court to halt discovery not directed to her but to co-defendants who enjoy no immunity at all. Qualified immunity is an individual protection, not a group-rate immunity co-defendants can invoke to avoid answering their own overdue discovery.

EPIC has already agreed to stay every item of discovery directed to Tips. There are no noticed depositions for her. And unlike in *Iqbal*, where discovery aimed at other defendants would have required the qualified-immunity officials to participate to protect their interests, Defendants have offered no evidence—indeed, not even a concrete assertion—that TFSC's rolling production requires Tips's involvement.

The Agency Defendants began collecting documents in October, represented that rolling production would begin well before the deadline, and negotiated an extension to December 1, 2025, to serve written responses and objections. That deadline has now passed. They did not serve responses or objections. Under Rules 33(b)(4) and 34(b)(2), their objections are waived. They have already produced more than 1,000 documents and remain prepared to complete production. Staying discovery now would reward the Agency Defendants for missing their agreed-upon deadline and would revive objections the Rules treat as forfeited.

Defendants offer only a conclusory assertion that discovery to the Agency Defendants is "inextricably intertwined" with discovery to Tips. *Carswell* rejects that kind of *ipse dixit*. In *Carswell*, the Fifth Circuit vacated a scheduling order because it compelled the qualified-immunity

defendants to sit for depositions and participate in discovery while their motion was pending. The problem was direct involvement: double depositions, double exposure, and burdens uniquely tied to the people claiming immunity.

Here, in contrast:

1. EPIC has agreed to stay all discovery directed to Tips.

2. No deposition of Tips is noticed or contemplated.

3. The only outstanding discovery concerns the Agency Defendants' overdue responses using their own records, which they have been collecting and producing for months, prior to Tips' appearance in the case.

On this record, *Carswell* does not help Defendants—it hurts them. It reinforces that the stay protects only the official asserting immunity, not co-defendants seeking to avoid the consequences of missing deadlines. Extending *Carswell* to shut down discovery aimed solely at non-immune parties—after their objections are waived and without any showing that Tips's participation is required—would create a new, unwarranted immunity for agencies and official-capacity defendants that *Carswell* and *Iqbal* foreclose.

A practical point further undercuts Defendants' position. EPIC's pending motion for leave to file a Second Amended Complaint addresses the pleading issues raised in Tips's motion to dismiss without adding new claims. If granted, the amended complaint will supersede the operative pleading and moot Tips's Rule 12 motion—and with it any stay premised on that motion. A stay cannot rest on a motion that no longer exists.

The posture is straightforward. EPIC has afforded Tips the full protection to which she is entitled while her qualified-immunity motion is pending. The Agency Defendants, who have no

immunity, agreed to a December 1 deadline, missed it, and waived their objections. Completing their overdue written discovery imposes no burden on Tips and does not require her participation.

Qualified immunity is not a tool for non-immune defendants to delay discovery, revive waived objections, or obstruct litigation directed at them. The only legally supportable line is the one EPIC proposes: stay discovery as to Tips; require the Agency Defendants to complete the written discovery they already owe.

For these reasons, the Court should deny the stay to the extent it seeks to halt completion of the written discovery directed to the Agency Defendants.

## IV.    PRAYER

For all these reasons, EPIC respectfully asks the Court to deny Defendants' motion to stay only to the extent the requested stay applies to the pending written discovery requests directed to Agency Defendants.

Respectfully submitted,

**TERRAZAS PLLC**

1001 S. Capital of Texas Highway
Bldg. L, Suite 250
Austin, Texas 78746
512.680.3257

By:  /s/ *Eric A. Hudson*
Eric A. Hudson
State Bar No. 24059977
ehudson@terrazaspllc.com
Benjamin L. Dower
State Bar No. 24082931
bdower@terrazaspllc.com

**ATTORNEYS FOR PLAINTIFF**
**EAST PLANO ISLAMIC CENTER**

## CERTIFICATE OF SERVICE

I affirm that I have filed this application through the Western District of Texas's ECF system, serving a copy on all counsel of record in the process.

/s/Eric A. Hudson
Eric A. Hudson