| | |
|---|---|
| **From:** | Briana Webb <Briana.Webb@oag.texas.gov> |
| **Sent:** | Wednesday, November 26, 2025 11:00 AM |
| **To:** | Scott Smith; Eric Hudson; Thomas Bevilacqua; Michael Calb; Benjamin Dower; Deborah Woltersdorf; Clerk Litigation |
| **Cc:** | Sarah Orr; Karla Gutierrez |
| **Subject:** | RE: EPIC v. TFSC | Production of Documents |

Good morning,

Thank you, Scott, for clarifying the stipulation.

Ms. Tips cannot agree to be part of this stipulation as it does not stay all discovery deadlines. Rule 29 does not allow discovery stipulations to interfere with any court-imposed deadlines and as it stands, there are expert deadlines and discovery deadlines between now and March 6 in the court's order. The 12b1/12b6 may very well be pending past those deadlines. We believe a court order is necessary in this situation.

Also, Ms. Tips still objects to any discovery going forward, even the production agreed on by TFSC and Plaintiff, and the potential for ongoing "rolling production," while Ms. Tips' qualified immunity is pending. Thus, Ms. Tips will stand on her motion to stay and the relief requested therein.

**Briana M. Webb**
Division Chief
Law Enforcement Defense Division
P.O. Box 12548
Austin, Texas 78711-2548
T: (512) 463-4151

CONFIDENTIALITY NOTE:  This e-mail message, including any attachment(s), contains information that may be confidential, protected by the attorney-client or other legal privileges, and/or proprietary non-public information. If you are not an intended recipient of this message please notify the sender by replying to this message and then delete it from your system. Use, dissemination, distribution, or reproduction of this message and/or any of its attachments (if any) by unintended recipients is not authorized and may be unlawful.

**From:** Scott Smith <Scott.Smith@oag.texas.gov>
**Sent:** Tuesday, November 25, 2025 6:04 PM
**To:** Eric Hudson <ehudson@terrazaspllc.com>; Thomas Bevilacqua <Thomas.Bevilacqua@oag.texas.gov>; Michael Calb <Michael.Calb@oag.texas.gov>; Benjamin Dower <bdower@terrazaspllc.com>; Briana Webb <Briana.Webb@oag.texas.gov>; Deborah Woltersdorf <Deborah.Woltersdorf@oag.texas.gov>; Clerk Litigation <clerk@terrazaspllc.com>
**Cc:** Sarah Orr <Sarah.Orr@oag.texas.gov>; Karla Gutierrez <Karla.Gutierrez@oag.texas.gov>
**Subject:** Re: EPIC v. TFSC | Production of Documents

One minor edit to my email below:

The first sentence should read: "...the proposed agreement between Plaintiff and TFSC and TFSC ED is as follows:"

Best Regards,



**Scott D. Smith**
*Assistant Attorney General*
*General Litigation Division*

_____

Office of the Attorney General of Texas
P.O. Box 12548
Austin, Texas 78711-2548
**Phone:** 512-917-3132
**Facsimile:** 512-477-2348
**Email:** scott.smith@oag.texas.gov

PRIVILEGED AND CONFIDENTIAL: This communication is intended solely for the use of the individual or entity to which it is addressed, may be confidential and/or privileged pursuant to Government Code sections 552.101, 552.103, 552.107 and 552.111, and should not be disclosed without the express authorization of the Attorney General.  If you have received this e-mail in error, immediately delete same and contact the sender.

---

**From:** Scott Smith <Scott.Smith@oag.texas.gov>
**Sent:** Tuesday, November 25, 2025 5:47 PM
**To:** Eric Hudson <ehudson@terrazaspllc.com>; Thomas Bevilacqua <Thomas.Bevilacqua@oag.texas.gov>; Michael Calb <Michael.Calb@oag.texas.gov>; Benjamin Dower <bdower@terrazaspllc.com>; Briana Webb <Briana.Webb@oag.texas.gov>; Deborah Woltersdorf <Deborah.Woltersdorf@oag.texas.gov>; Clerk Litigation <clerk@terrazaspllc.com>
**Cc:** Sarah Orr <Sarah.Orr@oag.texas.gov>; Karla Gutierrez <Karla.Gutierrez@oag.texas.gov>
**Subject:** Re: EPIC v. TFSC | Production of Documents

All:

I have spoken with Eric and to clarify, the proposed agreement between TFSC and TFSC ED is as follows:

1. TFSC will endeavor to serve our responses and objections to Plaintiff's RFPs and complete our doc production by 12/15/25 (although there may be some rolling production of docs afterwards);
2. Plaintiff's responses and objections to TFSC's RFPs and doc production are extended 30 days until January 14th;
3. Everything else (Rogs, RFAs, and depos) is abated until January 30th—including ALL discovery related to Plaintiff. and subject to further extension—pending the Court's ruling on Tips's MTD.

Eric- As far as Plaintiff's intention to amend its complaint, Thomas and I will consult our client next week and we will inform you of TFSC's official position then.

If I missed anything or misinterpreted the proposed agreement between Plaintiff and the TFSC defendants, please chime in.

I hope everyone has a Happy Thanksgiving.

Best Regards,



**Scott D. Smith**
*Assistant Attorney General*
*General Litigation Division*

_____

Office of the Attorney General of Texas
P.O. Box 12548
Austin, Texas 78711-2548
**Phone:** 512-917-3132
**Facsimile:** 512-477-2348
**Email:** scott.smith@oag.texas.gov

PRIVILEGED AND CONFIDENTIAL: This communication is intended solely for the use of the individual or entity to which it is addressed, may be confidential and/or privileged pursuant to Government Code sections 552.101, 552.103, 552.107 and 552.111, and should not be disclosed without the express authorization of the Attorney General.  If you have received this e-mail in error, immediately delete same and contact the sender.

**From:** Eric Hudson <ehudson@terrazaspllc.com>
**Sent:** Tuesday, November 25, 2025 3:12:06 PM
**To:** Thomas Bevilacqua <Thomas.Bevilacqua@oag.texas.gov>; Michael Calb <Michael.Calb@oag.texas.gov>; Benjamin Dower <bdower@terrazaspllc.com>; Briana Webb <Briana.Webb@oag.texas.gov>; Deborah Woltersdorf <Deborah.Woltersdorf@oag.texas.gov>; Clerk Litigation <clerk@terrazaspllc.com>
**Cc:** Scott Smith <Scott.Smith@oag.texas.gov>; Sarah Orr <Sarah.Orr@oag.texas.gov>
**Subject:** Re: EPIC v. TFSC | Production of Documents

Thomas/Michael, et al.—

Thanks for the follow-up. My understanding from my call with Scott this morning is that TFSC is amenable to completing its document production, provided we agree to abate the balance of written discovery pending resolution of the motion to stay and the 12/17 deposition. I also understand the request is reciprocal, meaning discovery will likewise be abated as to plaintiffs. With that understanding, we are willing to abate discovery as to TFSC and the TFSC ED, move the deposition, and abate all discovery as to plaintiffs, pending resolution of the qualified immunity issue by the district court.

You noted in your email (and Scott mentioned by phone) that TFSC and the ED are amenable to extensions. In light of that, I think it makes sense to stipulate under Rule 29 to an abatement through January 30, with the option to revisit any further extensions as that date approaches. I also recommend that we advise the Court of the parties' stipulation through a joint advisory, given that we are bumping up against several early-January deadlines. Ultimately, I expect we will need a Rule 16 conference so the Court can reset deadlines and ensure adequate preparation time for trial.

As for Mrs. Tips, I'm not clear on what she is seeking at this point. I'll defer to Michael and Bri on whether they intend to push forward on their motion, though—given the foregoing—we do not think further

3

briefing is a wise use of the parties' or the Court's resources. Please let us know how you would like to proceed.

Finally, we intend to amend our complaint. The amendment is prompted by the issues newly raised in Mrs. Tips's Rule 12 motion—issues that could not reasonably have been anticipated before the amendment deadline—and is designed to narrow the dispute and address the specific defenses her motion identifies. Courts routinely grant leave in these circumstances, particularly where, as here, the amendments respond to a later-appearing defendant's arguments and streamline the pleadings without prejudicing any party. *See Mayeux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 427–28 (5th Cir. 2004); *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536–38 (5th Cir. 2003). Please let me know whether you oppose the requested relief so I can accurately report your position to the Court. I'm happy to have a call to discuss—if that would be helpful, please let me know this afternoon so we can schedule something for tomorrow afternoon or Friday morning.

Thanks.

**Eric Hudson**
**Partner**
1001 S. Capital of Texas Hwy, Bldg L, Suite 250
Austin, Texas 78746
ehudson@terrazaspllc.com
512-294-9891





CONFIDENTIALITY NOTICE
This e-mail and any attachments may contain confidential information which is protected by the attorney-client privilege. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any use, disclosure, or taking of any action in reliance on or response to the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this email in error, please promptly notify the sender by reply e-mail, and destroy all copies of the email and attachments.

---

**From:** Thomas Bevilacqua <Thomas.Bevilacqua@oag.texas.gov>
**Sent:** Tuesday, November 25, 2025 11:15 AM
**To:** Eric Hudson <ehudson@terrazaspllc.com>; Michael Calb <Michael.Calb@oag.texas.gov>; Benjamin Dower <bdower@terrazaspllc.com>; Briana Webb <Briana.Webb@oag.texas.gov>; Deborah Woltersdorf <Deborah.Woltersdorf@oag.texas.gov>; Clerk Litigation <clerk@terrazaspllc.com>
**Cc:** Scott Smith <Scott.Smith@oag.texas.gov>; Sarah Orr <Sarah.Orr@oag.texas.gov>
**Subject:** RE: EPIC v. TFSC | Production of Documents

Eric,

Thanks to all for the constructive chat yesterday.

Counsel to TFSC and TFSC Executive Director have reviewed the ample caselaw at the circuit and trial court levels in the Fifth Circuit, and we do believe that there is broad authority supporting a court's staying discovery as to all claims against all defendant parties when one defendant raises a motion to dismiss based on qualified immunity. A stay is particularly indicated in cases like the present one, where distinguishing between discovery materials that are potentially relevant to a defendant's individual versus the defendant's official capacity acts could prove difficult, and where discovery would, if not stayed as to all defendants, have to resume again as to the moving defendant (if its motion to dismiss were not granted) thereby requiring the non-moving party to participate in duplicative discovery.

For these reasons, Defendants TFSC and TFSC Executive Director plan to proceed today with a motion to stay discovery. Notwithstanding that, we'd like to explore if some compromise position might be available in the meantime, along the lines of some avenues foreshadowed during yesterday's call. My clients have already agreed to extend Plaintiff's expert deadline, and they appreciate Plaintiff's earlier agreeing to extending their deadlines for written discovery by three weeks. Further, my clients have already indicated they would be amenable to extensions of the upcoming deadlines for Plaintiff's discovery responses. I am traveling out of state visiting with my immediate family, but Scott is going to reach out to you early today to discuss if any avenue of agreement is possible.

Thank you.


*Thomas Bevilacqua*
Assistant Attorney General
General Litigation Division
Tel. (737) 224-2489
thomas.bevilacqua@oag.texas.gov

**PRIVILEGED AND CONFIDENTIAL: This communication may be confidential and/or privileged pursuant to Government Code Sections 552.101, 552.103, 552.107 and 552.111, and should not be disclosed without the express authorization of the Attorney General.**