**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **EAST PLANO ISLAMIC CENTER (EPIC),** | § § § | |
| *Plaintiff,* | § § | |
| **v.** | § § | **CIVIL ACTION NO. 1:25-CV-1085** |
| | § | |
| **TEXAS FUNERAL SERVICES COMMISSION, TEXAS FUNERAL SERVICES COMMISSION EXECUTIVE DIRECTOR, in their official capacity, and KRISTIN TIPS, in her individual capacity,** | § § § § § § | |
| *Defendants.[1]* | § § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**MOTION FOR EXTESNION (DOC. 35)**

Defendants ask for more time but offer no legitimate basis for it. EPIC provided the proposed amended pleading on November 26, advised that the motion for leave would be filed on November 28, and Defendants confirmed their opposition that same morning. They thus had the proposed pleading in advance and knew exactly what issues required a response yet did nothing for nearly a week. Then—on the eve of their deadline[2] and relying solely on the personal schedule of Tips's second-chair counsel—they sought an extension that sweeps in TFSC without offering any justification for TFSC at all.

---

[1] Defendants fall into two groups: the Agency Defendants (TFSC and its Executive Director in their official capacities) and Defendant Tips in her individual capacity. They are not jointly represented. TFSC and its Executive Director are represented by the General Litigation Division of the Office of the Attorney General, while Tips is represented separately by the Law Enforcement Defense Division. That divide is intentional. Because the defendants' legal interests and defenses diverge, separate divisions represent them to avoid conflicts and ensure each is represented in the capacity in which they are sued.

[2] Defendants state that their response is due December 12, 2025. Not so. *See* Local Rule CV-7(g) (providing a 7-day deadline for case management motions).

The timing is strategic. EPIC's motion for leave, if granted, would supply the allegations Tips claims are missing and **moot both her qualified-immunity motion and Defendants' motion to stay all discovery**. Under Defendants' proposed extension, that motion will not be fully briefed until after the holidays—effectively ensuring the Court cannot reach it until sometime in 2026. In real terms, granting this extension delays the only filing capable of moving the case forward while Defendants insist that no discovery and no proceedings may occur until their QI motion is resolved.

This is not a routine scheduling request. It is an effort to slow the litigation at the precise moment when prompt resolution is most important. The Court should deny the motion.

I.     TFSC DID NOT CONFER; THE CERTIFICATE IS INACCURATE, AND THE DEFECT UNDERSCORES THE PREJUDICE CREATED BY DEFENDANTS' DELAY STRATEGY

Local Rule CV-7(g) requires movants to confer in good faith before filing a nondispositive motion and to certify "the specific reason that no agreement could be made." The obligation is substantive. As Chief Judge Garcia explained in *McCallum v. Camping World*, the Local Rule's good-faith requirement "mandates a genuine attempt to resolve the dispute through non-judicial means," and the conferral requirement "requires two-way communication which is necessary to genuinely discuss any issues and to avoid judicial recourse." 2019 U.S. Dist. LEXIS 232118, at 2 n.1 (W.D. Tex. Dec. 17, 2019). A perfunctory or one-sided inquiry into whether a motion will be opposed does not satisfy the obligation. *Id*. The Court may deny a nondispositive motion for that reason alone. Local Rule CV-7(g).

Tips did not meaningfully confer, and TFSC did not confer at all. *See generally* Ex. 1 at 001-006. As shown in Exhibit 1, immediately after receiving Defendants' joint motion, undersigned counsel reached out to discuss a potential motion to strike for failing to confer.

Defendants responded that nothing in the Local Rules requires each party seeking an extension to confer:

> Defendants agreed to jointly request an extension. My conference email specifically asked your position on "a one-week extension of the deadline for **Defendants'** response to the motion for leave to amend." It was not limited to Ms. Tips' response, and TFSC counsel was copied. Nothing in the local rules requires each defendant in a jointly-filed motion to *separately* confer with plaintiff where they are seeking the same relief. You're free to argue in your opposition that TFSC's deadline shouldn't be extended based on the availability of Ms. Tips' counsel, but that's not grounds to strike.

Ex. 1 at 002.[3]

Indeed, Defendants (presumably based upon their written rationale) filed a certificate asserting that the parties conferred on December 3. Doc. 35 at 3–4. That representation is inaccurate, and Defendants' shifting explanations only underscore the defect. *See* Ex. 1 at 001-002. First, they claimed that a single email from Tips's second-chair counsel constituted a conference. *Id.* Then they suggested that an implicit conferral occurred. *Id.* Then they offered to file an amended certificate. *Id.* But as *McCallum* makes clear, the core problem is not the certificate—it is the undisputed fact that no good-faith, two-way communication ever occurred.

That failure to confer exposes the deeper substantive flaw: the motion contains no factual showing and no evidentiary support that the Agency Defendants have good cause to extend their deadline. TFSC's silence during conferral matches its silence in the motion. Rule 6(b) requires diligence; a party that cannot articulate any justification for relief, and refuses to confer when invited to do so, has not acted diligently. These tactics materially prejudice EPIC and threaten the "just, speedy, and inexpensive determination" the Federal Rules require. For all these reasons, the

---

[3] EPIC does not intend to file a motion to strike in light of Defendants' counsel's recent correspondence. Such a motion would only impose unnecessary burdens on EPIC and, more importantly, on the Court's limited resources. EPIC instead respectfully urges the Court to deny the requested extension based on the reasons asserted in this response.

failure to confer—combined with the absence of any legitimate justification for TFSC's request—defeats any showing of good cause and warrants denial of the motion.

## II.   DEFENDANTS HAVE NOT SHOWN GOOD CAUSE BECAUSE THEY HAVE NOT ACTED DILIGENTLY

Rule 6(b)(1)(A) requires a movant to show "good cause," and that standard turns on diligence. *See Candelaria v. Molina Healthcare, Inc.*, 2019 U.S. Dist. LEXIS 163088, at *24-25 (D.N.M. Sept. 24, 2019) (explaining that Rule 6(b) good cause is not satisfied where the movant "has not been diligent"). The Fifth Circuit has explained that counsel's explanation that he was "busy with other cases and family business is tantamount to an admission of nondiligence." *Ortega v. Young Again Prods.*, 2012 U.S. Dist. LEXIS 104366, at 21 (S.D. Tex. July 25, 2012) (quoting *Everett v. Am. Cent. Gas Co.*, No. 92-8648, 1993 U.S. App. LEXIS 40511, at *7 (5th Cir. 1993) (unpublished)).

The record forecloses any finding of diligence. EPIC provided Defendants with the proposed amended pleading on November 26. *See* Ex. 1. EPIC informed Defendants it would file the motion for leave on November 28. *Id.* On the morning of November 28, Defendants confirmed they opposed the relief. *Id.* EPIC then filed the motion that afternoon. Defendants therefore knew the precise substance of the motion, had the full proposed pleading in hand, and had advance notice of the filing date. Yet they undertook no effort to prepare a response for nearly a week. They did nothing until December 3, when one defendant emailed about an extension.

Moreover, Doc. 35 offers only a single set of excuses, none of which pertain to TFSC. Defendants claim that Tips's second-chair counsel was travelling over the holiday weekend preparing for trial and that another attorney on the Tips team was preparing for an appellate argument. Doc. 35 at 1-2. These reasons say nothing about TFSC's ability to meet its deadline, and TFSC's lead counsel identifies no conflict of any kind. *See generally* Doc. 35.

Courts routinely reject such explanations. In *Ortega v. Young Again Products*, the court held that "an invalid explanation of delay, like no explanation for delay, constitutes lack of diligence as a matter of law," and emphasized that workload-based excuses are admissions of nondiligence. No. H-12-0001, 2012 U.S. Dist. LEXIS 104366, at *17, *21 (S.D. Tex. July 25, 2012). *Candelaria v. Molina Healthcare* reinforces this principle, squarely tying Rule 6(b)'s good-cause standard to the movant's diligence and holding that where a party "has not been diligent," Rule 6(b) is not satisfied. No. 18-725, 2019 U.S. Dist. LEXIS 163088, at *25 (D.N.M. Sept. 24, 2019). The court further explained that simple inadvertence or mistake of counsel does not suffice and that where delay is within a party's reasonable control, good cause is lacking. *Id*. at *15, *25.

Here, Defendants' delay was entirely within their control. They had the proposed pleading on November 26 at two in the afternoon.  Ex. 1 at 004, 008. They stated their opposition on November 28. They've had adequate time to prepare a response. They chose not to act. Such conduct is nondiligent as a matter of law and cannot support Rule 6(b) relief.

III.    **THE EXTENSION WOULD PREJUDICE EPIC AND CONTRIBUTE TO DEFENDANTS' DE FACTO FREEZE OF THIS LITIGATION**

Prejudice under Rule 6(b) includes the concrete harm that results when delay tactics stall case progress, impose unnecessary costs, and undermine the Scheduling Order. Courts deny extensions where delay would force the non-movant to redo work, reorient litigation strategy, or absorb litigation costs that the Federal Rules are designed to avoid. For example, in *Roor International BV v. Stinky's Smoke Shop, LLC*, the court found "significant prejudice" when an extension would require additional discovery, new expert work, and strategic reconfiguration at substantial cost. 2020 U.S. Dist. LEXIS 241364, at *6–7 (E.D. Tex. Dec. 23, 2020). Likewise, in *Staples v. Caremark, L.L.C.*, the Western District of Texas emphasized that delaying deadlines after one party has complied with the Scheduling Order "waste[s] [the non-movant's] considerable

time and expense" and risks rendering the Scheduling Order "meaningless." 2009 U.S. Dist. LEXIS 75219, at *3–4 (W.D. Tex. Aug. 24, 2009).

Although *Roor* and *Staples* involved post-deadline requests, their reasoning applies with equal force here. Rule 6(b)'s "good cause" standard requires diligence for both pre- and post-deadline motions, and courts routinely use the same diligence and prejudice principles in assessing timely requests for extension. *See Candelaria v. Molina Healthcare, Inc.*, 2019 U.S. Dist. LEXIS 163088, at *25 (D.N.M. Sept. 24, 2019) (good cause under Rule 6(b) requires diligence; lack of diligence defeats relief). These cases share a core idea: where a party's delay is within its control and shifts burdens or costs to its opponent, prejudice exists and the extension should be denied.

Those concerns are magnified here. Defendants are pursuing a coordinated strategy to halt this litigation. Tips's motion to dismiss asserts that no proceedings may occur until the Court resolves her qualified-immunity defense. Doc. 29. TFSC's motion to stay similarly seeks to suspend all discovery and proceedings. Doc. 30 at 1. Yet Defendants refuse to confer on a revised Scheduling Order that would pause discovery while preserving workable deadlines. *See* Ex. 1 at 11. The result is an asymmetric freeze in which Defendants insist the case must stop, but only EPIC's deadlines continue to run. That is the very prejudice the Rules are designed to prevent— and, if accepted, would allow Defendants to later claim that EPIC's inability to meet those one-sided deadlines forecloses further case development.

The requested extension is not a benign scheduling adjustment. It is part of the same tactic. By presenting the request as a short seven-day delay and offering EPIC a shifted reply date, Defendants aim to push all meaningful case activity into 2026 while live deadlines continue to apply to EPIC. In context, the request is a calculated effort to buy time and create a *de facto* stay

through serial, incremental delays. Rule 6(b) does not allow parties to achieve indirectly what they have not obtained through a formal order.

The prejudice is immediate and substantial. EPIC's motion for leave, filed November 28, will, if granted, cure the pleading issues raised in Tips's motion to dismiss and moot that motion entirely. Delaying Defendants' response prolongs the uncertainty surrounding the operative complaint and, more importantly, delays resolution of litigation that goes to the heart of EPIC's constitutional rights and its ability to engage in core religious practices. The extension would force EPIC to continue one-sided discovery obligations and to brief a motion that may never need to be decided. As *Staples* makes clear, an extension that compels the non-movant to bear the cost of meeting ongoing deadlines while the movant seeks to delay its own obligations is prejudicial and warrants denial because it wastes the non-movant's effort and renders the Scheduling Order meaningless. 2009 U.S. Dist. LEXIS 75219, at *3–4.

Rule 1 requires the "just, speedy, and inexpensive" determination of every action. Defendants' attempt to engineer a unilateral pause in this litigation—halting discovery, delaying their response to a motion that would resolve the qualified-immunity issues, and pushing all activity into next year—undermines that mandate. The motion should be denied.

## IV. CONCLUSION

Defendants have not shown good cause. TFSC never conferred, and the certificate of conference is inaccurate. Granting more time would only compound the prejudice caused by Defendants' continued attempts to stall this litigation. Therefore, EPIC respectfully requests that the Court deny Defendants' Motion for Extension (Doc. 35).

Respectfully submitted,

**TERRAZAS PLLC**

1001 S. Capital of Texas Highway
Bldg. L, Suite 250
Austin, Texas 78746
512.680.3257

By:  /s/ *Eric A. Hudson*
Eric A. Hudson
State Bar No. 24059977
ehudson@terrazaspllc.com
Benjamin L. Dower
State Bar No. 24082931
bdower@terrazaspllc.com

**ATTORNEYS FOR PLAINTIFF**
**EAST PLANO ISLAMIC CENTER**

## CERTIFICATE OF SERVICE

I affirm that I have filed this application through the Western District of Texas's ECF system, serving a copy on all counsel of record in the process.

/s/Eric A. Hudson
Eric A. Hudson