IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EAST PLANO ISLAMIC CENTER (EPIC), <br>  *Plaintiff,* <br><br> v. <br><br> TEXAS FUNERAL SERVICES COMMISSION, TEXAS FUNERAL SERVICES COMMISSION EXECUTIVE DIRECTOR, in their official capacity, and KRISTIN TIPS, in her individual capacity, <br>  *Defendant.* | § § § § § § § § § § § § § | CIVIL ACTION NO. 1:25-CV-1085 |

## NOTICE OF PLAINTIFF EAST PLANO ISLAMIC CENTER'S EXPERT DISCLOSURES

Pursuant to this Court's scheduling order, Plaintiff East Plano Islamic Center ("EPIC") makes these expert disclosures as required by the Court and Rule 26(a)(2) of the Federal Rules of Civil Procedure. Plaintiff reserves the right to supplement or amend these designations as permitted by the Federal Rules of Civil Procedure or order of the court.

### A. IDENTITY OF RETAINED EXPERTS

EPIC is not designating any affirmative experts at this time. EPIC reserves the right to supplement this notice pursuant to any rule or order of the Court, as necessary or permitted.

### B. IDENTITY OF NON-RETAINED EXPERTS

The following people are not required to provide a written report:

1. **Shaykh Dr. Yasir Qadhi**

Plaintiff identifies Shaykh Dr. Yasir Qadhi as a non-retained expert under Federal Rule of Civil Procedure 26(a)(2)(C). Dr. Qadhi is a renowned Muslim scholar and theologian whose career reflects a lifelong commitment to Islamic scholarship and academic excellence. After completing

1

a degree in chemical engineering at the University of Houston—where his work with the Muslim Students Association and his early khutbahs inspired him to pursue religious study—he spent ten years at the Islamic University of Madinah, earning a diploma in Arabic, a B.A. in Hadith Studies, and an M.A. in Islamic Theology. He later earned a Ph.D. in Religious Studies from Yale University, writing a dissertation on the scholarly contributions of Ibn Taymiyyah. This extensive training underlies his current roles as Dean of The Islamic Seminary of America and resident scholar at the East Plano Islamic Center, following prior service as dean of the Al Maghrib Institute and as a professor of Religious Studies at Rhodes College. Widely regarded as one of the most influential Muslim scholars in the United States, and regularly listed among *The 500 Most Influential Muslims*, he is also the Chairman of the Fiqh Council of North America, where he provides guidance on the application of Islamic jurisprudence in modern contexts.

Based on this background, and his role as EPIC's primary religious authority, Dr. Qadhi will testify regarding the religious significance, centrality, and obligatory nature of Islamic funeral rites; the communal role and historical practice of Janazah services within American Muslim communities; the religious necessity of expeditious burial and of performing Ghusl, kafan, and Salat-ul-Janazah under qualified religious supervision; the non-commercial, religious nature of EPIC's funeral-related activities; and the spiritual and communal harm caused when EPIC is prevented from carrying out these rites in accordance with longstanding Islamic law and tradition. His testimony will draw from his decades of scholarly work, his experience overseeing and performing funeral prayers and rites at EPIC and other institutions, and religious principles.

### 2. Zulfiqar Ishaq

Plaintiff identifies Mr. Zulfiqar Ishaq, a member of the EPIC Funeral Support Services Team and the individual responsible for overseeing EPIC's funeral and Janazah services, as a non-retained expert under Federal Rule of Civil Procedure 26(a)(2)(C). Mr. Ishaq's expected testimony is based on his personal knowledge, professional experience, and direct involvement in EPIC's funeral-service operations. He is not specially employed to provide expert testimony, and his opinions arise from his everyday responsibilities and observations.

Mr. Ishaq has specialized knowledge regarding EPIC's Janazah (Islamic funeral) support services, including the religious, cultural, logistical, and procedural practices associated with providing not-for-profit funeral accommodations to members of the Dallas–Fort Worth Muslim community. In his capacity overseeing EPIC's funeral services, he has personal knowledge of how EPIC fulfills Islamic funeral rites under the religious supervision of EPIC's leadership while complying with all applicable Texas laws governing the handling of human remains.

Mr. Ishaq is expected to offer testimony concerning EPIC's religious-accommodation practices and its funeral-service protocols. He will explain how EPIC collaborates with a licensed funeral establishment to arrange the lawful transportation of the deceased; facilitates the performance of Ghusl (Islamic body washing) and kafan (shrouding) without compensation and in compliance with Texas requirements; provides private viewings for family and community members at the masjid; hosts Salat-ul-Janazah, the Islamic funeral prayer, at the masjid; assists families in coordinating burial arrangements with local cemeteries; offers religious counseling and guidance through EPIC's imams and religious leadership; communicates community notifications regarding funeral prayers and Janazah arrangements; and hosts Azza (condolence gatherings) and facilitates collective Dua (supplications) after prayers.

Mr. Ishaq may also explain the religious significance of these rites, the community-service nature of EPIC's Janazah program, and the steps EPIC takes to ensure both religious fidelity and compliance with Texas law. His testimony will be based on his personal involvement in running EPIC's funeral services and not on any materials prepared for litigation.

3. **Eric Hudson**

Mr. Hudson intends to testify regarding the reasonableness and necessity of the attorneys' fees and expenses incurred by Plaintiffs, based on his experience litigating in the state and federal courts of Texas.

Mr. Hudson is a partner at Terrazas PLLC and a member in good standing of the State Bar of Texas. He has never been the subject of any disciplinary action by the State Bar of Texas or any grievance committee. Mr. Hudson is admitted to practice in all Texas courts; the U.S. District Courts for the Southern, Eastern, Northern, and Western Districts of Texas; all New Mexico courts (inactive status); the U.S. Court of Appeals for the Fifth Circuit; the U.S. Judicial Panel on Multidistrict Litigation; and the Supreme Court of the United States.

Since graduating from Loyola University New Orleans College of Law in 2007, Mr. Hudson has tried dozens of jury and non-jury cases in arbitration tribunals, administrative tribunals, and state and federal courts in every federal district in Texas, as well as in Texas and New Mexico state courts. He has argued more than a dozen appeals before state and federal appellate courts in Texas and Louisiana. Over the course of his 18-year career, Mr. Hudson has focused on complex civil litigation, including class actions, civil rights, voting rights, employment disputes, and a broad range of administrative and constitutional claims in both state and federal forums. He has extensive experience supervising litigation teams and coordinating the professional efforts of attorneys and staff in the prosecution and defense of complex cases.

Based on his experience, Mr. Hudson is familiar with the types of services that are appropriately, reasonably, and necessarily rendered by attorneys and staff in federal civil litigation. He is also familiar with the skill, experience, and expertise required to perform such services; the time and labor typically expended in providing them; and the customary hourly rates charged in Travis County and comparable jurisdictions for similar legal work.

Mr. Hudson will testify regarding reasonable and necessary attorneys' and staff fees and expenses based on his experience and familiarity with customary billing practices and fee awards. His opinions will take into account the amount in controversy, the results obtained, the nature and complexity of the case, the time and labor required, the skill necessary to perform the legal services properly, the nature and duration of the attorney-client relationship, the experience and reputation of counsel and staff performing the services, and the likelihood that additional services will be required in the prosecution of this matter.

In forming his opinions, Mr. Hudson has considered and will continue to consider the following factors:

1. The time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal services properly;
2. The likelihood that acceptance of the representation would preclude other employment or create conflicts with other clients;
3. The fees customarily charged in this locality for similar services;
4. The amount in controversy and the results obtained;
5. Any time limitations imposed by the circumstances;
6. The nature and length of counsel's professional relationship with the client;
7. The experience, reputation, and ability of the lawyers performing the services; and

8. The contingency or certainty of compensation.

These factors are consistent with those articulated in *Arthur Andersen & Co. v. Perry Equipment Corp.*, 945 S.W.2d 812, 818 (Tex. 1997); *Totran Transportation Services, Ltd. v. Fitzley, Inc.*, No. L-08-125, 2010 WL 519765, at *3 (S.D. Tex. Feb. 10, 2010) (mem. op.); and applicable statutes and procedural rules. Mr. Hudson's opinions will be based on the invoices and fee records produced in this case.

A more detailed professional biography is available at [www.terrazaspllc.com/eric-hudson](www.terrazaspllc.com/eric-hudson).

### 4. Benjamin Dower

Mr. Dower intends to testify regarding the reasonableness and necessity of the attorneys' fees and expenses incurred by Plaintiffs, based on his experience litigating in the state and federal courts of Texas.

Mr. Dower is a partner at Terrazas PLLC and a member in good standing of the State Bar of Texas. He has never been the subject of any disciplinary action by the State Bar of Texas or any grievance committee. Mr. Dower is admitted to practice in all Texas courts; the U.S. District Courts for the Southern, Northern, and Western Districts of Texas; and the U.S. Court of Appeals for the Fifth Circuit.

Since graduating from The University of Texas School of Law in 2012, Mr. Dower has tried jury and bench trials in state and federal courts across Texas. He has argued appeals before both state and federal appellate courts. Over the course of his 13-year career as an attorney in the State of Texas, Mr. Dower has focused on complex civil litigation, including civil rights, voting rights, employment disputes, and a broad range of constitutional claims in both state and federal forums. Mr. Dower has experience with high-stakes litigation over wide-ranging issues: from ownership disputes over personal and real property to wrongful death claims, disability

accommodations, university tenure denials, and governmental authority during a global pandemic. During his more than a decade at the Office of the Attorney General of Texas, he served as Deputy Chief of the General Litigation Division and Special Litigation Counsel in the Law Enforcement Defense Division.

Based on his experience, Mr. Dower is familiar with the types of services that are appropriately, reasonably, and necessarily rendered by attorneys and staff in federal civil litigation. He is also familiar with the skill, experience, and expertise required to perform such services; the time and labor typically expended in providing them; and the customary hourly rates charged in Travis County and comparable jurisdictions for similar legal work.

Mr. Dower will testify regarding reasonable and necessary attorneys' and staff fees and expenses based on his experience and familiarity with customary billing practices and fee awards. His opinions will take into account the amount in controversy, the results obtained, the nature and complexity of the case, the time and labor required, the skill necessary to perform the legal services properly, the nature and duration of the attorney-client relationship, the experience and reputation of counsel and staff performing the services, and the likelihood that additional services will be required in the prosecution of this matter.

In forming his opinions, Mr. Dower has considered and will continue to consider the following factors:

1. The time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal services properly;
2. The likelihood that acceptance of the representation would preclude other employment or create conflicts with other clients;
3. The fees customarily charged in this locality for similar services;

4. The amount in controversy and the results obtained;

5. Any time limitations imposed by the circumstances;

6. The nature and length of counsel's professional relationship with the client;

7. The experience, reputation, and ability of the lawyers performing the services; and

8. The contingency or certainty of compensation.

These factors are consistent with those articulated in *Arthur Andersen & Co. v. Perry Equipment Corp.*, 945 S.W.2d 812, 818 (Tex. 1997); *Totran Transportation Services, Ltd. v. Fitzley, Inc.*, No. L-08-125, 2010 WL 519765, at *3 (S.D. Tex. Feb. 10, 2010) (mem. op.); and applicable statutes and procedural rules. Mr. Dower's opinions will be based on the invoices and fee records produced in this case.

A more detailed professional biography is available at https://www.terrazaspllc.com/benjamin-dower .

**Dated:** December 5, 2025.

Respectfully submitted,

**TERRAZAS PLLC**
1001 S. Capital of Texas Hwy
Bldg L, Suite 250
Austin, Texas 78746
(512) 680-3257

*/s/ Eric A. Hudson*
Kevin Terrazas
State Bar No. 24060708
kterrazas@terrazaspllc.com
Eric Hudson
State Bar No. 24059977
ehudson@terrazaspllc.com
Benjamin L. Dower
State Bar No. 24082931
bdower@terrazaspllc.com
***Attorneys for Plaintiff***
***East Plano Islamic Center***

## CERTIFICATE OF SERVICE

I certify that the foregoing was electronically served on any counsel of record in the above-captioned cause on December 5, 2025.

/s/ *Eric A. Hudson*
Eric A. Hudson