IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EAST PLANO ISLAMIC CENTER (EPIC), | § § § | |
| *Plaintiff,* | § § § | |
| v. | § § | Civil Action No. 1:25-cv-1085-DAE |
| TEXAS FUNERAL SERVICE COMMISSION, TEXAS FUNERAL SERVICE COMMISSION EXECUTIVE DIRECTOR IN THEIR OFFICIAL CAPACITY, AND KRISTIN TIPS IN HER INDIVIDUAL CAPACITY, | § § § § § § § § § | |
| *Defendants.* | § § | |

## ANSWER OF DEFENDANTS TEXAS FUNERAL SERVICE COMMISSION AND TEXAS FUNERAL SERVICE COMMISSION EXECUTIVE DIRECTOR TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND REQUEST FOR PERMANENT INJUNCTION

TO THE HONORABLE DAVID A. EZRA:

NOW COME Defendants the Texas Funeral Service Commission ("TFSC") and the TFSC Executive Director in the official capacity ("TFSC Executive Director") to file this Answer to Plaintiff's Second Amended Complaint and Request for Permanent Injunction ("SAC"), in accordance with Federal Rules of Civil Procedure 8 and 15(a)(3), and would respond as follows:

1

Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations[1] in the first paragraph (found on page 1 of the SAC) of the preambular portion of the SAC. To the extent this paragraph contains conclusions of law, said conclusions require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions, contained in the paragraph.

Defendants TFSC and the TFSC Executive Director deny the allegations in the first sentence of the second paragraph of the preambular portion of the SAC (found on page 1 of the SAC) that are directed at them. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of the second paragraph of the preambular portion of the SAC (found on pages 1-2 of the SAC). To the extent this second paragraph contains conclusions of law, said conclusions require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in the paragraph.

Defendants TFSC and the TFSC Executive Director deny the allegations in the third paragraph of the preambular portion of the SAC (found on page 2 of the SAC) that are directed at them. The allegations in that paragraph that are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director (including assertions in the

---

[1] Here and wherever else Defendants indicate throughout this Amended Answer that they presently lack knowledge or information sufficient to form a belief about the truth of an allegation, such representation shall be understood to be a denial of said allegation.

first sentence concerning Commissioner Tips) do not call for an answer on the part of Defendant TFSC or Defendant the TFSC Executive Director (FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations contained in the paragraph. Finally, to the extent the paragraph contains conclusions of law, said conclusions require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all legal conclusions contained in the paragraph.

### PARTIES

1.  Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 of the SAC.

2.  Defendants TFSC and the TFSC Executive Director admit the allegations in paragraph 2 of the SAC only to the extent that Defendants concede that the allegations consist of quotations and summaries of provisions of Chapter 651 of the Texas Occupation Code and provide the address of TFSC's main office. To the extent this second paragraph contains conclusions of law, said conclusions require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in the paragraph.

3.  Defendants TFSC and the TFSC Executive Director admit the allegations in paragraph 3 of the SAC, except that the date of Ms. Haynes's appointment as Interim Executive Director was July 21, 2025.

4.  Defendants TFSC and the TFSC Executive Director admit the allegations in paragraph 4 of the SAC.

## JURISDICTION

5.  Defendants TFSC and the TFSC Executive Director admit the allegation in paragraph 5 of the SAC that this lawsuit involves federal and state law claims regarding a state administrative agency, but they otherwise deny the allegations in paragraph 5, including the legal conclusion that this Court has subject matter jurisdiction over this lawsuit.

6.  Paragraph 6 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions, contained in paragraph 6 of the SAC.

7.  Paragraph 7 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions, contained in paragraph 7 of the SAC.

8.  Paragraph 8 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions, contained in paragraph 8 of the SAC.

9.  Paragraph 9 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive

Director deny all allegations, including the legal conclusions, contained in paragraph 9 of the SAC, except that they admit that the case was removed to federal court.

## VENUE

10. The allegations in paragraph 10 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); moreover, Paragraph 10 consists of legal conclusions that require no answer. Nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in paragraph 10 of the SAC.

## PLAINTIFF'S BACKGROUND

11. Defendants TFSC and the TFSC Executive Director admit the allegations in paragraph 11 of the SAC.

12. Paragraph 12 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions, contained in paragraph 12 of the SAC, except that they admit that Texas Occupations Code §§ 651.251-.267 address license requirements for funeral directors and embalmers, §§ 651.301-.306 address license requirements for provisional license holders, §§ 651.351-.354 address license requirements for funeral and commercial embalmer establishments, and § 651.656 addresses the requirement for the owner or operator of a crematory establishment to hold a crematory license issued by the TFSC. The other statutory references and purported summarizes of cited statutory provisions included in paragraph 12 are underinclusive and/or do not accurately or completely summarize the provisions to which reference is made.

5

13. Defendants TFSC and the TFSC Executive Director admit the allegations in paragraph 13 of the SAC, except that the conclusion contained in the first sentence of paragraph 13 and the examples that follow it are all underinclusive, in the sense that they are not the sole factors relevant for determining the scope of the Commission's authority.

14. Paragraph 14 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions, contained in paragraph 14 of the SAC, except that they admit that Subchapter J of Chapter 651 is captioned as alleged and contains the quoted language, though, here again, the examples Plaintiff provides do not constitute an exhaustive demonstration of the Commision's regulatory authority.

15. Paragraph 15 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions, contained in paragraph 15 of the SAC.

16. Defendants TFSC and the TFSC Executive Director admit that the first sentence of paragraph 16 contains an accurate quotation of Texas Occupations Code § 651.351(a). The second and third narrative sentences of paragraph 16 consist of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all legal conclusions contained in the second and third narrative sentences of paragraph 16 of the SAC. To the extent that the second and third narrative sentences of paragraph 16 of the SAC contain express or implicit factual assertions, Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of such allegations.

17. Defendants TFSC and the TFSC Executive Director admit that paragraph 17 contains several accurate or nearly accurate quotations from a December 9, 1987 letter that appears to have been issued by TFSC to a certain Abdul Wahidi of Cedar Park, Texas and that is attached as Exhibit 2 to Plaintiff's Verified Original Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction filed in this matter in the District Court of Travis County, 250th Judicial District Court on July 2, 2025. Defendants TFSC and the TFSC Executive Director deny the remainder of the allegations in paragraph 17, including any legal conclusions contained therein.

18. Defendants TFSC and the TFSC Executive Director admit that paragraph 18 contains several accurate or nearly accurate quotations from a December 17, 2024 letter that was attached as Exhibit 3 to Plaintiff's Verified Original Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction filed in this matter in the District Court of Travis County, 250th Judicial District Court on July 2, 2025. Defendants TFSC and the TFSC Executive Director deny the remainder of the allegations in paragraph 18, including any legal conclusions contained therein.

19. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 of the SAC.

20. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20 of the SAC.

21. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 of the SAC.

22. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 of the SAC.

23. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23 of the SAC.

24. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 of the SAC.

25. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 of the SAC, except that, on information and belief, they deny the second sentence of paragraph 25.

26. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26 of the SAC.

27. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27 of the SAC.

28. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations contained in the first two sentences of paragraph 28. Defendants TFSC and the TFSC Executive Director deny the remainder of the allegations in paragraph 28 of the SAC, including any legal conclusions contained therein.

29. Defendants TFSC and the TFSC Executive Director admit that paragraph 29 contains accurate quotations from a March 26, 2025 letter that was issued by TFSC's then-Executive Director and which is attached as Exhibit 4 to Plaintiff's Verified Original Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction filed in this matter in the District Court of Travis County, 250th Judicial District Court on July 2, 2025. Defendants TFSC and the TFSC Executive Director deny the remainder of the allegations in paragraph 29 of the SAC, including any legal conclusions and erroneous factual premises contained therein.

30. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30 of the SAC.

31. Defendants TFSC and the TFSC Executive Director admit that the tweet that is presented in excerpted form in paragraph 31 reflects a February 14, 2025 tweet that was posted on the X platform by an individual who refers to herself as Amy Mek. They presently lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 31 of the SAC.

32. The allegations in paragraph 32 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part

(FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32 of the SAC.

33. Defendants TFSC and the TFSC Executive Director admit that the tweet that is presented in excerpted form in paragraph 33 reflects a February 24, 2025 tweet that was posted on the X platform by Texas Governor Abbott. They presently lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 33 of the SAC.

34. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34 of the SAC.

35. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in the first and third sentences of paragraph 35 of the SAC. Defendants TFSC and the TFSC Executive Director deny the allegations in the second sentence of paragraph 35 of the SAC.

36. Defendants TFSC and the TFSC Executive Director admit the allegations in paragraph 36 of the SAC.

37. Defendants TFSC and the TFSC Executive Director admit the allegations in paragraph 37 of the SAC.

38. Defendants TFSC and the TFSC Executive Director admit the allegations in paragraph 38 of the SAC.

39. Defendants TFSC and the TFSC Executive Director admit the allegations in paragraph 39 of the SAC.

40. Defendants TFSC and the TFSC Executive Director admit the allegations in paragraph 40 of the SAC.

41. Defendants TFSC and the TFSC Executive Director admit the allegations in paragraph 41 of the SAC.

42. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in the first and second sentences of paragraph 42 of the SAC. Defendants TFSC and the TFSC Executive Director admit the allegations in the third sentence of paragraph 42 of the SAC, except that they deny the date of the first press release quoted in that sentence (the correct date of which appears to be April 14, 2025).

43. The allegations in paragraph 43 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43 of the SAC.

44. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44 of the SAC.

45. Defendants TFSC and the TFSC Executive Director deny the allegations in the first two sentences of paragraph 45 of the SAC. They presently lack knowledge or information sufficient to form a belief about the truth of the allegations in third and fourth sentences of paragraph 45 of the SAC. They deny the allegations in the fifth and sixth sentences of

paragraph 45 of the SAC, including the implication in the fifth sentence that deriving "profit" is a relevant standard under the applicable regulatory regime.

46. Defendants TFSC and the TFSC Executive Director deny the allegations in paragraph 46 of the SAC.

47. The first and second sentences of paragraph 47 consist of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions, contained in the first and second sentences of paragraph 47 of the SAC. Defendants TFSC and the TFSC Executive Director admit the allegations in the third sentence of paragraph 47 of the SAC. The fourth sentence (beginning "Moreover, nothing in Subchapter K authorizes …") of paragraph 47 of the SAC and all the remaining sentences of that paragraph consist of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in the fourth through the final sentences of paragraph 47 of the SAC.

48. Defendants TFSC and the TFSC Executive Director deny the allegations in paragraph 48 of the SAC.

49. Defendants TFSC and the TFSC Executive Director admit the allegations in paragraph 49 of the SAC.

50. Paragraph 50 consists of conclusions of law, which require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual

premises, contained in paragraph 50 of the SAC, except that they admit that the quoted language can be found in the identified Texas Code sections.

51. The allegations in paragraph 51 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 51 of the SAC.

52. Defendants TFSC and the TFSC Executive Director admit the allegations in the first sentence of paragraph 52 of the SAC. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 52 of the SAC.

53. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 53 of the SAC.

54. The allegations in paragraph 54 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 54 of the SAC.

55. The allegations in paragraph 55 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants

TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 55 of the SAC.

56. The allegations in paragraph 56 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 56 of the SAC.

57. The allegations in paragraph 57 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 57 of the SAC.

58. The allegations in paragraph 58 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 58 of the SAC.

59. The allegations in paragraph 59 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 59 of the SAC,

14

except that Defendants TFSC and TFSC Executive Director admit that the Executive Director signed the C&D Letter, as alleged in the first sentence of paragraph 59 of the SAC.

60. The allegations in paragraph 60 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 60 of the SAC.

61. The allegations in paragraph 61 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 61 of the SAC.

62. The allegations in paragraph 62 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 62 of the SAC.

63. The allegations in paragraph 63 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 63 of the SAC.

64. The allegations in paragraph 64 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 64 of the SAC.

65. The allegations in paragraph 65 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 65 of the SAC.

66. The allegations in the first sentence of paragraph 66 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations contained in the first sentence of paragraph 66 of the SAC. Defendants TFSC and the TFSC Executive Director deny all allegations, including any legal conclusions and erroneous factual premises, contained in the remainder of paragraph 66 of the SAC.

67. The allegations in paragraph 67 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 67 of the SCA.

68. The allegations in paragraph 68 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 68 of the SAC.

69. The allegations in paragraph 69 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including any legal conclusions and erroneous factual premises, contained in paragraph 69 of the SAC.

70. The allegations in paragraph 70 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)) and/or consist of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions, contained in paragraph 70 of the SAC.

## PLAINTIFF'S CAUSES OF ACTION

### Count 1

71. Paragraph 71 does not contain any allegation to which a response is required.

72. Paragraph 72 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions, contained in paragraph 72 of the SAC.

73. Paragraph 73 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in paragraph 73 of the SAC.

74. Paragraph 74 does not contain any allegation to which a response is required; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including any legal conclusions and erroneous factual premises, contained in paragraph 74 of the SAC.

75. The first and fourth sentences of paragraph 75 do not contain any allegation to which a response is required, while the second and third sentences of paragraph 75 consist of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in paragraph 75 of the SAC.

**Count 2**

76. Paragraph 76 does not contain any allegation to which a response is required.

77. Paragraph 77 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions, contained in paragraph 77 of the SAC.

78. The first, fourth, fifth, and sixth sentences of paragraph 78 consist of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the

legal conclusions, contained in the first, fourth, fifth, and sixth sentences of paragraph 78. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 78. Defendants TFSC and the TFSC Executive Director deny the allegations in the third sentence of paragraph 78 of the SAC.

79. Paragraph 79 does not contain any allegation to which a response is required; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including any legal conclusions and erroneous factual premises, contained in paragraph 79 of the SAC.

80. Paragraph 80 does not contain any allegation to which a response is required; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including any legal conclusions and erroneous factual premises, contained in paragraph 80 of the SAC.

**Count 3**

81. Paragraph 81 does not contain any allegation to which a response is required.

82. Paragraph 82 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions, contained in paragraph 82 of the SAC.

83. The first sentence of paragraph 83 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in the first sentence of paragraph 83. The second

19

sentence of paragraph 83 does not contain any allegation to which a response is required; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including any legal conclusions and erroneous factual premises, contained in the second sentence of paragraph 83 of the SAC.

84. Paragraph 84 does not contain any allegation to which a response is required; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including any legal conclusions and erroneous factual premises, contained in paragraph 84 of the SAC.

## Count 4

85. Paragraph 85 does not contain any allegation to which a response is required.

86. Paragraph 86 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions, contained in paragraph 86 of the SAC.

87. Paragraph 87 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions, contained in paragraph 87 of the SAC.

88. Defendants TFSC and the TFSC Executive Director deny the allegations in the first and second sentences of paragraph 88 of the SAC. The second sentence, however, is ambiguous, as it is not clear whether the passage "non-Muslim organizations are permitted to engage in the same activities as EPIC" is meant to be a factual allegation or the articulation of a legal principle. If the latter, the second sentence contains of legal

20

conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in the second sentence of paragraph 88. The third and fourth sentences of paragraph 88 consist of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in the third and fourth sentences of paragraph 88.

89. Paragraph 89 does not contain any allegation to which a response is required; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including any legal conclusions and erroneous factual premises, contained in paragraph 89 of the SAC.

90. Paragraph 90 does not contain any allegation to which a response is required;; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including any legal conclusions and erroneous factual premises, contained in paragraph 90 of the SAC.

**Count 5**

91. Paragraph 91 does not contain any allegation to which a response is required.

92. Paragraph 92 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions, contained in paragraph 92 of the SAC.

93. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 93 of the SAC. The first, third, and fourth sentences of paragraph 93 consist of a blend of factual and legal allegations. The legal allegations in these three sentences of paragrpah 93 require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in these three sentences. More generally, Defendants TFSC and the TFSC Executive Director deny all factual allegations in those three sentences.

94. Paragraph 94 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in paragraph 94 of the SAC.

95. The first, second, and fifth sentences of paragraph 95 consist of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in the first, second, and fifth sentences of paragraph 95. The third and fourth sentences of paragraph 95 do not contain any allegation to which a response is required; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including any legal conclusions and erroneous factual premises, contained in the third and fourth sentences of paragraph 95 of the SAC.

**Count 6**

96. Paragraph 96 does not contain any allegation to which a response is required.

97. The first sentence of paragraph 97 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in the first sentence of paragraph 97 of the SAC. The allegations in the second sentence of paragraph 97 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); that sentence also consists of legal conclusions that require no answer. Nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in the second sentence of paragraph 97 of the SAC.

98. The allegations in paragraph 98 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 98 of the SAC.

99. The first and fifth sentences of paragraph 99 consist of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in the first and fifth sentences of paragraph 99 of the SAC. Defendants TFSC and the TFSC Executive Director deny the allegations in the

second sentence of paragraph 99 of the SAC. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence of paragraph 99 of the SAC. The allegations in the fourth sentence of paragraph 99 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations contained in the fourth sentence of paragraph 99 of the SAC, except that they deny the allegation that the Commission engaged in discriminatory treatment of EPIC.

100.    Paragraph 100 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in paragraph 100 of the SAC.

101.    Paragraph 101 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in paragraph 101 of the SAC.

102.    The allegations in paragraph 102 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director; these allegations thus do not call for an answer on those Defendants' part (FRCP 8(b)(1)(A)). In addition, paragraph 102 consists of legal conclusions that require no answer. Nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations,

including the legal conclusions and erroneous factual premises, contained in paragraph 102 of the SAC.

103. The allegations in paragraph 103 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director; these allegations thus do not call for an answer on those Defendants' part (FRCP 8(b)(1)(A)). In addition, paragraph 103 consists of legal conclusions that require no answer. Nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in paragraph 103 of the SAC.

**Count 7**

104. Paragraph 104 does not contain any allegation to which a response is required.

105. The first three sentences of paragraph 105 (and the accompanying citation to *Larson v. Valente*) consist of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in the first three sentences of paragraph 105 of the SAC. The allegations in the fourth sentence of paragraph 105 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); that sentence also consists of legal conclusions that require no answer. Nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal

25

conclusions and erroneous factual premises, contained in the fourth sentence of paragraph 105 of the SAC.

106. The first sentence of paragraph 106 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in the first sentence of paragraph 106 of the SAC. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 106 of the SAC. Defendants TFSC and the TFSC Executive Director deny the allegations in the third sentence of paragraph 106 of the SAC. The allegations in the fourth sentence of paragraph 106 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including any legal conclusions and erroneous factual premises, contained in the fourth sentence of paragraph 106 of the SAC.

107. The allegations in paragraph 107 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); that paragraph also consists of legal conclusions that require no answer. Nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in paragraph 107 of the SAC.

26

108.    The allegations in paragraph 108 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); that paragraph also consists of legal conclusions that require no answer. Nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in paragraph 108 of the SAC.

109.    The allegations in paragraph 109 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); that paragraph also consists of legal conclusions that require no answer. Nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in paragraph 109 of the SAC.

110.    The allegations in paragraph 110 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); that paragraph also consists of legal conclusions that require no answer. Nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in paragraph 110 of the SAC.

## PLATINIFF'S REQUEST FOR ATTORNEY'S FEES

111.    Paragraph 111 does not contain any allegation to which a response is required; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations contained in paragraph 111 of the SAC and

further deny that they are liable to Plaintiff for any damages or other relief, including attorney's fees.

## PLAINTIFF'S JURY DEMAND

112.    Paragraph 112 does not contain any allegation to which a response is required.

## PLAINTIFF'S REQUEST FOR PERMANENT INJUNCTION

113.    Paragraph 113 does not contain any allegation to which a response is required; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations contained in paragraph 113 of the SAC and further deny that Plaintiff is entitled to permanent injunctive relief.

## PLAINTIFF'S PRAYER

114.    Paragraph 114(a)-(g) does not contain any allegations to which a response is required; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations contained in paragraph 114(a)-(g) of the SAC and further deny that they are liable to Plaintiff for any damages or other relief, including attorney's fees.

## DEFENDANTS TFSC'S AND TFSC EXECUTIVE DIRECTOR'S AFFIRMATIVE DEFENSES

Defendants TFSC and the TFSC Executive Director deny that they engaged in any unlawful conduct or that Plaintiff is entitled to any of the relief it seeks. Defendants TFSC and the TFSC Executive Director assert the following affirmative and other defenses, but do not assume the burden of proof except to the extent required on pure affirmative defenses:

28

1.    Plaintiff's SAC fails, in whole or in part, to state a cause of action against Defendants TFSC and the TFSC Executive Director upon which relief can be granted and should therefore be dismissed.

2.    Defendants TFSC and the TFSC Executive Director assert that any actions taken against Plaintiff were based on legitimate, non-discriminatory, reasons and were taken without discriminatory animus.

3.    Defendants TFSC and the TFSC Executive Director assert that any and all decisions regarding Plaintiff were wholly appropriate under the governing regulatory regime and were taken without regard to Plaintiff's religious faith.

4.    Plaintiff has failed to exhaust administrative remedies.

5.    Defendants TFSC and the TFSC Executive Director assert that Plaintiff's own acts or omissions caused or contributed to Plaintiff's injuries, if any.

6.    Defendants TFSC and the TFSC Executive Director assert that Plaintiff failed to mitigate its damages, if any.

7.    Defendants TFSC and the TFSC Executive Director reserve the right to assert additional defenses reasonably in advance of trial and as they become apparent.

## PRAYER

For the foregoing reasons, Defendants TFSC and the TFSC Executive Director request judgment of the Court declaring that Plaintiff take nothing by this suit, dismissing Plaintiff's suit with prejudice, assessing costs against Plaintiff, and awarding Defendants all further relief that the Court deems just and appropriate.

Dated: January 6, 2026.

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Civil
Litigation

**KIMBERLY GDULA**
Chief, General Litigation Division

*/s/Thomas Bevilacqua*_____
**THOMAS BEVILACQUA**
Attorney-in-Charge
Texas Bar No. 00793342
Assistant Attorney General
Scott D. Smith
Texas Bar No. 24011874
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(737) 224-2489 / Fax (512) 320-0667
thomas.bevilacqua@oag.texas.gov
scott.smith@oag.texas.gov

**ATTORNEYS FOR DEFENDANTS TFSC AND
THE TFSC EXECUTIVE DIRECTOR IN THEIR
OFFICIAL CAPACITY**

30

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document was filed electronically via the Court's CM/ECF system on January 6, 2026, causing electronic service upon all counsel of record.

Eric Hudson                          ***Via E-Service***
Benjamin Dower                       ***Via E-Service***
ARAMBULA | TERRAZAS PLLC
1001 S. Capital of Texas Highway,
Bldg. L, Suite 250
Austin, Texas 78746
Telephone: (512) 680-3257
ehudson@atlawpllc.com
bdower@atlawpllc.com

**ATTORNEYS FOR PLAINTIFF**

*/s/ Thomas Bevilacqua*
Thomas Bevilacqua
Assistant Attorney General

31