# EXHIBIT 1

OCCUPATIONS CODE

TITLE 3. HEALTH PROFESSIONS

SUBTITLE L.  CREMATORY SERVICES, FUNERAL DIRECTING, AND EMBALMING

CHAPTER 651.  CREMATORY SERVICES, FUNERAL DIRECTING, AND EMBALMING

SUBCHAPTER A. GENERAL PROVISIONS

Sec. 651.001.  DEFINITIONS.  In this chapter:

(1)  "Cemetery" means a place that is used or intended to be used for interment, and includes a graveyard, burial park, or mausoleum.

(2)  "Commission" means the Texas Funeral Service Commission.

(3)  "Crematory" means a structure containing a furnace used or intended to be used for the cremation of human remains.

(4)  "Embalmer" means a person licensed under this chapter who for compensation, wholly or partly, disinfects or preserves a dead human body by:

(A)  using chemical substances, fluids, or gases, including by introducing those substances, fluids, or gases into the body by:

(i)  vascular or hypodermic injection;  or

(ii)  direct application into the organs or cavities;  or

(B)  another method intended to disinfect or preserve a dead human body or to restore body tissues and structures.

(5)  "First call" means the beginning of the relationship and duty of a funeral director to take charge of a dead human body and have the body prepared for burial or disposition by embalming, cremation, or another method.  The term does not include an ambulance call if the person dispatching the ambulance does not know whether a dead human body is to be picked up.

(6)  "Funeral director" means a person licensed under this chapter who engages in for compensation, or represents to the public as being engaged in for compensation, the preparation, other than by embalming, of a dead human body for burial or other disposition.

(7)  "Funeral directing" means acts associated with or arranging for the disposition of a dead human body, performed by a person for compensation, from the time of first call until:

(A)  inurnment, interment, or entombment services are complete;  or

(B)  the body is permanently transported out of this state.

(8)  "Funeral establishment" means:

(A)  a place of business used in the care and preparation for burial or transportation of a dead human body;  or

(B)  any other place in which a person engages in, or represents the person to be engaged in, the business of embalming or funeral directing.

(9)  "Funeral merchandise" means merchandise sold primarily for use in:

(A)  a funeral ceremony;

(B)  embalming;  or

(C)  the care and preparation of a dead human body for burial, cremation, or other disposition.

(10)  "Funeral service" means a service performed incident to a funeral ceremony or for the care and preparation of a dead human body for burial, cremation, or other disposition.  The term includes embalming.

(11)  "Mortuary science" means the scientific, professional, and practical aspects, with consideration given to accepted practices, of the care, preparation for burial, or transportation of a dead human body.  The term includes the preservation and sanitation of a dead human body and restorative art.

(12)  "Outer enclosure" means an enclosure or container placed in a grave above or around the casket.  The term includes a burial vault, grave box, or grave liner.

(12-a)  "Perpetual care cemetery" means a cemetery regulated under Chapter 712, Health and Safety Code.

(13)  "Prospective customer" means a consumer who enters a funeral establishment and inquires about a funeral service, cremation, or merchandise.

(14)  "Provisional license holder" means a person who:

(A)  is engaged in learning the practice of funeral directing or embalming under the instruction, direction, and personal supervision of a funeral director or embalmer;  and

(B)  holds a provisional license issued by the commission under this chapter.

(15)  "Purchase agreement" means a written statement that itemizes the cost of funeral services or merchandise selected by a customer from the retail price list.

(16)  "Solicitation" means a direct or indirect contact by a funeral director, embalmer, or employee, agent, or representative of a licensed funeral establishment or any other entity with a person near death

or the family of, next of kin of, or person responsible for making funeral arrangements for a person who is deceased or near death, if the contact is not initiated by the person near death or the family, next of kin, or person responsible for making funeral arrangements and the contact is to secure the right to provide funeral services or merchandise or occurs in a situation that might influence the contacted person to choose a particular funeral establishment.  The term does not include:

(A)  except in the case of contact with a person near death or the person responsible for making funeral arrangements for a person near death, an attempt to secure funeral business under a permit issued under Chapter 154, Finance Code;  or

(B)  any method of advertising by publication or broadcasting.

(17)  "Unit pricing" means a method of pricing that offers a discount to a purchaser who buys various funeral services and merchandise as a package.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Amended by Acts 2001, 77th Leg., ch. 682, Sec. 1.03, eff. Sept. 1, 2001;  Acts 2003, 78th Leg., ch. 562, Sec. 1, eff. Sept. 1, 2003.


Sec. 651.002.  APPLICATION OF SUNSET ACT.  The Texas Funeral Service Commission is subject to Chapter 325, Government Code (Texas Sunset Act). Unless continued in existence as provided by that chapter, the commission is abolished and this chapter expires September 1, 2031.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Amended by Acts 2001, 77th Leg., ch. 682, Sec. 1.04, eff. Sept. 1, 2001;  Acts 2003, 78th Leg., ch. 562, Sec. 2, eff. Sept. 1, 2003.
Amended by:
Acts 2011, 82nd Leg., R.S., Ch. 1232 (S.B. 652), Sec. 4.06, eff. June 17, 2011.
Acts 2019, 86th Leg., R.S., Ch. 124 (H.B. 1540), Sec. 8, eff. September 1, 2019.


Sec. 651.003.  CONSTRUCTION WITH OTHER LAW.  (a)  This chapter does not affect the authority of the Texas Department of Banking to enforce Chapter 154, Finance Code, or to regulate perpetual care cemeteries.
(b)  The authority of the commission under Chapter 154, Finance Code, is limited to:
(1)  imposing an administrative penalty;
(2)  issuing a reprimand;  or

(3)  suspending, revoking, or probating a license issued by the commission.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Amended by Acts 2003, 78th Leg., ch. 562, Sec. 3, eff. Sept. 1, 2003.


Sec. 651.004.  REGULATION OF CREMATORY SERVICES.  (a)  The commission shall regulate crematory services as provided by this chapter and Chapter 716, Health and Safety Code.

(b)  The commission may not regulate crematory services that occur after burial or inurnment unless the services relate to the care and treatment of the remains in an urn, casket, or outer enclosure.

Added by Acts 2003, 78th Leg., ch. 562, Sec. 4, eff. Sept. 1, 2003. Amended by:

Acts 2019, 86th Leg., R.S., Ch. 124 (H.B. 1540), Sec. 9, eff. September 1, 2019.


Sec. 651.005.  REGULATION OF WILLED BODY PROGRAMS, NON-TRANSPLANT ANATOMICAL DONATION ORGANIZATIONS, AND ANATOMICAL FACILITIES.  The commission shall regulate willed body programs, non-transplant anatomical donation organizations, and anatomical facilities as provided by Chapter 691, Health and Safety Code, and in accordance with the powers and duties granted by this chapter to the extent necessary to regulate the programs, organizations, and facilities under that chapter.

Added by Acts 2023, 88th Leg., R.S., Ch. 961 (S.B. 2040), Sec. 1.21, eff. September 1, 2023.


SUBCHAPTER B. TEXAS FUNERAL SERVICE COMMISSION

Sec. 651.051.  COMMISSION MEMBERSHIP.  (a)  The Texas Funeral Service Commission consists of seven members appointed by the governor, with the advice and consent of the senate as follows:

(1)  two members who are licensed as both an embalmer and a funeral director for at least the five years preceding appointment to the commission;

(2)  one member who is a crematory owner or operator; and

(3)  four members who represent the public and who:

(A)  are not regulated under this chapter; and

(B)   have consistently shown an interest in supporting consumer protection.

(b)   Appointments to the commission shall be made without regard to the race, color, disability, sex, religion, age, or national origin of the appointee.

(c)   Each member of the commission must be a United States citizen.

(d)   Before entering on the duties of office, each commissioner shall take and subscribe to the oath of office prescribed for other state officials.  The oath shall be filed in the office of the secretary of state after having been administered under proper authority.

(e)   Each person appointed to the commission shall be furnished with a certificate of appointment by the governor that evidences that the person took the official oath of office.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Amended by Acts 2001, 77th Leg., ch. 682, Sec. 1.05, eff. Sept. 1, 2001.
Amended by:
     Acts 2019, 86th Leg., R.S., Ch. 124 (H.B. 1540), Sec. 10, eff. September 1, 2019.


     Sec. 651.0511.  TRAINING.  (a)  A person who is appointed to and qualifies for office as a member of the commission may not vote, deliberate, or be counted as a member in attendance at a meeting of the commission until the person completes a training program that complies with this section.

(b)   The training program must provide the person with information regarding:

          (1)   the law governing commission operations;

          (2)   the programs, functions, rules, and budget of the commission;

          (3)   the scope of and limitations on the rulemaking authority of the commission;

          (4)   the results of the most recent formal audit of the commission;

          (5)   the requirements of:

               (A)   laws relating to open meetings, public information, administrative procedure, and disclosing conflicts of interest; and

               (B)   other laws applicable to members of a state policymaking body in performing their duties; and

          (6)   any applicable ethics policies adopted by the commission or the Texas Ethics Commission.

(c)  A person appointed to the commission is entitled to reimbursement, as provided by the General Appropriations Act, for the travel expenses incurred in attending the training program regardless of whether the attendance at the program occurs before or after the person qualifies for office.

(d)  The executive director of the commission shall create a training manual that includes the information required by Subsection (b).  The executive director shall distribute a copy of the training manual annually to each member of the commission.  Each member of the commission shall sign and submit to the executive director a statement acknowledging that the member received and has reviewed the training manual.

Added by Acts 2001, 77th Leg., ch. 682, Sec. 1.06, eff. Sept. 1, 2001. Amended by:

Acts 2019, 86th Leg., R.S., Ch. 124 (H.B. 1540), Sec. 11, eff. September 1, 2019.


Sec. 651.052.  ELIGIBILITY OF PUBLIC MEMBERS.  (a)  A person may not be a public member of the commission if the person or the person's spouse:

(1)  is registered, certified, or licensed by a regulatory agency in the funeral service industry;

(2)  is employed by or participates in the management of a business entity or other organization regulated by or receiving money from the commission;

(3)  owns or controls, directly or indirectly, more than a 10 percent interest in a business entity or other organization regulated by or receiving money from the commission;  or

(4)  uses or receives a substantial amount of tangible goods, services, or money from the commission, other than compensation or reimbursement authorized by law for commission membership, attendance, or expenses.

(b)  A public member of the commission may not, except as a consumer:

(1)  have a financial interest in a funeral establishment;  or

(2)  be related to a person within the second degree by affinity or third degree by consanguinity, as determined under Subchapter B, Chapter 573, Government Code, who has a financial interest in a funeral establishment.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Amended by Acts 2001, 77th Leg., ch. 682, Sec. 1.07, eff. Sept. 1, 2001.

Sec. 651.053.  MEMBERSHIP AND EMPLOYEE RESTRICTIONS.  (a)  In this section, "Texas trade association" means a cooperative and voluntarily joined association of business or professional competitors in this state designed to assist its members and its industry or profession in dealing with mutual business or professional problems and in promoting their common interest.

(b)  A person may not be a member of the commission and may not be a commission employee employed in a "bona fide executive, administrative, or professional capacity," as that phrase is used for purposes of establishing an exemption to the overtime provisions of the federal Fair Labor Standards Act of 1938 (29 U.S.C. Section 201 et seq.), and its subsequent amendments, if:

(1)  the person is an officer, employee, or paid consultant of a Texas trade association in the funeral service industry;  or

(2)  the person's spouse is an officer, manager, or paid consultant of a Texas trade association in the funeral service industry.

(c)  A person may not be a member of the commission or act as the general counsel if the person is required to register as a lobbyist under Chapter 305, Government Code, because of the person's activities for compensation on behalf of a profession related to the operation of the commission.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Amended by Acts 2001, 77th Leg., ch. 682, Sec. 1.08, eff. Sept. 1, 2001.


Sec. 651.054.  TERMS;  VACANCY.  (a)  Members of the commission serve staggered six-year terms, with the terms of one-third of the members expiring in each odd-numbered year.

(b)  The governor shall appoint a person to fill a vacancy on the commission to serve for the remainder of the unexpired term.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Amended by Acts 2001, 77th Leg., ch. 1420, Sec. 14.374(a), eff. Sept. 1, 2001.
Amended by:

Acts 2013, 83rd Leg., R.S., Ch. 514 (S.B. 221), Sec. 1, eff. June 14, 2013.


Sec. 651.055.  GROUNDS FOR REMOVAL.  (a)  The governor shall remove from the commission a commissioner whose license to practice funeral directing or embalming has been revoked or suspended.

(b)   The governor may remove a commissioner for neglect of duty, incompetence, or fraudulent or dishonest conduct.

(c)   It is a ground for removal from the commission that a member:

(1)   does not have at the time of appointment the qualifications required by Sections 651.051(a) and (c) and 651.052(a);

(2)   does not maintain during service on the commission the qualifications required by Sections 651.051(a) and (c) and 651.052(a);

(3)   violates a prohibition established by Sections 651.053(a)-(e) or 651.506(h);

(4)   cannot because of illness or disability discharge the member's duties for a substantial part of the term for which the member is appointed;  or

(5)   is absent for more than half of the regularly scheduled commission meetings that the member is eligible to attend during a calendar year unless the absence is excused by majority vote of the commission.

(d)   The validity of an action of the commission is not affected by the fact that it is taken when a ground for removal of a commission member exists.

(e)   If the executive director has knowledge that a potential ground for removal exists, the executive director shall notify the presiding officer of the commission of the ground.  The presiding officer shall then notify the governor that a potential ground for removal exists.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.


Sec. 651.056.  REIMBURSEMENT;  PER DIEM.  (a)  A commissioner shall be reimbursed for necessary travel expenses incurred in performing the business of the commission.

(b)   In addition to reimbursement under Subsection (a), a commissioner shall receive a per diem allowance for each day spent by the commissioner on business of the commission not to exceed 60 days in any calendar year.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.


Sec. 651.057.  OFFICERS.  (a)  The governor shall designate one member of the commission as the presiding officer of the commission to serve in that capacity at the pleasure of the governor.

(b)   After 30 days' written notice is given to the commissioners, the commission shall elect from its public members an assistant presiding officer. The assistant presiding officer serves in that capacity for one year.

(c)  The presiding officer shall preside at all meetings of the commission, unless otherwise ordered, and shall exercise all duties and performances incident to the office of presiding officer.  In the absence of the presiding officer, the assistant presiding officer shall preside.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Amended by Acts 2001, 77th Leg., ch. 1420, Sec. 14.375(a), eff. Sept. 1, 2001;  Acts 2003, 78th Leg., ch. 562, Sec. 5, eff. Sept. 1, 2003.
Amended by:
    Acts 2023, 88th Leg., R.S., Ch. 961 (S.B. 2040), Sec. 1.22, eff. September 1, 2023.


    Sec. 651.058.  OFFICE LOCATION.  The commission's offices are located in Austin, Texas.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.


    Sec. 651.059.  MEETINGS; NOTICE.  (a)  The commission shall meet in regular session in Austin at least once each calendar quarter to transact business.
    (b)  The commission may hold a special meeting or hearing on the call of the presiding officer, assistant presiding officer, or three members. The person calling the special meeting or hearing shall determine the time and place of the meeting or hearing.
    (c)  Notice of the time, place, and purpose of a regular meeting of the commission must be filed with the Texas Register at least seven days before the date of the meeting.  All meetings, including meetings of the committees of the members, are open and public.
    (d)  The commission's duties under Chapter 551, Government Code, include the requirement under Sections 551.021 and 551.022 of that code to prepare and maintain the minutes of each open meeting.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Amended by Acts 2001, 77th Leg., ch. 1420, Sec. 14.376(a), eff. Sept. 1, 2001.


    Sec. 651.060.  LEGAL REPRESENTATION.  (a)  The attorney general shall designate at least one employee of the attorney general's office to advise the commission and to represent the commission in legal proceedings.
    (b)  Repealed by Acts 2013, 83rd Leg., R.S., Ch. 514, Sec. 2, and Ch. 364, Sec. 1, eff. June 14, 2013.

Added by Acts 2001, 77th Leg., ch. 1420, Sec. 14.377(a), eff. Sept. 1, 2001.

Amended by:

　　Acts 2013, 83rd Leg., R.S., Ch. 364 (H.B. 2710), Sec. 1, eff. June 14, 2013.

　　Acts 2013, 83rd Leg., R.S., Ch. 514 (S.B. 221), Sec. 2, eff. June 14, 2013.


SUBCHAPTER C. EXECUTIVE DIRECTOR AND PERSONNEL

Sec. 651.101.  EXECUTIVE DIRECTOR;  BOND.  (a)  The commission shall employ and supervise an executive director to manage the administrative affairs of the commission under this chapter.  The commission shall determine the terms and conditions of the executive director's employment and set the executive director's salary at an amount not to exceed the maximum salary for the position as set in the General Appropriations Act. In the absence of an executive director, the commission may appoint an acting executive director.

(b)  Repealed by Acts 2003, 78th Leg., ch. 285, Sec. 31(38).

(c)  The commission may delegate the commissioners' duties to the executive director.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Amended by Acts 2001, 77th Leg., ch. 1420, Sec. 14.377(b), eff. Sept. 1, 2001;  Acts 2003, 78th Leg., ch. 285, Sec. 31(38), eff. Sept. 1, 2003.


Sec. 651.102.  PERSONNEL.  The commission may employ inspectors and clerical and technical assistants as the commission determines to be necessary to administer this chapter.  The commission shall determine the terms and expenses of its employees.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Amended by Acts 2001, 77th Leg., ch. 1420, Sec. 14.377(c), eff. Sept. 1, 2001.


Sec. 651.103.  INVESTIGATORS.  The commission shall employ one or more persons to investigate complaints received by the commission, including consumer interest complaints.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Amended by Acts 2001, 77th Leg., ch. 1420, Sec. 14.378(a), eff. Sept. 1, 2001.

Sec. 651.104.  DIVISION OF RESPONSIBILITIES.  The commission shall develop and implement policies that clearly separate the policy-making responsibilities of the commission and the management responsibilities of the executive director and staff of the commission.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Amended by Acts 2001, 77th Leg., ch. 682, Sec. 1.09, eff. Sept. 1, 2001.


Sec. 651.105.  QUALIFICATIONS AND STANDARDS OF CONDUCT INFORMATION. The commission shall provide to its members and employees, as often as necessary, information regarding their:

(1)  qualifications for office or employment under this chapter; and

(2)  responsibilities under applicable laws relating to the standards of conduct for state officers or employees.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.


Sec. 651.106.  CAREER LADDER PROGRAM;  PERFORMANCE EVALUATIONS.  (a) The executive director or the executive director's designee shall develop an intra-agency career ladder program.  The program must require intra-agency posting of all nonentry-level positions concurrently with any public posting.

(b)  The executive director or the executive director's designee shall develop a system of annual performance evaluations.  All merit pay for commission employees must be based on the system established under this subsection.

(c)  The programs required under Subsections (a) and (b) must cover an annual period, be updated at least annually, and be filed with the governor.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Amended by Acts 2001, 77th Leg., ch. 1420, Sec. 14.379(a), eff. Sept. 1, 2001.


Sec. 651.107.  EQUAL EMPLOYMENT OPPORTUNITY POLICY;  REPORT.  (a)  The executive director or the executive director's designee shall prepare and maintain a written policy statement that implements a program of equal employment opportunity to ensure that all personnel decisions are made without regard to race, color, disability, sex, religion, age, or national origin.

(b)  The policy statement must include:

(1)  personnel policies, including policies relating to recruitment, evaluation, selection, training, and promotion of personnel, that show the intent of the commission to avoid the unlawful employment practices described by Chapter 21, Labor Code;  and

(2)  an analysis of the extent to which the composition of the commission's personnel is in accordance with federal and state law and a description of reasonable methods to achieve compliance with federal and state law.

(c)  The policy statement must:

(1)  be updated at least annually;

(2)  be reviewed by the state Commission on Human Rights for compliance with Subsection (b)(1); and

(3)  be filed with the governor's office.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Amended by Acts 2001, 77th Leg., ch. 682, Sec. 1.10, eff. Sept. 1, 2001.


SUBCHAPTER D. COMMISSION POWERS AND DUTIES

Sec. 651.151.  GENERAL POWERS AND DUTIES.  (a)  The commission shall establish proficiency, professionalism, ethics, and qualification standards for individuals issued a license under this chapter.

(b)  The commission shall examine each applicant for a funeral director's license, embalmer's license, or provisional license and shall issue the appropriate license to a person who meets the licensing requirements.

(c)  The commission may appoint a committee from its members to consider and make a recommendation on a matter referred to the committee by the commission.

(d)  The commission may appoint advisory committees to perform the advisory functions assigned to the committees by the commission.  An advisory committee appointed under this subsection is subject to Chapter 2110, Government Code.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Amended by Acts 2003, 78th Leg., ch. 562, Sec. 6, eff. Sept. 1, 2003.
Amended by:
Acts 2019, 86th Leg., R.S., Ch. 124 (H.B. 1540), Sec. 12, eff. September 1, 2019.

Case 1:25-cv-01085-DAE    Document 57-1    Filed 05/21/26    Page 14 of 68

Sec. 651.152.  RULES;  PROCEDURES;  FORMS.  The commission shall adopt rules, establish procedures, and prescribe forms necessary to administer and enforce this chapter and Chapters 714 and 715, Health and Safety Code.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Amended by Acts 2003, 78th Leg., ch. 562, Sec. 7, eff. Sept. 1, 2003.


Sec. 651.1525.  EARLY PARTICIPATION IN RULEMAKING PROCESS; GUIDELINES.  (a)  Before publishing a proposed rule for public comment, the commission shall seek advice and opinions from persons who will be most affected by the rule.  At a minimum, those persons must include consumer groups and trade associations that represent persons from each group regulated by the commission, including funeral directors and crematory operators.

(b)  The commission shall develop guidelines to implement this section.  The guidelines must establish a method to determine who will be most affected by a proposed rule.

Added by Acts 2003, 78th Leg., ch. 562, Sec. 8, eff. Sept. 1, 2003. Amended by:

Acts 2019, 86th Leg., R.S., Ch. 124 (H.B. 1540), Sec. 13, eff. September 1, 2019.


Sec. 651.153.  RULES RESTRICTING ADVERTISING OR COMPETITIVE BIDDING. (a)  The commission may not adopt rules restricting advertising or competitive bidding by a person regulated by the commission except to prohibit false, misleading, or deceptive practices by the person.

(b)  The commission may not include in its rules to prohibit false, misleading, or deceptive practices by a person regulated by the commission a rule that:

(1)  restricts the use of any medium for advertising;

(2)  restricts the person's personal appearance or use of the person's voice in an advertisement;

(3)  relates to the size or duration of an advertisement by the person;  or

(4)  restricts the person's advertisement under a trade name.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.


Sec. 651.154.  FEES.

(a)  The commission by rule shall establish fees in amounts reasonable and necessary to cover the costs of administering this chapter.

(b)  Repealed by Acts 2019, 86th Leg., R.S., Ch. 124 (H.B. 1540), Sec. 36(1), eff. September 1, 2019.

(c)  Repealed by Acts 2019, 86th Leg., R.S., Ch. 124 (H.B. 1540), Sec. 36(1), eff. September 1, 2019.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Amended by Acts 2003, 78th Leg., ch. 562, Sec. 9, eff. Sept. 1, 2003.
Amended by:

Acts 2009, 81st Leg., R.S., Ch. 263 (H.B. 1468), Sec. 19, eff. September 1, 2009.

Acts 2019, 86th Leg., R.S., Ch. 124 (H.B. 1540), Sec. 14, eff. September 1, 2019.

Acts 2019, 86th Leg., R.S., Ch. 124 (H.B. 1540), Sec. 36(1), eff. September 1, 2019.


Sec. 651.155.  FEE EXEMPTION FOR MILITARY SERVICE.  (a)  On presentation to the commission of evidence as prescribed by the commission, a license holder or provisional license holder actively engaged in the military service of the United States is exempt from the payment of license fees for the duration of the holder's military service or from the amount of fees and for the time the commission considers advisable.

(b)  The commission may not consider the period of military service in determining whether a funeral director's license or embalmer's license is revoked, suspended, or lapsed.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.


Sec. 651.156.  SUBPOENA.  (a)  The commission may issue a subpoena or subpoena duces tecum.

(b)  The subpoena or subpoena duces tecum must be served by personal service or certified mail, return receipt requested.

(c)  The commission by rule shall establish standards that enable the executive director to issue subpoenas and subpoenas duces tecum in connection with a complaint under investigation by the commission.

(d)  A subpoena or subpoena duces tecum issued under this section is not effective unless it is issued in compliance with:

(1)  state and federal law; and

(2)  commission rules adopted under Subsection (c).

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999. Amended by Acts 2001, 77th Leg., ch. 1420, Sec. 14.380(a), eff. Sept. 1, 2001.

Amended by:

Acts 2009, 81st Leg., R.S., Ch. 263 (H.B. 1468), Sec. 20, eff. September 1, 2009.


Sec. 651.157. INSPECTION OF CREMATORY OR FUNERAL ESTABLISHMENT. (a) Except as provided by Subsection (b), a licensed crematory or funeral establishment shall be inspected at least once every three years by an agent of the commission or by an agent of the state or a political subdivision authorized by the commission to make inspections on its behalf.

(b) If the commission finds a violation of this chapter or of Chapter 193, 361, 711, 714, 715, or 716, Health and Safety Code, the commission shall inspect the crematory or funeral establishment annually until the commission determines that the establishment is free of violations.

(c) A report of each inspection made under this section shall be filed with the commission.

(d) The commission by rule shall establish:

(1) procedures for the inspection of a crematory or funeral establishment required by this section; and

(2) criteria, including consideration of the establishment's inspection and complaint history, regarding when the commission should inspect an establishment based on the risk of a violation at an establishment.

(e) A premises on which funeral directing, interment, cremation, or embalming is practiced shall be open at all times to inspection for any violation of this chapter or of Chapter 193, 361, or 716, Health and Safety Code, by:

(1) an agent of the commission;

(2) an authorized agent of the state; or

(3) an authorized agent of the county or municipality in which the premises is located.

(f) Before a commission agent inspects a crematory or funeral establishment, the agent shall review the inspection reports filed with the commission on the establishment. During the inspection, the agent shall determine whether previously identified problems have been corrected and whether a pattern of violations exists. The commission shall consider the information from the inspection reports in determining whether a penalty should be imposed against an establishment.

Case 1:25-cv-01085-DAE    Document 57-1    Filed 05/21/26    Page 17 of 68

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Amended by Acts 2001, 77th Leg., ch. 682, Sec. 1.11, eff. Sept. 1, 2001;  Acts 2003, 78th Leg., ch. 562, Sec. 10, eff. Sept. 1, 2003.

Amended by:

Acts 2019, 86th Leg., R.S., Ch. 124 (H.B. 1540), Sec. 15, eff. September 1, 2019.

Acts 2019, 86th Leg., R.S., Ch. 124 (H.B. 1540), Sec. 16, eff. September 1, 2019.


Sec. 651.158.  INSPECTION OF CERTAIN FACILITIES.  (a)  The commission may require a funeral establishment that has solid waste disposal and sanitation facilities that have not been inspected by the Texas Department of Health to obtain inspection of those facilities by an entity other than the Texas Department of Health.

(b)  The commission by rule shall establish procedures for an inspection required under this section.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.


Sec. 651.159.  MEMORANDUM OF UNDERSTANDING:  PREPAID FUNERAL SERVICES. (a)  The commission, the Texas Department of Insurance, and the Texas Department of Banking shall adopt a joint memorandum of understanding relating to prepaid funeral services and transactions.  The memorandum must:

(1)  outline the responsibilities of each agency in regulating prepaid funeral services and transactions;

(2)  establish procedures to be used by each agency in:

(A)  referring a complaint to one of the other agencies;

(B)  investigating a complaint;  and

(C)  notifying the other agencies of a complaint or a complaint investigation;

(3)  specify:

(A)  an action the agencies regard as a deceptive trade practice;  and

(B)  the information the agencies provide consumers and when that information is to be provided;  and

(4)  set the administrative penalty each agency imposes for a violation.

(b)  Not later than the last month of each state fiscal year, the commission and the other agencies shall review and update the memorandum of

understanding.

(c)  Each agency by rule shall adopt the memorandum of understanding and any revision to the memorandum.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.


Sec. 651.160.  MEMORANDUM OF UNDERSTANDING:  FUNERAL ESTABLISHMENT REQUIREMENTS.  (a)  The commission and the Texas Department of Health shall adopt a joint memorandum of understanding that:

(1)  outlines the responsibilities of each agency in enforcing requirements under Chapters 193 and 361, Health and Safety Code, that affect funeral establishments;

(2)  establishes procedures by which each agency:

(A)  may refer a complaint to the other;  and

(B)  will notify the other of a violation by a funeral establishment of Chapter 193 or 361, Health and Safety Code;  and

(3)  coordinates inspection and enforcement efforts by both agencies for measures that a funeral establishment is required to implement under Chapters 193 and 361, Health and Safety Code.

(b)  Not later than the last month of each state fiscal year, the commission and the Texas Department of Health shall review and update the memorandum of understanding.

(c)  Each agency by rule shall adopt the memorandum of understanding and any revision to the memorandum.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.


Sec. 651.162.  ANNUAL REPORT.  (a)  The commission shall prepare a written annual report describing the activities of the commission during the preceding fiscal year. The report must include information regarding:

(1)  licensing, inspection, and enforcement activities;

(2)  changes to commission policies; and

(3)  complaint information.

(b)  The commission shall post the report on the commission's Internet website.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Amended by Acts 2001, 77th Leg., ch. 1420, Sec. 14.382(a), eff. Sept. 1, 2001.
Amended by:

Acts 2011, 82nd Leg., R.S., Ch. 1083 (S.B. 1179), Sec. 25(154), eff. June 17, 2011.

Case 1:25-cv-01085-DAE   Document 57-1   Filed 05/21/26   Page 19 of 68

Acts 2013, 83rd Leg., R.S., Ch. 1312 (S.B. 59), Sec. 89, eff. September 1, 2013.

Acts 2019, 86th Leg., R.S., Ch. 124 (H.B. 1540), Sec. 17, eff. September 1, 2020.


Sec. 651.163.  REQUEST FOR ATTORNEY GENERAL'S OPINION.  A request for an opinion under Subchapter C, Chapter 402, Government Code, must be approved by the commissioners.

Added by Acts 2001, 77th Leg., ch. 1420, Sec. 14.383(a), eff. Sept. 1, 2001.


Sec. 651.164.  LICENSE EXPIRATION; TERM.  (a)  A license issued under this chapter, other than a provisional license, is valid for a term of one or two years as provided by commission rule.

(b)  The commission by rule shall adopt a system under which licenses expire on various dates during the year.  For a license that is issued for less than a full term, the commission shall prorate license fees on a monthly basis so that the license holder pays only that portion of the license fee that is allocable to the number of months during which the license is valid.  On renewal of the license on the new expiration date, the total license renewal fee is payable.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Renumbered from Sec. 651.262 and amended by Acts 2001, 77th Leg., ch. 682, Sec. 1.17, eff. Sept. 1, 2001;  Acts 2003, 78th Leg., ch. 562, Sec. 12, eff. Sept. 1, 2003. Amended by:

Acts 2019, 86th Leg., R.S., Ch. 124 (H.B. 1540), Sec. 18, eff. September 1, 2019.


Sec. 651.165.  RENEWAL OR REINSTATEMENT OF LICENSE.  (a)  A person who is otherwise eligible to renew a license may renew an unexpired license by paying the required renewal fee to the commission before the expiration date of the license.  A person whose license has expired may not engage in activities that require a license until the license has been renewed.

(b)  A person whose license has been expired for 90 days or less may renew the license by paying to the commission a renewal fee that is equal to 1-1/2 times the normally required renewal fee.

(c)  A person whose license has been expired for more than 90 days but less than one year may renew the license by paying to the commission a

renewal fee that is equal to two times the normally required renewal fee.

(d)  A person whose license has been expired for one year or more may renew the license by:

(1)  retaking and passing the applicable examination;

(2)  paying any applicable fees, including a renewal fee that is equal to two times the normally required renewal fee; and

(3)  completing any continuing education required under Section 651.266.

(e)  A person who was licensed in this state, moved to another state, and is currently licensed and has been in practice in the other state for the two years preceding the date of application may obtain a new license without reexamination.  The person must pay to the commission a fee that is equal to two times the normally required renewal fee for the license.

(f)  At least 30 days before the expiration of a person's license, the commission shall send written notice of the impending license expiration to the person at the person's last known address according to the records of the commission.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Renumbered from Sec. 651.263 and amended by Acts 2001, 77th Leg., ch. 682, Sec. 1.18, eff. Sept. 1, 2001.
Amended by:
Acts 2009, 81st Leg., R.S., Ch. 263 (H.B. 1468), Sec. 21, eff. September 1, 2009.


Sec. 651.1655.  REINSTATEMENT OF SUSPENDED LICENSE.  A person whose license has been suspended may renew the license by paying to the commission a renewal fee that is equal to two times the normally required renewal fee in addition to any penalty assessed by the commission.

Added by Acts 2009, 81st Leg., R.S., Ch. 263 (H.B. 1468), Sec. 22, eff. September 1, 2009.


Sec. 651.166.  USE OF TECHNOLOGY.  The commission shall develop and implement a policy requiring the executive director and commission employees to research and propose appropriate technological solutions to improve the commission's ability to perform its functions.  The technological solutions must:

(1)  ensure that the public is able to easily find information about the commission on the Internet;

(2)  ensure that persons who want to use the commission's services are able to:

(A)  interact with the commission through the Internet;  and

(B)  access any service that can be provided effectively through the Internet;  and

(3)  be cost-effective and developed through the commission's planning processes.

Added by Acts 2003, 78th Leg., ch. 562, Sec. 13, eff. Sept. 1, 2003.


Sec. 651.167.  NEGOTIATED RULEMAKING AND ALTERNATIVE DISPUTE RESOLUTION PROCEDURES.  (a)  The commission shall develop and implement a policy to encourage the use of:

(1)  negotiated rulemaking procedures under Chapter 2008, Government Code, for the adoption of commission rules;  and

(2)  appropriate alternative dispute resolution procedures under Chapter 2009, Government Code, to assist in the resolution of internal and external disputes under the commission's jurisdiction.

(b)  The commission's procedures relating to alternative dispute resolution must conform, to the extent possible, to any model guidelines issued by the State Office of Administrative Hearings for the use of alternative dispute resolution by state agencies.

(c)  The commission shall designate a trained person to:

(1)  coordinate the implementation of the policy adopted under Subsection (a);

(2)  serve as a resource for any training needed to implement the procedures for negotiated rulemaking or alternative dispute resolution; and

(3)  collect data concerning the effectiveness of those procedures, as implemented by the commission.

Added by Acts 2003, 78th Leg., ch. 562, Sec. 13, eff. Sept. 1, 2003.


SUBCHAPTER E. PUBLIC INTEREST AND COMPLAINT INFORMATION

Sec. 651.201.  PUBLIC INTEREST INFORMATION.  (a)  The commission shall prepare a brochure with information of public interest:

(1)  explaining matters relating to funerals;  and

(2)  describing:

(A)  the functions of the commission;  and

   (B) the commission's procedures for filing and resolving a public complaint.

  (b) The commission shall:

   (1) provide each licensed funeral establishment with the number of brochures the commission considers appropriate;  and

   (2) make the brochure available to the public and appropriate state agencies.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.


  Sec. 651.202.  COMPLAINTS.  (a)  The commission by rule shall establish methods by which consumers and service recipients are notified of the name, mailing address, and telephone number of the commission for the purpose of directing complaints to the commission.  The commission may provide for that notice:

   (1) on each license form, application, or written contract for services of a person regulated under this chapter;

   (2) on a sign prominently displayed in the place of business of each person regulated under this chapter;  or

   (3) in a bill for service provided by a person regulated under this chapter.

  (b)  The commission shall adopt rules concerning a complaint filed under this section.  The rules adopted under this subsection must:

   (1) establish procedures regarding the receipt, investigation, and disposition of complaints;

   (2) allow for an informal hearing process;

   (3) establish a formal hearing process;

   (4) ensure that the person who filed the complaint has an opportunity to explain the allegations made in the complaint;

   (5) ensure that the license holder who is the subject of the complaint has an opportunity to be heard regarding the complaint;  and

   (6) establish procedures by which a commission employee may dismiss a complaint, subject to approval by the executive director or the executive director's designee, if the investigation does not reveal a violation.

  (c) The commission shall investigate each complaint received by the commission relating to a funeral director, embalmer, provisional license holder, funeral establishment, or other person licensed or registered under this chapter.

  (d) The commission shall provide to the person filing the complaint and to each person who is a subject of the complaint a copy of the

commission's policies and procedures relating to complaint investigation and resolution, including an explanation of the remedies that are available to the person under this chapter and information about other appropriate state or local agencies or officials with which the person may file a complaint.

(e)  The commission, at least quarterly until final disposition of the complaint, shall notify the person filing the complaint and each person who is a subject of the complaint of the status of the investigation unless the notice would jeopardize an undercover investigation.

(f)  The person who filed the complaint is entitled to attend any proceeding resulting from the complaint.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Amended by Acts 2001, 77th Leg., ch. 682, Sec. 1.13, eff. Sept. 1, 2001;  Acts 2003, 78th Leg., ch. 562, Sec. 14, eff. Sept. 1, 2003.


Sec. 651.203.  RECORD OF COMPLAINTS.  (a)  The commission shall maintain a file on each written complaint filed with the commission. The file must include:

(1)  the subject matter of the complaint;

(2)  the date the complaint is received by the commission;

(3)  the name of the person who filed the complaint;

(4)  the name of each person contacted in relation to the complaint;

(5)  a summary of the results of the review or investigation of the complaint;  and

(6)  an explanation of the reason the file was closed, if the commission closed the file without taking action other than to investigate the complaint.

(b)  Repealed by Acts 2019, 86th Leg., R.S., Ch. 124 (H.B. 1540), Sec. 36(3), eff. September 1, 2019.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Amended by Acts 2001, 77th Leg., ch. 682, Sec. 1.14, eff. Sept. 1, 2001;  Acts 2001, 77th Leg., ch. 1420, Sec. 14.378(b), eff. Sept. 1, 2001.
Amended by:

Acts 2019, 86th Leg., R.S., Ch. 124 (H.B. 1540), Sec. 36(3), eff. September 1, 2019.


Sec. 651.2035.  CONFIDENTIALITY OF COMPLAINT INFORMATION.  (a)  Except as provided by Subsection (b), a complaint and investigation and all

information and materials compiled by the commission in connection with the complaint and investigation are not subject to:

       (1)  disclosure under Chapter 552, Government Code; or

       (2)  disclosure, discovery, subpoena, or other means of legal compulsion for release of information to any person.

    (b)  A complaint or investigation subject to Subsection (a) and all information and materials compiled by the commission in connection with the complaint may be disclosed to:

       (1)  the commission and commission employees or agents involved in license holder discipline;

       (2)  a party to a disciplinary action against the license holder or that party's designated representative;

       (3)  a law enforcement agency; or

       (4)  a governmental agency, if the disclosure is required or permitted by law.

    (c)  The commission is not required under Subsection (b) to release the identity of a complainant who will not testify at the hearing.

    (d)  Notwithstanding Subsection (a), on the dismissal or final resolution of a complaint or investigation, a final order of the commission is subject to disclosure under Chapter 552, Government Code.

Added by Acts 2019, 86th Leg., R.S., Ch. 124 (H.B. 1540), Sec. 19, eff. September 1, 2019.


    Sec. 651.204.  PUBLIC PARTICIPATION.  (a)  The commission shall develop and implement policies that provide the public with a reasonable opportunity to appear before the commission and to speak on any issue under the commission's jurisdiction.

    (b)  The commission shall prepare and maintain a written plan that describes how a person who does not speak English or who has a physical, mental, or developmental disability may be provided reasonable access to the commission's programs.

    (c)  A member of the public is not required to provide notice to the commission before appearing and speaking before the commission.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Amended by Acts 2001, 77th Leg., ch. 1420, Sec. 14.376(b), eff. Sept. 1, 2001.


    SUBCHAPTER F. LICENSE REQUIREMENTS:  FUNERAL DIRECTORS AND EMBALMERS

Sec. 651.251.  LICENSE REQUIRED.  (a)  Funeral directing may be performed only by a funeral director or a provisional license holder or qualified mortuary student under the supervision and direction of a funeral director.  A person may not engage or profess to be engaged in the business of funeral directing or hold the person out to the public as a funeral director unless the person is licensed as a funeral director.

(b)  Embalming may be performed only by an embalmer or a provisional license holder or qualified mortuary student under the supervision and direction of an embalmer.  A person may not engage or profess to be engaged in the business of embalming or hold the person out to the public as an embalmer unless the person is licensed as an embalmer.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.


Sec. 651.252.  LICENSE APPLICATION.  (a)  An applicant for a funeral director's license or an embalmer's license must submit a written license application to the commission and pay the application fee.

(b)  The commission may require an applicant to appear before at least one member of the commission for approval of the person's application.  The approval is subject to review by the entire commission.

(c)  The commission shall keep a permanent, alphabetical record of each license application and the action taken on the application.  The record must indicate the current status of each application and license issued.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.


Sec. 651.253.  GENERAL LICENSE REQUIREMENTS.  (a)  To be eligible for a funeral director's license or an embalmer's license, an applicant must:

(1)  be at least 18 years of age;

(2)  have graduated from an accredited high school or passed an examination prescribed by the Texas Education Agency;

(3)  have graduated from an accredited school or college of mortuary science;

(4)  unless the applicant holds a reciprocal license, have completed the requirements of the provisional license program; and

(5)  have successfully completed the applicable written examination described by Section 651.255 or 651.256.

(b)  An applicant for a funeral director's license or an embalmer's license may not be considered for that license until the applicant:

Case 1:25-cv-01085-DAE Document 57-1 Filed 05/21/26 Page 26 of 68

        (1)  completes all of the requirements of the provisional license
program;  and

        (2)  attains a grade of at least 75 percent on the written
examination given by the commission.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.
Amended by:
    Acts 2015, 84th Leg., R.S., Ch. 50 (H.B. 1219), Sec. 1, eff. September
1, 2015.


    Sec. 651.254.  LICENSE EXAMINATIONS;  RESULTS.  (a)  The examinations
for a funeral director's license and an embalmer's license shall be held at
least annually.  The examinations shall be given at the time and place
designated by the commission.  The commission shall give notice of the
examinations.
    (b)  Not later than the 30th day after the date a person takes a
licensing examination under this chapter, the commission shall notify the
person of the results of the examination.
    (c)  If the examination is graded or reviewed by a testing service:
        (1)  the commission shall notify the person of the results of the
examination not later than the 14th day after the date the commission
receives the results from the testing service;  and
        (2)  if notice of the examination results will be delayed for
longer than 90 days after the examination date, the commission shall notify
the person of the reason for the delay before the 90th day.
    (d)  The commission may require a testing service to notify a person
of the results of the person's examination.
    (e)  If requested in writing by a person who fails a licensing
examination administered under this chapter, the commission shall furnish
the person with an analysis of the person's performance on the examination.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Amended by Acts
2001, 77th Leg., ch. 682, Sec. 1.15, eff. Sept. 1, 2001.


    Sec. 651.255.  EXAMINATIONS REQUIRED FOR FUNERAL DIRECTOR'S LICENSE.
The commission shall administer or arrange for the administration of:
        (1)  a written professionally prepared examination on:
            (A)  the art and technique of funeral directing;
            (B)  the signs of death;
            (C)  the manner by which death may be determined;
            (D)  sanitation and hygiene;

Case 1:25-cv-01085-DAE   Document 57-1   Filed 05/21/26   Page 27 of 68

        (E)   mortuary management and mortuary law;

        (F)   business and professional ethics;  and

        (G)   other subjects that may be taught in a recognized school or college of mortuary science;  and

     (2)   a written examination developed by the commission or developed for the commission by contract on:

        (A)   laws applicable to vital statistics pertaining to dead human bodies;  and

        (B)   local and state rules and laws relating to the preparation, transportation, care, and disposition of dead human bodies.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.


    Sec. 651.256.  EXAMINATIONS REQUIRED FOR EMBALMER'S LICENSE.  The commission shall administer or arrange for the administration of:

     (1)   a written professionally prepared examination on:

        (A)   the anatomy of the human body, including:

           (i)  the cavities of the human body;  and

           (ii)  the arterial and venous system of the human body;

        (B)   blood and discoloration;

        (C)   bacteriology and hygiene;

        (D)   pathology;

        (E)   chemistry and embalming;

        (F)   arterial and cavity embalming;

        (G)   restorative art;

        (H)   disinfecting;

        (I)   embalming special cases;

        (J)   contagious and infectious diseases;

        (K)   mortuary management;

        (L)   care, preservation, transportation, and disposition of dead human bodies;

        (M)   sanitary science;  and

        (N)   other subjects that may be taught in a recognized school or college of mortuary science;  and

     (2)   a written examination developed by the commission or developed for the commission by contract on:

        (A)   laws applicable to vital statistics pertaining to dead human bodies;  and

        (B)   local and state rules and laws relating to the care and disposition of dead human bodies.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.


Sec. 651.257. FOREIGN STUDENTS; CERTIFICATE OF MERIT. (a) A citizen of a country other than the United States who has completed a full course of mortuary science at a commission-approved college in this state may take the commission examination in embalming, funeral directing, or both after:

(1) applying to the commission; and

(2) paying the examination fee required of other applicants.

(b) The commission may award the applicant a certificate of merit if the applicant successfully makes the minimum grades required of other applicants. The certificate of merit does not authorize the holder of the certificate to practice embalming or funeral directing in this state unless the holder is otherwise licensed as an embalmer or funeral director under this chapter.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.


Sec. 651.258. LICENSE ISSUANCE. On issuance of a funeral director's license or an embalmer's license under this chapter, a majority of the commission members shall sign the license. The license authorizes the license holder to practice embalming, funeral directing, or both.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.


Sec. 651.259. APPLICATION BY OUT-OF-STATE LICENSE HOLDER. (a) The commission shall waive any requirement for a funeral director's license or an embalmer's license for an applicant who holds a license issued by another state, country, or territory that has license requirements substantially equivalent to the requirements of this state and who meets the requirements of this section. The commission may waive any license requirement for an applicant who holds a license issued by another state that does not have license requirements substantially equivalent to those of this state and who meets the requirements of this section. The applicant shall pay a license fee in an amount set by the commission.

(b) Any applicant for a license under this section shall file a sworn application that includes:

(1) a statement that:

(A) the applicant is the person to whom the license was issued;

(B)  no proceeding has been instituted against the applicant for the cancellation, suspension, or revocation of the license in the state, country, or territory that issued the license;  and

(C)  no prosecution is pending against the applicant in a state or federal court for an offense that, under the laws of this state, is a felony, or is a misdemeanor related to the practice of embalming or funeral directing;  and

(2)  an affidavit of a person described by Subsection (c) verifying that:

(A)  the accompanying license has not been canceled, suspended, or revoked;  and

(B)  the statement of the qualifications made in the application for licensure in this state is correct.

(c)  The affidavit must be made by:

(1)  the presiding officer or secretary of the governmental entity that issued the license;  or

(2)  a registration officer of the state, country, or territory that issued the license.

(d)  The applicant must affirm in the statement that the license under which the applicant practiced as a funeral director or embalmer in the state, country, or territory from which the applicant moved was, at the time the applicant left, in effect.

(e)  The commission shall conduct a criminal background check on each applicant.

(f)  An applicant for a license under this section must:

(1)  provide proof that:

(A)  the license is in good standing;

(B)  the applicant has practiced under the license for at least:

(i)  one year in the state that issued the license if that state has license requirements substantially equivalent to those of this state;  or

(ii)  five years in the state that issued the license if that state does not have license requirements substantially equivalent to those of this state;  and

(C)  the applicant has graduated from an accredited college of mortuary science;  and

(2)  pass a written examination of not more than 50 questions on applicable state laws and commission rules.

(g)  The commission shall conduct the examination under Subsection (f) (2) at each regularly scheduled meeting of the commission.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Amended by Acts 2001, 77th Leg., ch. 1420, Sec. 14.384(a), eff. Sept. 1, 2001.
Amended by:
       Acts 2019, 86th Leg., R.S., Ch. 124 (H.B. 1540), Sec. 20, eff. September 1, 2019.


       Sec. 651.260.  DUPLICATE LICENSE.  (a)  A license holder may apply to the commission for a duplicate license:
              (1)  if a license issued under this chapter is lost or destroyed; or
              (2)  as needed to comply with Section 651.261.
       (b)  The license holder must submit the application on a form prescribed by the commission and must submit with the application an affidavit verifying:
              (1)  for an applicant under Subsection (a)(1), the loss or destruction of the license;
              (2)  that the license holder is the person to whom the license was issued; and
              (3)  for an applicant under Subsection (a)(1), any other information concerning the loss or destruction of the license the commission requires.
       (c)  The commission shall issue a duplicate license after receipt of the information and payment of the fee set by the commission for the duplicate license.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.
Amended by:
       Acts 2019, 86th Leg., R.S., Ch. 124 (H.B. 1540), Sec. 21, eff. September 1, 2019.


       Sec. 651.261.  POSTING OF LICENSE.  A license holder shall conspicuously display the holder's license in each place of business at which the license holder practices.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Amended by Acts 2003, 78th Leg., ch. 562, Sec. 16, eff. Sept. 1, 2003.

Sec. 651.264.  RENEWAL OF EXPIRED LICENSE BY OUT-OF-STATE PRACTITIONER.  (a)  The commission may renew without reexamination an expired license of a person who was licensed in this state, moved to another state, and is licensed and has been in practice in the other state for the two years before the person applied for a renewal license.

(b)  The person must pay to the commission a fee equal to the renewal fee for the license.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.


Sec. 651.265.  RENEWAL FOR CERTAIN RETIRED APPLICANTS;  INACTIVE STATUS.  (a)  A license holder who is at least 65 years of age or who has a disability of 75 percent or greater at the time an application for renewal is submitted may apply for renewal of the license in the category of retired, inactive status, or the category of retired, active status.

(b)  On application, the commission may renew the license of a retired license holder who does not provide funeral or embalming services in the category of retired, inactive status.  The commission may not charge a fee for the renewal of a license for retired, inactive status.

(c)  On application, the commission may renew in the category of retired, active status, the license of a retired license holder who participates in any manner, nominal or otherwise, in the provision of funeral or embalming services.  The commission shall charge a fee equal to one-half of the amount of the license renewal fee charged other active license holders.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.


Sec. 651.266.  CONTINUING EDUCATION.  The commission by rule may require continuing education as a condition for license renewal except for a license holder described by Section 651.155 or an applicant for renewal described by Section 651.265.  If the commission requires continuing education, the commission shall require completion of a minimum number of hours of ethics training as a required part of that education.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Amended by Acts 2001, 77th Leg., ch. 682, Sec. 1.19, eff. Sept. 1, 2001.


Sec. 651.267.  REISSUANCE OF REVOKED LICENSE.  (a)  On application, the commission may reissue a license issued under this subchapter to a

person whose license has been revoked.  An application to reissue a license may not be made before the third anniversary of the date of the revocation.

    (b)  The application shall be made in the manner and form required by the commission.

    (c)  A hearing to determine whether to reissue a license shall be held before the commission unless the commission requires the hearing to be held before a hearings officer.

    (d)  A license that has been revoked may be reinstated only after the applicant:

        (1)  retakes and passes the applicable examination;

        (2)  pays a fee that is equal to two times the normally required renewal fee; and

        (3)  satisfies any other commission requirements, including any continuing education requirements under Section 651.266.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Amended by Acts 2003, 78th Leg., ch. 562, Sec. 17, eff. Sept. 1, 2003.
Amended by:
    Acts 2009, 81st Leg., R.S., Ch. 263 (H.B. 1468), Sec. 23, eff. September 1, 2009.
    Acts 2009, 81st Leg., R.S., Ch. 263 (H.B. 1468), Sec. 24, eff. September 1, 2009.


    SUBCHAPTER G. LICENSE REQUIREMENTS:  PROVISIONAL LICENSE HOLDERS

    Sec. 651.301.  PROVISIONAL LICENSE REQUIRED.  A person must obtain a provisional license before the person may engage in learning the practice of funeral directing or embalming under the instruction, direction, and personal supervision in this state of a licensed funeral director or embalmer.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.


    Sec. 651.302.  APPLICATION;  ISSUANCE OF PROVISIONAL LICENSE.  (a) The commission shall issue a provisional license to practice funeral directing to an applicant who:

        (1)  is at least 18 years of age;

        (2)  has completed the educational requirements of Section 651.253 or is enrolled in an accredited school or college of mortuary science;

        (3)  is employed by a funeral establishment to learn funeral directing under the instruction and supervision of a funeral director;

(4)  files an application for a provisional license on a form provided by the commission and verified under oath by the applicant;

(5)  pays any required application or license fee; and

(6)  complies with the requirements of this chapter and of the commission.

(b)  The commission shall issue a provisional license to practice embalming to an applicant who:

(1)  is at least 18 years of age;

(2)  has completed the educational requirements of Section 651.253 or is enrolled in an accredited school or college of mortuary science;

(3)  is employed by a funeral establishment or commercial embalming facility to learn embalming under the instruction and supervision of an embalmer;

(4)  files an application for a provisional license on a form provided by the commission and verified under oath by the applicant;

(5)  pays any required application or license fee; and

(6)  complies with the requirements of this chapter and of the commission.

(c)  The commission shall waive the requirements of Subsection (a)(2) or (b)(2) for a period not to exceed 12 months for an applicant who is otherwise qualified and shall issue to the applicant a provisional license that expires at the end of that period.

(d)  An applicant must submit to a criminal background check before submitting an application for a license.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Amended by Acts 2003, 78th Leg., ch. 562, Sec. 18, 42(2), eff. Sept. 1, 2003.
Amended by:
    Acts 2015, 84th Leg., R.S., Ch. 50 (H.B. 1219), Sec. 2, eff. September 1, 2015.


    Sec. 651.303.  PROVISIONAL LICENSE PROGRAM.  (a)  The commission shall prescribe and supervise the course of instruction received by a provisional license holder while participating in a provisional license program.

(a-1)  A provisional license holder may work only:

(1)  in a funeral establishment or commercial embalming facility licensed by the commission; and

(2)  under the direct and personal supervision of a funeral director or embalmer, as applicable.

(b)  Repealed by Acts 2015, 84th Leg., R.S., Ch. 50 , Sec. 10(1), eff. September 1, 2015.

(c)  Repealed by Acts 2015, 84th Leg., R.S., Ch. 50 , Sec. 10(1), eff. September 1, 2015.

(d)  The provisional license program must include assisting with at least 45 cases.  Not more than two provisional license holders may receive credit for work done on any one body.  The commission by rule shall:

(1)  define the standards for a case;

(2)  set the number of cases a provisional license holder is required to complete during the program; and

(3)  establish guidelines for supervision under which a provisional license holder is granted increased responsibilities during the course of the provisional license program.

(e)  The standards required for a complete case include:

(1)  for an embalmer, all the duties and activities necessary for embalming;  and

(2)  for a funeral director, all the activities necessary from the time the body is obtained until final disposition.

(e-1)  The commission by rule shall prescribe case reporting requirements for provisional license holders. The commission shall provide case report forms to be used by a provisional license holder.

(f)  The funeral director provisional license program may be served concurrently with the embalmer provisional license program.

(g)  When conducting funeral arrangements, a provisional license holder shall inform family members and other persons with whom the arrangements are being made that the license holder has a provisional license and works under the personal supervision of a licensed funeral director.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Amended by Acts 2003, 78th Leg., ch. 562, Sec. 19, eff. Sept. 1, 2003.
Amended by:
    Acts 2011, 82nd Leg., R.S., Ch. 634 (S.B. 864), Sec. 1, eff. September 1, 2011.
    Acts 2015, 84th Leg., R.S., Ch. 50 (H.B. 1219), Sec. 3, eff. September 1, 2015.
    Acts 2015, 84th Leg., R.S., Ch. 50 (H.B. 1219), Sec. 10(1), eff. September 1, 2015.


Sec. 651.3035.  MORTUARY COLLEGE CREDIT FOR PROVISIONAL LICENSE PROGRAM.  (a)  A funeral directing or embalming case completed for credit while attending an accredited mortuary school or college may serve as credit toward the provisional license holder program.

(b)  A mortuary school or college may designate a funeral director or embalmer who is supervising a provisional license holder under Section 651.303 as a clinical instructor for the provisional license holder.

Added by Acts 2003, 78th Leg., ch. 562, Sec. 20, eff. Sept. 1, 2003. Amended by:

Acts 2015, 84th Leg., R.S., Ch. 50 (H.B. 1219), Sec. 4, eff. September 1, 2015.


Sec. 651.304.  EMPLOYMENT NOTIFICATION.  (a)  On entering employment with a funeral establishment or commercial embalming facility, a provisional license holder shall immediately notify the commission of the name of the establishment or facility where the provisional license holder will train.  The funeral director or embalmer in charge must sign the notification.

(b)  A provisional license holder must be employed by a funeral establishment or commercial embalming facility, as applicable, during the term of the provisional license. If a provisional license holder is not employed as required by this subsection, the commission shall cancel the provisional license.

(c)  Repealed by Acts 2009, 81st Leg., R.S., Ch. 263, Sec. 33(2), eff. September 1, 2009.

(d)  If a provisional license holder leaves the employment of the funeral establishment or commercial embalming facility, the funeral director or embalmer in charge shall prepare an affidavit showing the length of time the provisional license holder was employed and the number of cases handled while employed by the establishment or facility.  The funeral director or embalmer shall file the original affidavit with the commission as a matter of record.  The funeral director or embalmer shall provide a copy of the affidavit to the provisional license holder.

(e)  Repealed by Acts 2015, 84th Leg., R.S., Ch. 50 , Sec. 10(2), eff. September 1, 2015.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Amended by Acts 2003, 78th Leg., ch. 562, Sec. 21, eff. Sept. 1, 2003. Amended by:

Acts 2009, 81st Leg., R.S., Ch. 263 (H.B. 1468), Sec. 25, eff. September 1, 2009.

Acts 2009, 81st Leg., R.S., Ch. 263 (H.B. 1468), Sec. 33(2), eff. September 1, 2009.

Acts 2015, 84th Leg., R.S., Ch. 50 (H.B. 1219), Sec. 5, eff. September 1, 2015.

Acts 2015, 84th Leg., R.S., Ch. 50 (H.B. 1219), Sec. 6, eff. September 1, 2015.

Acts 2015, 84th Leg., R.S., Ch. 50 (H.B. 1219), Sec. 10(2), eff. September 1, 2015.


Sec. 651.3045.  TERM OF PROVISIONAL LICENSE.  (a)  Except as provided by Subsection (c), a provisional license is valid for 12 consecutive months and may be renewed only once for a period not to exceed an additional 12 consecutive months.

(b)  The commission shall cancel a provisional license if the license holder fails to complete the licensing requirements of the provisional license program within 24 consecutive months.

(c)  If a provisional license holder holds a provisional license issued under Section 651.302(c), the provisional license may be renewed for a period not to exceed 24 consecutive months and the provisional license holder must complete the licensing requirements of the provisional license program within 36 consecutive months.

(d)  A provisional license holder who completes the requirements of the provisional license program and is otherwise eligible for a funeral director's or embalmer's license may receive that license regardless of the date the provisional license is due to expire.

Added by Acts 2015, 84th Leg., R.S., Ch. 50 (H.B. 1219), Sec. 7, eff. September 1, 2015.


Sec. 651.305.  RENEWAL OR REINSTATEMENT OF PROVISIONAL LICENSE.  (a) , (b) Repealed by Acts 2001, 77th Leg., ch. 682, Sec. 3.01(a), eff. Sept. 1, 2001.

(c)  If a provisional license holder fails to renew the provisional license, the commission shall:

(1)  impose a late payment penalty equal to the amount of the license renewal fee;

(2)  suspend the license for nonpayment; and

(3)  notify the provisional license holder of the suspension.

(d)  If the renewal fee and penalty are not paid before the 91st day after the date of the notice of suspension, the commission shall cancel the license.

(d-1)   If the license is canceled under Subsection (d), the provisional license holder may apply for reinstatement not later than the date the license would have expired if the license had been renewed.  The commission may reinstate the canceled license if:

(1)   all other commission requirements are satisfied; and

(2)   the license fee and a late payment penalty equal to the amount of the license fee for the period of the cancellation are paid.

(d-2)   A reinstated license expires on the date the license would have expired if the license had been timely renewed.

(d-3)   A provisional license holder may not work as a funeral director or embalmer while the license is suspended or canceled.

(e)   Repealed by Acts 2015, 84th Leg., R.S., Ch. 50 , Sec. 10(3), eff. September 1, 2015.

(f)   Repealed by Acts 2015, 84th Leg., R.S., Ch. 50 , Sec. 10(3), eff. September 1, 2015.

(g)   The commission may adopt rules relating to the reinstatement of a provisional license under this section.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Amended by Acts 2001, 77th Leg., ch. 682, Sec. 3.01(a), eff. Sept. 1, 2001.
Amended by:
    Acts 2015, 84th Leg., R.S., Ch. 50 (H.B. 1219), Sec. 8, eff. September 1, 2015.
    Acts 2015, 84th Leg., R.S., Ch. 50 (H.B. 1219), Sec. 10(3), eff. September 1, 2015.


    Sec. 651.3055.   REAPPLICATION FOR PROVISIONAL LICENSE.   (a) A person who does not complete the provisional license program within the prescribed period may reapply for a provisional license.

(b)   A person who reapplies for a provisional license must comply with the requirements of Section 651.303. Casework performed under a previous provisional license may not be counted toward the requirements for the new provisional license.  The commission may adopt rules to allow casework performed under a previous provisional license to transfer to a new provisional license if the license holder requests a hardship exemption.

(c)   A person may reapply for a provisional license under this section only once.

Added by Acts 2015, 84th Leg., R.S., Ch. 50 (H.B. 1219), Sec. 9, eff. September 1, 2015.

Sec. 651.306.  PERSONAL SUPERVISION.  For the purposes of this chapter, personal supervision requires the physical presence of a funeral director or embalmer at the specified place and time a funeral service is provided.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.


SUBCHAPTER H.  LICENSE REQUIREMENTS: FUNERAL AND COMMERCIAL EMBALMER ESTABLISHMENTS

Sec. 651.351.  FUNERAL ESTABLISHMENT LICENSE REQUIREMENTS.  (a)  A funeral establishment may not conduct a funeral business unless it is licensed by the commission.

(b)  This chapter does not require a funeral establishment to be owned by a person licensed under this chapter.

(c)  To obtain an initial funeral establishment license, an applicant must apply for a license and pay the licensing fee.  The commission shall issue an initial funeral establishment license on determining that the applicant satisfies the requirements of this section.

(d)  A funeral establishment must:

(1)  meet the building, fire safety, and health standards and health ordinances of this state and of the municipality in which the establishment is located;

(2)  except as provided by Subsection (i), be located at a fixed place that is not tax-exempt property or a cemetery;

(3)  include facilities in which funeral services may be conducted;

(4)  have access to rolling stock consisting of at least one motor hearse;

(5)  include a preparation room containing the facilities, equipment, and supplies required by commission rule to ensure the provision of adequate embalming services;

(6)  include other facilities as necessary to comply with the sanitary codes of this state and of the municipality in which the room is located; and

(7)  include a display containing sufficient merchandise to permit reasonable selection, including at least five adult caskets, two of which must be full-size and displayed in a casket showroom.

(e)  Each funeral establishment must have sufficient licensed personnel to conduct the operation of the funeral establishment.

(f)  The least expensive casket displayed under Subsection (d)(7) must be a full-size casket displayed in the same general manner as the other full-size caskets are displayed.  The three adult caskets that are not required to be full-size under Subsection (d)(7) may be displayed:

(1)  in a partial panel display; or

(2)  by video or brochure, online, or in any other manner.

(g)  The commission may exempt a funeral establishment from the requirements of Subsection (d)(5) if the establishment meets the requirements for the exemption provided by commission rule.

(h)  The executive director shall notify the petitioner of the commission's decision.  The exemption remains in effect until:

(1)  the establishment is no longer located within 50 miles of a facility owned by the exempt establishment or at which embalming services may be performed;  or

(2)  an embalming service has been performed at the establishment.

(i)  Subsection (d)(2) does not apply to a funeral establishment that is:

(1)  located on the real property of a public junior college; and

(2)  operated in connection with an accredited educational program in funeral services offered by the public junior college.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Amended by Acts 2001, 77th Leg., ch. 1420, Sec. 14.385(a), eff. Sept. 1, 2001.
Amended by:

Acts 2009, 81st Leg., R.S., Ch. 263 (H.B. 1468), Sec. 26, eff. September 1, 2009.

Acts 2009, 81st Leg., R.S., Ch. 492 (S.B. 755), Sec. 1, eff. June 19, 2009.

Acts 2019, 86th Leg., R.S., Ch. 124 (H.B. 1540), Sec. 23, eff. September 1, 2019.


Sec. 651.352.  COMMERCIAL EMBALMERS ESTABLISHMENT LICENSE REQUIREMENTS.  (a)  In this section, "commercial embalmers establishment" means an establishment that:

(1)  embalms for licensed funeral establishments;

(2)  does not sell services or merchandise directly or at retail to the public;  and

(3)  meets the requirements for an embalmers license.

(b)  An establishment that functions solely as a commercial embalmers establishment is required to hold a commercial embalmers establishment

license but is not required to comply with the requirements for a funeral
establishment license under Sections 651.351(d)(3), (d)(6), and (f).

(c)  A commercial embalmers establishment may employ an embalmer only
if the embalmer is licensed under this chapter.

(d)  An embalming service, whether provided at a funeral establishment
or other embalming facility licensed under this chapter, must comply with
this chapter or a rule adopted under this chapter.

(e)  A licensed commercial embalmers establishment that meets the
licensing requirements under Subchapter N may hold a crematory
establishment license.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Amended by Acts
2001, 77th Leg., ch. 1420, Sec. 14.385(b), eff. Sept. 1, 2001.
Amended by:
     Acts 2007, 80th Leg., R.S., Ch. 596 (H.B. 56), Sec. 2, eff. September
1, 2007.


     Sec. 651.354.  RENEWAL OF FUNERAL ESTABLISHMENT LICENSE.  (a)  The
commission shall mail written notice to a funeral establishment of the
impending expiration of the establishment's license not later than the 30th
day before the expiration date of the license.  The notice must state that:
     (1)  to renew the license, the funeral establishment must pay the
renewal fee in an amount provided by rule not later than the license
expiration date; and
     (2)  the license is automatically renewed on receipt of the
renewal fee.

(b)  A funeral establishment that fails to pay the license renewal fee
by the due date is subject to a late payment penalty in an amount
determined by rule.

(c)  If the license is expired for longer than 30 days, the funeral
establishment may not operate as a funeral establishment until the renewal
fee and the late payment penalty are paid.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Amended by Acts
2003, 78th Leg., ch. 562, Sec. 24, eff. Sept. 1, 2003.
Amended by:
     Acts 2009, 81st Leg., R.S., Ch. 263 (H.B. 1468), Sec. 28, eff.
September 1, 2009.
     Acts 2019, 86th Leg., R.S., Ch. 124 (H.B. 1540), Sec. 24, eff.
September 1, 2019.

SUBCHAPTER I. PRACTICE BY LICENSE HOLDER

Sec. 651.401.  FIRST CALL; REMOVAL OF BODY.  (a)  First call occurs at the beginning of a relationship between a funeral director and a person authorized by Section 711.002, Health and Safety Code, to control the disposition of the decedent's remains.

(b)  Notwithstanding Subsection (c), a funeral director must direct the pickup of a dead human body under this chapter.

(c)  A dead human body may be transferred without a funeral director directing the transfer at the direction of a justice of the peace or other law enforcement official.

(d)  A funeral director may direct an unlicensed person, a provisional license holder, or an embalmer in the removal of a dead human body.  A funeral director who directs the removal of a dead human body by an unlicensed person is strictly accountable for compliance with the requirements of this chapter. If an unlicensed person, a provisional license holder, or an embalmer inadvertently encounters a family member or other person with whom funeral arrangements are normally made, the person shall restrict communication with the family member or other person to:

(1)  identifying the person's employer; and

(2)  making any disclosure to the family member or other person that is required by federal or state law or regulation.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Amended by Acts 2001, 77th Leg., ch. 1420, Sec. 14.386(a), eff. Sept. 1, 2001.
Amended by:
Acts 2019, 86th Leg., R.S., Ch. 124 (H.B. 1540), Sec. 25, eff. September 1, 2019.


Sec. 651.402.  RELATIONSHIP OF FUNERAL DIRECTOR TO FUNERAL ESTABLISHMENT.  A person may act as a funeral director in directly or indirectly providing funeral services for compensation only if the person:

(1)  is acting as a licensed employee of a licensed funeral establishment that has contracted to provide those funeral services;  or

(2)  is a licensed agent, subcontractor, or assignee of the licensed funeral establishment that has contracted to provide those funeral services.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.

Sec. 651.403.  DESIGNATION OF FUNERAL DIRECTOR IN CHARGE;  EFFECT OF VIOLATION.  (a)  A funeral establishment shall:

(1)  designate to the commission a funeral director in charge; and

(2)  promptly notify the commission of any change in that designation.

(b)  The funeral director in charge is directly responsible for the funeral directing and embalming business of the funeral establishment.

(c)  The funeral director in charge is ultimately responsible for compliance with the mortuary laws.  The funeral director in charge may be charged with a violation of this chapter if a violation occurs in the funeral establishment.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.


Sec. 651.404.  CONSUMER BROCHURE.  When funeral services are discussed, a funeral director or agent of the funeral establishment shall provide each prospective customer with a copy of the brochure prepared by the commission under Section 651.201.  The funeral establishment shall print additional copies of the brochure if the commission is unable to provide the number of brochures needed by the funeral establishment.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.


Sec. 651.405.  RETAIL PRICE LIST;  FUNERAL ESTABLISHMENT.  (a) "Retail price list" means a printed or typewritten list of the retail price of items or services provided by a funeral establishment and must include the retail price of:

(1)  transferring a deceased person to the funeral establishment;

(2)  embalming;

(3)  using a funeral establishment facility for viewing the deceased;

(4)  using a funeral establishment facility for funeral services;

(5)  using a hearse;

(6)  using a limousine;

(7)  caskets;

(8)  outer enclosures;

(9)  filing a claim seeking life insurance proceeds on behalf of the beneficiaries; and

(10)  other itemized services provided by the funeral establishment staff.

(b)  A retail price list must contain the name, address, and telephone number of the funeral establishment, the effective date for the stated prices, and the following printed notice:  "The goods and services shown below are those we can provide to our customers.  You may choose only the items you desire.  However, any funeral arrangements you select will include a charge for our basic services and overhead.  If legal or other requirements mean you must buy any items you did not specifically ask for, we will explain the reason in writing on the statement we provide describing the funeral goods and services you selected."

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Amended by Acts 2001, 77th Leg., ch. 682, Sec. 1.20, eff. Sept. 1, 2001.
Amended by:
     Acts 2011, 82nd Leg., R.S., Ch. 634 (S.B. 864), Sec. 2, eff. September 1, 2011.


     Sec. 651.4055.  RETAIL PRICE LIST; CREMATORY.  (a)  In this section, "retail price list" means a printed or typewritten list of the retail price of items or services provided by a crematory.
     (b)  A retail price list must contain:
          (1)  the name, address, and telephone number of the crematory;
          (2)  the effective date for the stated prices;
          (3)  notice required by Subsection (c); and
          (4)  any other items that the commission may by rule require.
     (c)  The retail price list must contain the following printed notice: "The goods and services shown below are those we can provide to our customers.  You may choose only the items you desire.  If legal or other requirements mean you must buy any items you did not specifically ask for, we will explain the reason in writing on the statement we provide describing the goods and services you selected."

Added by Acts 2001, 77th Leg., ch. 682, Sec. 1.21, eff. Sept. 1, 2001.
Amended by:
     Acts 2019, 86th Leg., R.S., Ch. 124 (H.B. 1540), Sec. 26, eff. September 1, 2019.
     Acts 2019, 86th Leg., R.S., Ch. 124 (H.B. 1540), Sec. 27, eff. September 1, 2019.


     Sec. 651.406.  PURCHASE AGREEMENT;  FUNERAL ESTABLISHMENT.  (a)  A purchase agreement must state:

      (1)   the name, address, and telephone number of the funeral establishment;

      (2)   the amount paid or owed to another person by the funeral establishment on behalf of the customer and each fee charged the customer for the cost of advancing funds or becoming indebted to another person on behalf of the customer;

      (3)   the printed notice required by Subsection (b);

      (4)   the name, mailing address, and telephone number of the commission;  and

      (5)   a statement that complaints may be directed to the commission.

   (b)   The purchase agreement must contain the following printed notice: "Charges are only for those items that you selected or that are required. If we are required by law or by a cemetery or crematory to use any items, we will explain the reasons in writing below."

   (c)   The purchase agreement shall be signed by the funeral director making the arrangements.

   (d)   If the customer selects a package arrangement based on unit pricing, the itemization requirement is satisfied by providing a purchase agreement that itemizes the discount provided by the package arrangement.

   (e)   A funeral establishment that receives a dead human body transferred from another funeral establishment shall include in the purchase agreement any amount owed by the customer to the transferring funeral establishment. The recipient funeral establishment shall remit to the transferring funeral establishment any amount collected on behalf of the transferring funeral establishment.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Amended by Acts 2001, 77th Leg., ch. 682, Sec. 1.22, eff. Sept. 1, 2001.
Amended by:
   Acts 2019, 86th Leg., R.S., Ch. 1076 (H.B. 1731), Sec. 1, eff. September 1, 2019.


   Sec. 651.4065.   PURCHASE AGREEMENT; CREMATORY.   (a)   A purchase agreement must state:

      (1)   the name, address, and telephone number of the crematory;

      (2)   the amount paid or owed to another person by the crematory on behalf of the customer and each fee charged the customer for the cost of advancing funds or becoming indebted to another person on behalf of the customer;

      (3)   the printed notice required by Subsection (b);

(4)   the name, mailing address, and telephone number of the commission;

(5)   a statement that complaints may be directed to the commission; and

(6)   any other items that the commission may by rule require.

(b)   The purchase agreement must contain the following printed notice: "Charges are only for those items that you selected or that are required. If we are required by law to use any items, we will explain the reasons in writing below."

(c)   Repealed by Acts 2019, 86th Leg., R.S., Ch. 124 (H.B. 1540), Sec. 36(7), eff. September 1, 2019.

(d)   If the customer selects a package arrangement based on unit pricing, the itemization requirement is satisfied by providing a purchase agreement that itemizes the discount provided by the package arrangement.

Added by Acts 2001, 77th Leg., ch. 682, Sec. 1.23, eff. Sept. 1, 2001.
Amended by Acts 2003, 78th Leg., ch. 562, Sec. 25, eff. Sept. 1, 2003.
Amended by:

Acts 2019, 86th Leg., R.S., Ch. 124 (H.B. 1540), Sec. 28, eff. September 1, 2019.

Acts 2019, 86th Leg., R.S., Ch. 124 (H.B. 1540), Sec. 29, eff. September 1, 2019.

Acts 2019, 86th Leg., R.S., Ch. 124 (H.B. 1540), Sec. 36(7), eff. September 1, 2019.


Sec. 651.407.   USE OF BODY BY SCHOOL OF MORTUARY SCIENCE.   (a)   A school or college of mortuary science may not use a dead human body for educational or instructional purposes without the written consent of a person authorized to consent to the use.

(b)   A funeral director or embalmer may not release a dead human body for delivery to a school or college of mortuary science, and a school or college of mortuary science may not accept a dead human body, without possession of the written consent required by Subsection (a).

(c)   The funeral establishment shall retain a copy of the written consent for at least two years and shall make the records of the funeral establishment reasonably available for inspection by:

(1)   the commission;

(2)   the person who provided the consent;  and

(3)   the next of kin of the deceased person.

(d)   The school or college of mortuary science shall retain a copy of the written consent permanently and shall make the records of the school or

college of mortuary science reasonably available for inspection by the commission.

(e)  A written consent form used under this section must contain, in the same size print as the remainder of the form, the following statement immediately above the signature line for the form:

"The undersigned authorizes and directs the funeral establishment, including apprentices, and mortuary students under the direct supervision of a licensed embalmer, and the funeral establishment's employees, independent contractors, and agents to care for, embalm, and prepare the body of the decedent.  The undersigned acknowledges that this authorization encompasses permission to embalm at the funeral establishment or at another facility equipped for embalming, including a school or college of mortuary science."

(f)  This section does not apply to a dead human body obtained by a school or college of mortuary science under Chapter 691 or 692A, Health and Safety Code.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.
Amended by:
   Acts 2009, 81st Leg., R.S., Ch. 186 (H.B. 2027), Sec. 10, eff. September 1, 2009.


   Sec. 651.408.  USE OF CEMETERY AND CREMATORY SERVICES.  The fact that a funeral director contracts for cemetery or crematory services, including as part of a package arrangement, does not limit the director's liability to the customer for those services.

Added by Acts 2001, 77th Leg., ch. 682, Sec. 1.24, eff. Sept. 1, 2001.


   Sec. 651.4085.  INTERMENT OR ENTOMBMENT.  (a)  A funeral director who contracts with a customer to perform funeral directing under this chapter, or an agent of the funeral establishment, shall be present when the casket containing the human body to which the contract applies is placed in a grave, crypt, or burial vault unless interment or entombment takes place at a location outside this state.

(b) The funeral directing duties related to interment or entombment services are complete when the casket is placed in a grave, crypt, or burial vault.

Added by Acts 2011, 82nd Leg., R.S., Ch. 312 (H.B. 2286), Sec. 1, eff. June 17, 2011.

Sec. 651.409.  NOTICE TO NEXT OF KIN OF DECEASED PEACE OFFICER.  A funeral director who prepares a deceased peace officer for burial or other disposition shall make every effort to advise the next of kin of the officer that the next of kin of a person who at the time of death was a peace officer or an honorably retired peace officer who voluntarily terminated employment with a law enforcement agency of this state or a political subdivision of this state is eligible on request to receive a state flag from the Texas Commission on Law Enforcement at no cost to the next of kin.

Added by Acts 2001, 77th Leg., ch. 476, Sec. 4, eff. Sept. 1, 2001. Renumbered from Occupations Code Sec. 651.408 by Acts 2003, 78th Leg., ch. 1275, Sec. 2(115), eff. Sept. 1, 2003.
Amended by:
    Acts 2005, 79th Leg., Ch. 744 (H.B. 2769), Sec. 3, eff. September 1, 2005.
    Acts 2013, 83rd Leg., R.S., Ch. 93 (S.B. 686), Sec. 2.58, eff. May 18, 2013.


Sec. 651.410.  AUTHORIZED RELEASE OF INFORMATION.  Nothing in this chapter prohibits a funeral director or establishment from releasing information under Chapter 696, Health and Safety Code.

Added by Acts 2013, 83rd Leg., R.S., Ch. 373 (H.B. 3064), Sec. 2, eff. September 1, 2013.


SUBCHAPTER J. PROHIBITED PRACTICES

Sec. 651.451.  CERTAIN FRAUDULENT AND DECEPTIVE ACTS.  A person violates this chapter if the person:
        (1)  presents to the commission a license, certificate, registration, or diploma that was illegally or fraudulently obtained;
        (2)  uses fraud or deception in passing the examination, including impersonating or acting as a proxy for another person in the examination;
        (3)  purchases, sells, barters, or uses, or offers to purchase, sell, barter, or use, a license, registration, certificate, or transcript of a license, registration, or certificate in or incident to an application to the commission for a license or registration issued under this chapter;
        (4)  alters, with fraudulent intent, a license, registration, or certificate issued under this chapter or a transcript of a license,

Case 1:25-cv-01085-DAE    Document 57-1    Filed 05/21/26    Page 48 of 68

registration, or certificate;

(5) uses a license, registration, certificate, or diploma issued under this chapter or a transcript of a license, registration, certificate, or diploma that has been fraudulently purchased, issued, counterfeited, or materially altered;

(6) impersonates a funeral director, embalmer, or other person regulated under this chapter;

(7) permits another to use the person's license or registration to perform an activity regulated under this chapter;  or

(8) presents false certification of work done as a provisional license holder.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Amended by Acts 2001, 77th Leg., ch. 682, Sec. 1.25, eff. Sept. 1, 2001.


Sec. 651.452.  LACK OF FITNESS TO PRACTICE.  A person violates this chapter if the person is:

(1) convicted of:

(A)  a misdemeanor related to the practice of embalming, funeral directing, or another activity regulated under this chapter;  or

(B)  a felony;

(2) unfit to practice as a funeral director or embalmer because of insanity and determined by a court to be of unsound mind;  or

(3) unfit to practice because of current substance abuse.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Amended by Acts 2001, 77th Leg., ch. 682, Sec. 1.26, eff. Sept. 1, 2001.


Sec. 651.453.  UNETHICAL ADVERTISING.  A person violates this chapter if the person uses an advertising statement of a character that misleads or deceives the public or uses, in connection with an advertisement, the name of a person who is falsely represented to be a license holder.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.


Sec. 651.454.  OTHER UNETHICAL CONDUCT IN SOLICITING CUSTOMERS.  (a) A person violates this chapter if the person, in arranging for funeral services or merchandise, fails to:

(1) provide a prospective customer at the beginning of the arrangement process with a copy of the brochure required by Section 651.404;

(2)   provide to a prospective customer inquiring in person about any funeral service or merchandise a retail price list for the prospective customer to keep;

(3)   explain to a prospective customer that a contractual agreement for funeral services or merchandise may not be entered into before a retail price list is provided to the prospective customer;  or

(4)   provide general price information by telephone within a reasonable time.

(b)   A person violates this chapter if the person restricts, hinders, or attempts to restrict or hinder:

(1)   advertising or disclosure of prices and other information regarding the availability of funeral services and funeral merchandise that is not unfair or deceptive to consumers;  or

(2)   an agreement for funeral services between a consumer and a funeral director or embalmer.

(c)   A person associated with a funeral establishment violates this chapter if the person solicits business or offers an inducement to secure or attempt to secure business for the funeral establishment unless the solicitation is made under a permit issued under Chapter 154, Finance Code.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.


Sec. 651.455.   FALSE OR MISLEADING STATEMENTS REGARDING FUNERAL MERCHANDISE OR FUNERAL, CEMETERY, OR CREMATORY SERVICES.  (a)   A person violates this chapter if the person uses a statement that misleads or deceives the public, including a fraudulent statement or any other type of a false or misleading statement regarding:

(1)   a legal, religious, or cemetery requirement for funeral merchandise or funeral, cemetery, or crematory services;

(2)   the preservative qualities of funeral merchandise or funeral, cemetery, or crematory services in preventing or substantially delaying natural decomposition of human remains;

(3)   the airtight or watertight properties of a casket or outer enclosure;

(4)   the licenses held by the personnel in the operation of the cemetery, crematory, or funeral establishment;  or

(5)   an activity regulated under this chapter, including the sale of funeral-related goods or services.

(b)   Repealed by Acts 2003, 78th Leg., ch. 562, Sec. 42(3).

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Amended by Acts 2001, 77th Leg., ch. 682, Sec. 1.27, eff. Sept. 1, 2001;  Acts 2003, 78th Leg., ch. 562, Sec. 26, 42(3), eff. Sept. 1, 2003.


   The following section was amended by the 89th Legislature. Pending publication of the current statutes, see H.B. 1610, 89th Legislature, Regular Session, for amendments affecting the following section.

   Sec. 651.456.  UNETHICAL CONDUCT REGARDING CUSTODY OF DEAD HUMAN BODY. A person violates this chapter if the person:
          (1)  takes custody of a dead human body without the permission of:
             (A)  the person or the agent of the person authorized to make funeral arrangements for the deceased;  or
             (B)  a medical examiner or a justice of the peace who has jurisdiction over the body under Articles 49.02-49.05, Code of Criminal Procedure;
          (2)  refuses to promptly surrender a dead human body to a person or agent authorized to make funeral arrangements for the deceased;  or
          (3)  violates any state law governing the transportation, storage, refrigeration, inurnment, interment, or disinterment of a dead human body.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Amended by Acts 2003, 78th Leg., ch. 562, Sec. 27, eff. Sept. 1, 2003.


   Sec. 651.457.  UNETHICAL CONDUCT REGARDING EMBALMING.  (a)  A person violates this chapter if the person:
          (1)  embalms a body without:
             (A)  receiving the express written or oral permission of a person authorized to make funeral arrangements for the deceased;  or
             (B)  making a documented reasonable effort over a period of at least three hours to obtain the permission;
          (2)  embalms or attempts to embalm a dead human body without proper authority, evidence of which includes making an incision on the body, raising a circulatory vessel of the body, or injecting a chemical into the body;
          (3)  allows the presence or participation of a student for credit or satisfaction of academic requirements during the embalming of a dead human body without complying with Section 651.407;  or
          (4)  places a chemical or substance on or in a dead human body to disinfect or preserve the body or to restore body tissues and structures without holding an embalmer's license.

Case 1:25-cv-01085-DAE   Document 57-1   Filed 05/21/26   Page 51 of 68

(b)  Notwithstanding Subsection (a)(4), a provisional license holder does not violate this chapter if the provisional license holder places a chemical or substance on or in a dead human body to disinfect or preserve the body or to restore body tissues and structures under the supervision of an embalmer.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.


Sec. 651.458.  UNETHICAL CONDUCT BY FUNERAL ESTABLISHMENT.  A person violates this chapter if the person makes a distinction in providing funeral information to a customer regardless of any affiliation of the customer or whether the customer has a present need for the services or merchandise.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.


Sec. 651.459.  OTHER UNETHICAL CONDUCT IN PROVIDING FUNERAL SERVICES. (a)  A person violates this chapter if the person:
        (1)  wilfully makes a false statement on:
            (A)  a death certificate, including forgery of a physician's signature;  or
            (B)  a document required by this chapter or a rule adopted under this chapter;
        (2)  engages in fraudulent, unprofessional, or deceptive conduct in providing funeral services or merchandise to a customer;
        (3)  engages in dishonest conduct, wilful conduct, or negligence in the practice of embalming or funeral directing that is likely to or does deceive, defraud, or otherwise injure the public;
        (4)  causes the execution of a document by the use of fraud, deceit, or misrepresentation;
        (5)  directly or indirectly employs a person to solicit individuals or institutions by whose influence dead human bodies may be turned over to a particular funeral director, embalmer, or funeral establishment;
        (6)  misappropriates funds held by a license holder, a funeral establishment, an employee or agent of the funeral establishment, or another depository, that create an obligation to provide a funeral service or merchandise, including retaining for an unreasonable time excess funds paid by or on behalf of the customer for which the customer is entitled to a refund;  or

Case 1:25-cv-01085-DAE    Document 57-1    Filed 05/21/26    Page 52 of 68

        (7)   performs acts of funeral directing or embalming that are outside the licensed scope and authority of the license holder, or performs acts of funeral directing or embalming in a capacity other than that of an employee, agent, subcontractor, or assignee of a licensed funeral establishment that has contracted to perform those acts.

        (b)   A funeral director or embalmer violates this chapter if the funeral director or embalmer states or implies that a customer's concern with the cost of any funeral service or funeral merchandise is improper or indicates a lack of respect for the deceased.

        (c)   A funeral director in charge violates this chapter if the funeral director in charge fails to provide a funeral director or an embalmer for direction or personal supervision for a first call.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Amended by Acts 2003, 78th Leg., ch. 562, Sec. 28, eff. Sept. 1, 2003.


    Sec. 651.460.  PROHIBITED PRACTICES RELATED TO FAILURE TO COMPLY WITH OTHER LEGAL REQUIREMENTS.  (a)   A person violates this chapter if the person:

        (1)   arranges for funeral services or merchandise and fails to provide a customer with a purchase agreement as required by Section 651.406;

        (2)   fails to retain and make available to the commission, on request, copies of all price lists, written notices, embalming documents, and memoranda of agreement required by this chapter for two years after the date of distribution or signing;

        (3)   violates this chapter, a rule adopted under this chapter, an order by the commission revoking, suspending, or probating a license, an order assessing an administrative penalty, or an agreement to pay an administrative penalty;

        (4)   allows the use of a dead human body by an embalming establishment for research or educational purposes without complying with Section 651.407;

        (5)   is associated with a funeral establishment, whether as an employee, agent, subcontractor, assignee, owner, or otherwise, and fails to comply with this chapter or a rule adopted under this chapter; or

        (6)   knowingly violates Section 711.002(l), Health and Safety Code.

        (b)   A funeral establishment violates this chapter if:

        (1)   the funeral establishment fails to substantially comply with Section 651.351;

(2)   the funeral establishment or a person acting on behalf of the funeral establishment violates Chapter 193 or 361, Health and Safety Code;

(3)   the funeral establishment, a person acting on behalf of the funeral establishment, or a person directly or indirectly connected with the funeral establishment violates Chapter 154, Finance Code, or a rule adopted under that chapter; or

(4)   the funeral establishment or a person acting on behalf of a funeral establishment allows or assists an unlicensed person to engage in an activity for which a person is required to hold a license under this chapter.

(c)   A crematory violates this chapter if the crematory or a person acting on behalf of the crematory allows or assists an unlicensed person to engage in an activity for which a person is required to hold a license under this chapter.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Amended by Acts 2001, 77th Leg., ch. 1420, Sec. 14.385(c), eff. Sept. 1, 2001.
Amended by:
    Acts 2015, 84th Leg., R.S., Ch. 619 (S.B. 988), Sec. 3, eff. June 16, 2015.
    Acts 2019, 86th Leg., R.S., Ch. 124 (H.B. 1540), Sec. 30, eff. September 1, 2019.


Sec. 651.461.  DEFENSE TO VIOLATION.  A person licensed under this chapter does not violate this chapter by engaging in conduct regarding funeral arrangements under the direction of a person who:

(1)   represents to the license holder that the person is authorized to make funeral arrangements for the deceased; and

(2)   provides written directions to the license holder in the manner provided by Section 711.002, Health and Safety Code.

Added by Acts 2009, 81st Leg., R.S., Ch. 263 (H.B. 1468), Sec. 30, eff. September 1, 2009.


SUBCHAPTER K. DISCIPLINARY ACTIONS AND PROCEDURES AND LICENSE DENIALS

Sec. 651.501.  GENERAL DISCIPLINARY POWERS OF COMMISSION.  (a)  After a hearing as provided by this subchapter, the commission may issue a reprimand, assess an administrative penalty, revoke, suspend, or probate the suspension of a license or provisional license, order a license holder to pay a refund under Section 651.603, or impose any combination of those

penalties for a violation of this chapter or a rule adopted under this chapter.

(b)  With respect to a violation of Section 651.453, 651.454(c), 651.459(c), 651.460(a)(5), 651.460(b)(2), or 651.460(b)(3), the commission may not initiate action against a funeral establishment if the complaint is based on the conduct of an employee, agent, or representative of the establishment:

(1)  performed outside the scope and authority of employment;  or

(2)  contrary to the instructions of the funeral establishment.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.
Amended by:

Acts 2019, 86th Leg., R.S., Ch. 124 (H.B. 1540), Sec. 31, eff. September 1, 2019.


Sec. 651.5011.  CHARGING FUNERAL DIRECTOR IN CHARGE WITH VIOLATION. In determining whether to charge a funeral director in charge with a violation based on conduct for which a licensed employee of the funeral establishment was directly responsible, the commission may consider:

(1)  the nature and seriousness of the violation;

(2)  the extent to which the licensed employee of the funeral establishment whose conduct is the basis of the violation was under the direct supervision of the funeral director in charge or another person at the time the licensed employee engaged in the conduct; and

(3)  the causal connection between the supervision of the licensed employee of the funeral establishment by the funeral director in charge and the conduct engaged in by the licensed employee that is the basis of the violation.

Added by Acts 2011, 82nd Leg., R.S., Ch. 634 (S.B. 864), Sec. 3, eff. September 1, 2011.


Sec. 651.502.  LICENSE DENIAL;  EFFECT OF CRIMINAL CONVICTION.  (a) The commission may, before a hearing or a waiver of a right to a hearing, refuse to issue:

(1)  a license or provisional license to a person who has violated this chapter or a rule adopted under this chapter;  or

(2)  an establishment license to an individual, partnership, or corporation if the individual, a partner, or an officer or director of the corporation:

(A)   has violated this chapter or a rule adopted under this chapter;

(B)   previously held an establishment license that was suspended or revoked;  or

(C)   attempts to avoid a revocation, suspension, or license refusal by subterfuge or other evasive means.

(b)   A person to whom the commission refuses to issue a license under Subsection (a) may appeal the decision by submitting a written request for a hearing in accordance with Chapter 2001, Government Code, not later than the 30th day after the date of the refusal.

(c)   The commission and the person to whom the commission refuses to issue a license may agree to the issuance of a probationary license, or the commission may, after a hearing, order that a license be issued on a probationary basis.

(d)   A person applying for a funeral director's or embalmer's license who has a criminal conviction described by Section 651.452 may request a hearing on whether the conviction prevents the commission from issuing a license or a provisional license.  A hearing under this subsection must be requested before the person enters mortuary school and shall be conducted as required by Section 651.506.  A decision made in a hearing under this subsection, unless modified on appeal, is binding on the commission and on the person who requests the hearing when the person applies to the commission for the license or provisional license.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Amended by Acts 2001, 77th Leg., ch. 1420, Sec. 14.385(d), eff. Sept. 1, 2001.


Sec. 651.5025.   IMMEDIATE LICENSE REVOCATION;  EFFECT OF CERTAIN FELONY CONVICTIONS.   (a)   The commission may revoke the license of a license holder without a hearing if the commission determines from the information presented to it that the license holder has been convicted of a felony related to the practice of embalming, funeral directing, or another activity regulated by the commission under this chapter.  The commission shall notify the license holder if it decides to revoke the license.

(b)   The license holder may appeal the decision by submitting a written request for a hearing in accordance with this chapter and Chapter 2001, Government Code, not later than the 30th day after the date of the revocation.

Added by Acts 2001, 77th Leg., ch. 682, Sec. 1.28, eff. Sept. 1, 2001.

Sec. 651.5026.  TEMPORARY LICENSE SUSPENSION OR RESTRICTION; DISCIPLINARY PANEL.  (a)  The presiding officer of the commission shall appoint a three-member disciplinary panel composed of two funeral industry members and one public member of the commission to determine whether a funeral director's or embalmer's license should be temporarily suspended or restricted.

(b)  Chapter 551, Government Code, does not prohibit the disciplinary panel from holding a meeting by telephone conference call if convening the panel at one location is inconvenient for any member of the panel.

(c)  The disciplinary panel shall temporarily suspend or restrict the license if the panel determines from the information presented to it with or without a hearing, that the license holder has violated this chapter or a rule adopted under this chapter and would, by the license holder's continued unrestricted activity, constitute a continuing threat to the public welfare.

(d)  The suspension or restriction may be without notice or hearing if:

(1)  the commission immediately provides notice of the suspension or restriction to the funeral director or embalmer;

(2)  proceedings for a hearing under Section 651.506 are initiated simultaneously with the suspension or restriction;  and

(3)  the hearing is held as required by Chapter 2001, Government Code, and this chapter not later than 48 hours after the suspension or restriction.

(e)  If the disciplinary panel affirms the temporary suspension or restriction at a hearing, the commission shall schedule an informal compliance meeting that meets the requirements of Section 2001.054(c), Government Code, and this chapter to be held as soon as practicable unless:

(1)  it is evident from the determination of the panel that the funeral director or embalmer would be unable to show compliance at the informal meeting regarding the issues that are the basis for the temporary suspension or restriction;  or

(2)  an informal meeting has already been held regarding the issues that are the basis for the temporary suspension or restriction.

(f)  If the funeral director or embalmer is unable to show compliance at the informal meeting under Subsection (e), the commission shall file a formal complaint under this chapter as soon as practicable.

(g)  If the disciplinary panel does not temporarily suspend or restrict the license after considering the information presented to it at a hearing under Subsection (c), the facts that were the basis for the

temporary suspension or restriction may not be the sole basis of another proceeding to temporarily suspend or restrict the funeral director's or embalmer's license.  The commission may use those same facts in a later investigation to obtain new information that may be the basis for the temporary suspension or restriction of a funeral director's or embalmer's license, including facts presented to the disciplinary panel and facts known to the commission at the time evidence was presented to the disciplinary panel.

Added by Acts 2003, 78th Leg., ch. 562, Sec. 29, eff. Sept. 1, 2003.


     Sec. 651.503.  WARNING;  REPORT BY LICENSE HOLDER.  (a)  The commission shall issue a written warning to a license holder if the commission:
          (1)  conducts an investigation that identifies a violation of this chapter by the license holder;  and
          (2)  does not issue a reprimand, assess an administrative penalty, or impose any other penalty against the license holder.
     (b)  The warning must:
          (1)  describe the identified violation;  and
          (2)  state the date by which the license holder must file with the commission a written report that describes:
               (A)  the measures implemented by the license holder to correct the violation;  and
               (B)  the dates those measures were implemented.
     (c)  The commission shall assess an administrative penalty against a license holder who fails to timely file the report.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.


     Sec. 651.504.  REPRIMAND.  The commission may, after a hearing as provided by Section 651.506 or without a hearing if the person waives a hearing, reprimand a person regulated under this chapter if the commission determines that the person violated this chapter or a rule adopted under this chapter.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Amended by Acts 2001, 77th Leg., ch. 1420, Sec. 14.387(a), eff. Sept. 1, 2001.


     Sec. 651.505.  PROBATION.  (a)  If the commission places on probation a person whose license has been suspended, the commission may impose

conditions on the probation that are reasonable and related to the violation for which the license was suspended.  If the commission orders probation, the commission may require the license holder to:

(1)  report regularly to the commission on matters that are the basis of the probation;

(2)  limit practice to the areas prescribed by the commission;  or

(3)  continue or renew professional education until the license holder attains a degree of skill satisfactory to the commission in those areas that are the basis of the probation.

(b)  The commission shall notify in writing a license holder placed on probation of the probation.  The commission shall furnish the license holder with written probationary orders that detail the actions required by the commission of the license holder during the probation period.

(c)  The commission shall develop and adopt a system to:

(1)  monitor the actions of a license holder during the probation period;  and

(2)  determine whether the license holder has complied with the probationary orders.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.


Sec. 651.506.  DISCIPLINARY PROCEEDINGS;  HEARING PROCEEDINGS.  (a)  A proceeding conducted by the commission relating to the denial of a license or provisional license, the suspension or revocation of a license, the issuance of a reprimand, or the imposition of an administrative penalty assessed after a hearing as provided by Section 651.551 and judicial review of the proceeding are governed by Chapter 2001, Government Code.

(b)  A proceeding brought under Subsection (a) shall be held before an administrative law judge employed by the State Office of Administrative Hearings.

(c)  In the course of a proceeding, the administrative law judge may:

(1)  administer an oath;

(2)  take testimony;

(3)  rule on a question of evidence;

(4)  make a determination of fact;  or

(5)  order compliance with a proper discovery request.

(d)  The commission shall provide the administrative law judge with a written statement of all commission rules or policies that govern the proceeding.

(e)  At the conclusion of the proceeding, the administrative law judge shall make a ruling on the matter accompanied by written findings of fact

and conclusions of law.

    (f)  The commission shall review the findings of fact, conclusions of law, and ruling of the administrative law judge before making its final ruling in the proceeding.  The commission may also review a transcript of the proceeding before making its final ruling.  The commission shall adopt the ruling of the administrative law judge as its ruling unless it finds good cause to issue a different ruling.  The commission shall explain in writing the reasons for adopting a ruling other than the one issued by the administrative law judge.

    (g)  The commission shall inform each interested person, including a person filing the complaint, of the right to obtain at that person's cost a tape or transcript of a hearing or proceeding under this section.

    (h)  A member or agent of the commission who carries out the functions of the commission and is assigned to make a decision, finding of fact, or conclusion of law in a proceeding pending before the commission may not communicate directly or indirectly with a party to the proceeding or a party's representative unless notice and an opportunity to participate is given to all parties to the proceeding.

    (i)  Repealed by Acts 2001, 77th Leg., ch. 682, Sec. 3.01(a), eff. Sept. 1, 2001.

    (j)  Repealed by Acts 2003, 78th Leg., ch. 562, Sec. 42(4).

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Amended by Acts 2001, 77th Leg., ch. 682, Sec. 3.01(a), eff. Sept. 1, 2001;  Acts 2001, 77th Leg., ch. 1420, Sec. 14.388, eff. Sept. 1, 2001;  Acts 2003, 78th Leg., ch. 562, Sec. 42(4), eff. Sept. 1, 2003.


    Sec. 651.5061.  WAIVER OF HEARING BY FUNERAL OR CREMATORY ESTABLISHMENT.  A funeral or crematory establishment alleged to have violated this chapter or a rule adopted under this chapter may waive the right to a hearing as provided by Section 651.506 by written notification to the commission.

Added by Acts 2001, 77th Leg., ch. 1420, Sec. 14.388(b), eff. Sept. 1, 2001.  Amended by Acts 2003, 78th Leg., ch. 178, Sec. 3, eff. Sept. 1, 2003.


    Sec. 651.507.  EFFECT OF MULTIPLE VIOLATIONS.  (a)  The commission or an administrative law judge employed by the State Office of Administrative Hearings shall review each disciplinary proceeding to determine whether the license holder has previously violated the same provision of this chapter

Case 1:25-cv-01085-DAE   Document 57-1   Filed 05/21/26   Page 60 of 68

or rule adopted under this chapter.  If it is determined that the license holder has previously violated the same provision of this chapter or rule adopted under this chapter, the commission or administrative law judge shall impose a disciplinary action that is more severe than that imposed on the previous occasion.

(b)  In a disciplinary proceeding involving multiple violations of this chapter, the commission or the administrative law judge shall impose a disciplinary action that is more severe than the disciplinary action that would be imposed cumulatively for each of the individual violations.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Amended by Acts 2001, 77th Leg., ch. 1420, Sec. 14.390(a), eff. Sept. 1, 2001.
Amended by:

Acts 2009, 81st Leg., R.S., Ch. 263 (H.B. 1468), Sec. 31, eff. September 1, 2009.


Sec. 651.508.  ENFORCEMENT OF LAW REGULATING CREMATORIES.  For purposes of this subchapter, a person regulated under this chapter that violates Chapter 716, Health and Safety Code, violates this chapter.

Added by Acts 2003, 78th Leg., ch. 178, Sec. 4, eff. Sept. 1, 2003.


SUBCHAPTER L. ADMINISTRATIVE PENALTIES

Sec. 651.551.  ASSESSMENT OF ADMINISTRATIVE PENALTY.  (a)  The commission may assess an administrative penalty against a person regulated under this chapter if the commission determines that the person has violated this chapter or a rule adopted under this chapter.

(b)  The penalty may be assessed in the manner provided by this subchapter or after a hearing under Section 651.506.  If an administrative penalty is assessed after a hearing under Section 651.506, the commission shall follow the procedures described in Sections 651.555 through 651.558.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.


Sec. 651.5515.  PENALTY GUIDELINES.  (a)  The commission by rule shall adopt guidelines that define and summarize the violations that occur under this subchapter to assist the commission in maintaining consistency in determining the amount of an administrative penalty assessed under Section 651.552.  Using those guidelines and the summary, the commission shall establish and maintain a chart that lists:

   (1) the most common violations;

   (2) the penalty amounts assessed for those violations; and

   (3) the factors used to grade each type of violation before determining the penalty amount under Section 651.552.

  (b) The commission shall consider using focus groups to obtain business and consumer input to match appropriate penalties to violations before proposing the rules under this section.

  (c) The commission shall post the guidelines on the commission's Internet site.

Added by Acts 2001, 77th Leg., ch. 682, Sec. 1.29, eff. Sept. 1, 2001.


  Sec. 651.552. AMOUNT OF PENALTY. (a) The amount of the administrative penalty shall be not less than $100 or more than $5,000 for each violation.

  (b) In determining the amount of the penalty, the commission shall base its decision on:

   (1) the seriousness of the violation;

   (2) the threat the violation poses to health and safety;

   (3) the history of previous violations;

   (4) the amount necessary to deter a future violation;

   (5) efforts made to correct the violation;

   (6) the guidelines adopted under Section 651.5515; and

   (7) any other matter that justice requires.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999. Amended by Acts 2001, 77th Leg., ch. 682, Sec. 1.30, eff. Sept. 1, 2001.


  Sec. 651.553. REPORT AND NOTICE OF VIOLATION AND PENALTY. (a) If, after examining a possible violation and the facts relating to that violation, the commission determines that a violation has occurred, the commission shall issue a preliminary report stating:

   (1) the facts on which the determination is based;

   (2) that an administrative penalty is to be imposed; and

   (3) the amount of the penalty.

  (b) Not later than the 10th day after the date the report is issued, the commission shall send to the person charged with the violation:

   (1) a copy of the report;

   (2) a statement of the right of the person to a hearing relating to the alleged violation;

   (3) a statement of the amount of the penalty; and

(4)   an explanation for any significant deviation from the penalty amount assessed for similar violations.

(c)   Until a hearing has been held on the possible violation, the amount to be assessed may be disclosed only to the person charged with the violation, unless that person has waived the right to a hearing or paid the amount to the commission.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Amended by Acts 2001, 77th Leg., ch. 682, Sec. 1.31, eff. Sept. 1, 2001;  Acts 2001, 77th Leg., ch. 1420, Sec. 14.389(a), eff. Sept. 1, 2001.


Sec. 651.554.   PENALTY TO BE PAID OR HEARING REQUESTED.   (a)   Not later than the 30th day after the date the preliminary report is sent, the person charged may:

(1)   make a written request for a hearing;  or

(2)   pay the administrative penalty to the commission.

(b)   Failure to request a hearing or pay the penalty within the time provided by this section waives the right to a hearing under this chapter. If the right to a hearing is waived, the penalty is due not later than the 30th day after the date the preliminary report is sent.

(c)   If the person fails to timely pay the penalty, the person's license is automatically suspended for six months.

(d)   If the person requests a hearing, the hearing shall be conducted in the manner provided by Section 651.506.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.


Sec. 651.555.   OPTIONS AFTER DECISION:  PAY OR APPEAL.   (a)   If an administrative penalty is assessed after a hearing conducted under Section 651.506, not later than the 30th day after the date the order is sent or a motion for rehearing is denied, the person charged shall:

(1)   pay the penalty;  or

(2)   without paying the penalty, file a petition for judicial review contesting the fact of the violation, the amount of the penalty, or both.

(b)   Not later than the 30-day period, a person who acts under Subsection (a)(2) must, if the penalty that the person wishes to contest is greater than $5,000:

(1)   post a supersedeas bond in a form approved by the commission for the amount of the penalty;  or

(2)  if the person cannot afford to pay the penalty or file the bond, file an affidavit in the manner required by the Texas Rules of Civil Procedure for a person who cannot afford to file security for costs.

(c)  The commission may file a contest, as provided by the Texas Rules of Civil Procedure, to an affidavit filed under Subsection (b)(2).

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Amended by Acts 2001, 77th Leg., ch. 1420, Sec. 14.389(b), eff. Sept. 1, 2001.


Sec. 651.556.  COLLECTION OF PENALTY.  On the commission's request, the attorney general shall bring a civil action to recover an administrative penalty owed under this chapter.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.


Sec. 651.557.  REMITTANCE OF PENALTY.  If, after judicial review, the court determines that a violation did not occur, the court shall order, when the court's judgment becomes final, the release of the bond if the person gave a supersedeas bond.  If the person gave a supersedeas bond and the amount of the penalty is reduced, the court shall order the release of the bond after the person pays the reduced amount.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Amended by Acts 2001, 77th Leg., ch. 1420, Sec. 14.389(c), eff. Sept. 1, 2001.


Sec. 651.558.  LICENSE SUSPENSION FOR FAILURE TO COMPLY.  (a)  The commission shall suspend for six months the license of a person who fails to pay an administrative penalty or post a supersedeas bond within the time required by Section 651.555, or within a longer period agreed to by the commission.

(b)  After notice and a hearing, the commission may extend the license suspension for a longer period or may revoke the license for failure to pay the penalty or post a supersedeas bond.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.


Sec. 651.559.  ENFORCEMENT OF LAW REGULATING CREMATORIES.  For purposes of this subchapter, a person regulated under this chapter that violates Chapter 716, Health and Safety Code, violates this chapter.

Added by Acts 2003, 78th Leg., ch. 178, Sec. 5, eff. Sept. 1, 2003.

SUBCHAPTER M. OTHER PENALTIES AND ENFORCEMENT PROVISIONS

Sec. 651.601.  INJUNCTION.  (a)  The commission in its own name or an adversely affected party may bring an action for appropriate injunctive relief against a funeral establishment, an embalmer, or a funeral director who violates this chapter or a rule adopted under this chapter.

(a-1)  The commission may bring an action for appropriate injunctive relief against a crematory establishment that violates this chapter or a rule adopted under this chapter.

(a-2)  The commission may bring an action for appropriate injunctive relief against a person who is not licensed under this chapter to enjoin a violation of this chapter or a rule adopted under this chapter.

(b)  In an action brought by the commission, the commission shall be represented by the attorney general or a county or district attorney.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.  Amended by Acts 2001, 77th Leg., ch. 1420, Sec. 14.391(a), eff. Sept. 1, 2001;  Acts 2003, 78th Leg., ch. 178, Sec. 6, eff. Sept. 1, 2003.
Amended by:
Acts 2019, 86th Leg., R.S., Ch. 124 (H.B. 1540), Sec. 32, eff. September 1, 2019.


Sec. 651.602.  CRIMINAL PENALTY.  (a)  A person commits an offense if the person:

(1)  acts or holds the person out as a funeral director, embalmer, or provisional license holder without being licensed under this chapter;

(2)  makes a first call in a manner that violates Section 651.401;

(3)  is a funeral director, embalmer, or provisional license holder and engages in a funeral practice that violates this chapter or a rule adopted under this chapter;  or

(4)  violates Chapter 154, Finance Code, or a rule adopted under that chapter, regardless of whether the Texas Department of Banking or another governmental agency takes action relating to the violation.

(b)  An offense under this section is a Class B misdemeanor.

Acts 1999, 76th Leg., ch. 388, Sec. 1, eff. Sept. 1, 1999.


Sec. 651.603.  REFUND.  (a)  The commission may order a license holder to pay a refund to a person harmed by the license holder's violation of

Case 1:25-cv-01085-DAE    Document 57-1    Filed 05/21/26    Page 65 of 68

this chapter or failure to fulfill the terms of a purchase agreement with the person.

(b)  The amount of a refund ordered under this section may not exceed the actual amount paid by the person to the license holder.

Added by Acts 2019, 86th Leg., R.S., Ch. 124 (H.B. 1540), Sec. 33, eff. September 1, 2019.


SUBCHAPTER N. LICENSING REQUIREMENTS:  CREMATORIES

Sec. 651.651.  DEFINITIONS.  In this subchapter:
(1)  "Cremation" means the irreversible process of reducing human remains to bone fragments through direct flame, extreme heat, and evaporation.  The term may include pulverization, which is the process of reducing identifiable bone fragments after cremation and processing granulated particles by manual or mechanical means.
(2)  "Crematory establishment" means a business licensed under this subchapter to operate a crematory and to perform cremation services.
(3)  Repealed by Acts 2009, 81st Leg., R.S., Ch. 263, Sec. 33(2), eff. September 1, 2009.

Added by Acts 2001, 77th Leg., ch. 682, Sec. 1.32, eff. Sept. 1, 2001. Amended by Acts 2003, 78th Leg., ch. 178, Sec. 8, eff. Sept. 1, 2003. Amended by:
Acts 2009, 81st Leg., R.S., Ch. 263 (H.B. 1468), Sec. 33(2), eff. September 1, 2009.


Sec. 651.652.  APPLICABILITY.  (a)  This subchapter applies only to a crematory that sells goods or services related to the burial or final disposition of a body.
(b) Repealed by Acts 2003, 78th Leg., R.S., Ch. 562, Sec. 44, eff. March 1, 2004.

Added by Acts 2001, 77th Leg., ch. 682, Sec. 1.32, eff. Sept. 1, 2001. Amended by Acts 2003, 78th Leg., ch. 178, Sec. 9, eff. Sept. 1, 2003;  Acts 2003, 78th Leg., ch. 562, Sec. 31, eff. Sept. 1, 2003;  Acts 2003, 78th Leg., ch. 562, Sec. 44, eff. March 1, 2004.


Sec. 651.656.  CREMATORY ESTABLISHMENT LICENSE REQUIRED.  (a)  A person may not conduct a crematory business in this state unless the person

Case 1:25-cv-01085-DAE   Document 57-1   Filed 05/21/26   Page 66 of 68

who is the owner or operator of the crematory holds a crematory establishment license issued by the commission.

(b)  A person may not hold a crematory establishment license unless the person:

(1)  holds a funeral establishment or commercial embalmers establishment license; or

(2)  owns or operates a perpetual care cemetery.

(c)  Subsection (b) does not apply to the owner or operator of a crematory registered with the commission on September 1, 2003.

(d)  Repealed by Acts 2009, 81st Leg., R.S., Ch. 263, Sec. 33(2), eff. September 1, 2009.

Added by Acts 2003, 78th Leg., ch. 178, Sec. 14, eff. Sept. 1, 2003. Amended by:

Acts 2007, 80th Leg., R.S., Ch. 596 (H.B. 56), Sec. 1, eff. September 1, 2007.

Acts 2009, 81st Leg., R.S., Ch. 263 (H.B. 1468), Sec. 33(2), eff. September 1, 2009.


Sec. 651.657.  CREMATORY ESTABLISHMENT LICENSE APPLICATION.  (a)  An applicant for a crematory establishment license must:

(1)  submit a written license application to the commission;

(2)  pay the application fee;  and

(3)  provide proof satisfactory to the commission that the owner or operator of the crematory is trained and certified by a reputable organization approved by the commission, such as the Cremation Association of North America.

(b)  An application for a license or renewal of a license as a crematory establishment must include:

(1)  the full business name of the crematory establishment;

(2)  the address of:

(A)  the applicant if the business is owned by an individual;

(B)  each partner if the business is a partnership;

(C)  each member of the board of directors if the business is an association;  or

(D)  each shareholder who owns more than 25 percent of the corporate stock and each officer and director if the business is a corporation;

(3)  a statement from each individual named under Subdivision (2) that details:

              (A)   the individual's business experience for the previous 10 years;

              (B)   any felony or misdemeanor conviction of the individual;

              (C)   any involvement of the individual as a defendant in a civil action involving allegations of fraud;  and

              (D)   a suspension by this state or any other state of any license related to funeral directing or the operation of a cemetery or crematory;

          (4)   the location of the crematory;  and

          (5)   the date the business was established.

     (c)  An application for a license or renewal of a license must be on a form furnished by the commission.

     (d)  The application form for renewal of a license as a crematory establishment must allow the applicant to provide a written statement that the information previously provided to the commission under Subsection (b) has not changed, if applicable.

Added by Acts 2003, 78th Leg., ch. 178, Sec. 14, eff. Sept. 1, 2003. Amended by:

     Acts 2019, 86th Leg., R.S., Ch. 124 (H.B. 1540), Sec. 34, eff. September 1, 2019.


     Sec. 651.658.  CREMATORY ESTABLISHMENT LICENSE RENEWAL AND ANNUAL REPORT; PENALTY.

     (a)  A crematory establishment must annually file a report with the commission that lists the number of cremations performed at the crematory during the previous year.

     (a-1)  An applicant for renewal of a crematory establishment license shall apply to the commission and pay the required fee.

     (b)  The commission shall mail written notice to a license holder of the impending expiration of the license not later than the 30th day before the expiration date of the license.  The notice must state that to renew the license, the license holder must pay the renewal fee not later than the date on which the license expires.

     (c)  A license holder who fails to pay the renewal fee on or before the expiration date is subject to a late payment penalty equal to the amount of the renewal fee.

     (d)  If the license is expired for longer than 30 days, the crematory establishment may not operate a crematory until the renewal fee and late payment penalty are paid.

(e)  The commission shall grant an extension for filing the annual report required by this section on the written request of a crematory establishment for good cause.  An extension may not exceed 60 days.  The commission may grant additional extensions for good cause.

(f)  The commission shall impose a late fee in an amount provided by rule for each day a crematory establishment fails to submit the annual report required by this section if an extension has not been granted.

Added by Acts 2003, 78th Leg., ch. 178, Sec. 14, eff. Sept. 1, 2003.
Amended by:
Acts 2009, 81st Leg., R.S., Ch. 263 (H.B. 1468), Sec. 32, eff. September 1, 2009.
Acts 2019, 86th Leg., R.S., Ch. 124 (H.B. 1540), Sec. 35, eff. September 1, 2019.