# EXHIBIT 2

TEXAS ADMINISTRATIVE CODE: As in effect on 5/20/2026.

TITLE 22. EXAMINING BOARDS

PART 10. TEXAS FUNERAL SERVICE COMMISSION

CHAPTER 203. LICENSING AND ENFORCEMENT--SPECIFIC SUBSTANTIVE RULES

SUBCHAPTER C. ENFORCEMENT

§203.40. Complaints.

(a) Any person may file a written complaint with the Commission concerning alleged violations of any statute over which the Commission has regulatory authority as well as the Rules of the Commission. A written complaint must be filed within two years of the event giving rise to the complaint. Complaints filed after the above stated period will not be accepted by the Commission unless the complainant can show good cause to the Executive Director for the late filing.

(b) The Commission's complaint form provides space for the following information:

  (1) the name and business address of the licensee or establishment complained of;

  (2) the time and place where the act(s) occurred;

  (3) the nature of the act(s) set out in sufficient detail to enable the Commission to investigate the complaint and the licensee or establishment complained of to identify the incident and prepare a response; and

  (4) the names, addresses, and telephone numbers of any persons who witnessed the acts.

(c) The complaint form asks the complainant to provide any pertinent contracts, photographs, letters, advertisements or other documents that show evidence of the alleged violation.

(d) All complaints must be in writing, other than complaints alleging conduct which, if true, would constitute an imminent or continuing threat to the public health, safety, or welfare. These latter complaints must be reduced to writing by the Complainant before the conclusion of the investigative process.

TEXAS ADMINISTRATIVE CODE: As in effect on 5/20/2026.

TITLE 22. EXAMINING BOARDS

PART 10. TEXAS FUNERAL SERVICE COMMISSION

CHAPTER 203. LICENSING AND ENFORCEMENT--SPECIFIC SUBSTANTIVE RULES

SUBCHAPTER C. ENFORCEMENT

§203.41. Investigations.

(a) Upon receiving a written complaint, the complaint is given a complaint number and assigned to an Investigator for review. The Investigator performs an initial analysis to determine if the Commission has jurisdiction over the alleged violation and whether a violation of a statute or rule may have occurred.

(b) If the Investigator, in consultation with the Staff Attorney, determines that the Commission does not have jurisdiction of the matter or that the complaint does not reflect a violation, the case is administratively closed.

(c) If the Investigator, in consultation with the Staff Attorney, determines that the Commission has jurisdiction of the matter and that the complaint reflects a violation, the Investigator will send a summary of the complaint to the Respondent(s) along with a letter which outlines the alleged violation(s) and requests a written narrative response and relevant documents. A redacted copy of the complaint may be provided to the Respondent upon request. The Respondent(s) has 15 days from receipt of the letter to respond.

(d) In the course of the investigation or upon request of the Staff Attorney, the Investigator may request additional information from the Complainant, the Respondent(s), or any witnesses.

(e) The Investigator will prepare an Investigative Report (Report) for the Staff Attorney's review. The Report must contain the Investigator's findings and any applicable administrative penalties or license sanctions based upon the Administrative Penalties and Sanctions Schedule under §203.43 of this title.

TEXAS ADMINISTRATIVE CODE: As in effect on 5/20/2026.

TITLE 22. EXAMINING BOARDS

PART 10. TEXAS FUNERAL SERVICE COMMISSION

CHAPTER 203. LICENSING AND ENFORCEMENT--SPECIFIC SUBSTANTIVE RULES

SUBCHAPTER C. ENFORCEMENT

§203.42. Notice and Hearings.

(a) Upon Staff Attorney approval of an Investigative Report (Report) finding a violation has occurred, the Investigator will send the Respondent(s) a copy of the Report and a letter notifying the Respondent(s) of the Commission's determination to assess an administrative penalty and/or sanction the Respondent's license(s).

(b) The Respondent(s) has 30 days from receipt of the letter to respond to this correspondence. The Respondent(s) can accept the Commission's determination or can request to settle the case by formal or informal methods. Failure to respond within 30 days waives the right to a hearing and requires payment of the assessed penalty and/or enforcement of the license sanction.

(c) Informal methods to settle a case can include the following options:

  (1) Informal negotiation with the Staff Attorney or

  (2) Informal settlement conference with Executive Director, Staff Attorney and Investigator. Additionally, the complainant shall be given an opportunity to present his/her allegations at the settlement conference.

(d) If the Respondent accepts the Commission's determination to assess an administrative penalty and/or license sanction or if a settlement is reached via informal methods, the Respondent shall pay the penalty or shall enter into an Agreed Order with the Commission which is signed by the Executive Director. Once an Agreed Order is signed or the penalty is paid, the case is closed.

(e) If no resolution is reached as outlined by subsection (d) of this section, the Respondent is sent a Notice of Hearing and Complaint and the Commission sets the case on the SOAH Docket for a hearing before a SOAH Administrative Law Judge (ALJ).

(f) Once the ALJ renders a Proposal for Decision (PFD), the PFD is presented to the Commissioners at the Commission's next regularly scheduled meeting.

(g) The Commissioners accept or modify the PFD by Commission Order.

(h) The Respondent can either accept the Commission's Order, or after exhausting all administrative remedies, the Respondent can appeal the Commission's decision by filing suit for judicial review in accordance with Government Code, Chapter 2001, and Occupations Code §651.555.

(i) All correspondence to the Respondent(s) will be sent by both certified mail and first class mail to the Respondent's address of record on file with the Commission.

(j) The Commission will notify the Complainant of the final disposition of the complaint.

(k) Government Code §§2001.051 - 2001.103; Occupations Code §651.506; and SOAH's Rules of Practice and Procedure (Tex. Admin. Code, Title 1, §155) govern hearings held at SOAH.

(l) The Commission's Alternative Dispute Resolution Policy and Procedure Rule, found in §207.1 of this title, and SOAH's Rules of Practice and Procedure, Tex. Admin. Code, Title 1, §155.351, govern ADR with Commission staff and mediation at SOAH.

TEXAS ADMINISTRATIVE CODE: As in effect on 5/20/2026.

TITLE 22. EXAMINING BOARDS

PART 10. TEXAS FUNERAL SERVICE COMMISSION

CHAPTER 203. LICENSING AND ENFORCEMENT--SPECIFIC SUBSTANTIVE RULES

SUBCHAPTER C. ENFORCEMENT

§203.43. Administrative Penalties and Sanctions.

(a) If a person violates any provision of Occupations Code, Chapter 651; Health and Safety Code, Chapters 193, 361, 695, 711, 716; Finance Code Chapter 154; Tex. Admin. Code, Title 22, Part 10; or an order of the Executive Director or Commissioners, proceedings may be instituted to impose administrative penalties, administrative sanctions, or both administrative penalties and sanctions in accordance with the provisions of Occupations Code §§651.5515 - 651.552.

(b) The Administrative Penalties and Sanctions Schedule published following this section sets penalty limits and ranges by class of offense and number of offenses.

(c) The Commission may negotiate a lower penalty than outlined in the Administrative Penalties and Sanctions Schedule based on the following factors:

(1) Attempts by the licensee to correct or stop the violation;

(2) Number of complaints previously found justified against licensee;

(3) Whether the act was unintentional; and

(4) Other mitigating factors that could warrant a lower penalty.

(d) Multiple violations of Occupations Code, Chapter 651; Health and Safety Code, Chapters 193, 361, 695, 711, 716; Finance Code Chapter 154; Tex. Admin. Code, Title 22, Part 10, may result in higher penalties. Multiple violations may consist of violation of more than one section of the law, numerous violations of the same section of the law, or a combination of both.

(e) The Commission may require a licensee to issue a refund to a consumer in lieu of or in addition to assessing an administrative penalty. The amount of a refund ordered

under this section may not exceed the actual amount paid by the person to the license holder.

[201903281-1.pdf](201903281-1.pdf)

TEXAS ADMINISTRATIVE CODE: As in effect on 5/20/2026.

TITLE 22. EXAMINING BOARDS

PART 10. TEXAS FUNERAL SERVICE COMMISSION

CHAPTER 203. LICENSING AND ENFORCEMENT--SPECIFIC SUBSTANTIVE RULES

SUBCHAPTER C. ENFORCEMENT

§203.44. Procedures and Criteria for Inspections of Licensed Entities.

(a) Inspection Procedures.

(1) All licensed funeral establishments, commercial embalming facilities, and crematories shall be inspected at least once every two years.

(2) All inspections shall be unannounced.

(3) The inspector shall review prior inspection reports before inspecting a licensed entity. If prior reports reveal problems, the inspector shall determine whether the licensed entity has corrected the previously identified problems or whether a pattern of violations or new violations exist.

(4) Inspectors shall use reasonable efforts to conduct inspections between the hours of 8:00 a.m. and 5:00 p.m., but a licensed entity is required to be open at all times to inspections for violations of Occupations Code, Chapter 651, and Health and Safety Code, Chapters 193, 361, 711, and 716.

(5) If a licensed entity is not open for business during regular business hours and an inspector is unable to contact any employee or owner to open the licensed entity to conduct the inspection, the inspector shall notify the licensed entity by mail of the attempted inspection. If a licensed entity is unavailable for inspection during regular business hours twice during a six-month period, the Commission may file a complaint against the licensed entity, making the licensed entity subject to an administrative penalty or other action.

(b) The Commission may classify a licensed entity as risk-based for the following reasons:

(1) Previously found violations of Occupations Code, Chapter 651, and Health and Safety Code, Chapters 193, 361, 711, and 716, following a regular inspection.

(2) Multiple violations of Occupations Code, Chapter 651, or Rules of the Commission.

(3) Change of ownership.

(4) Newly issued license.

(c) Notwithstanding subsection (a)(1) of this section, a licensed entity may be inspected annually if the Commission classifies the entity as risk-based.

(d) The Commission will declassify an establishment as risk-based if it has two consecutive inspections with no found violations and/or it has no proven violations within a two-year period.

(e) If the Commission is in the process of conducting an investigation of a licensed entity, staff may inspect the licensed entity for the limited purpose of proving or disproving the validity of the complaint. The scope of inspections under this paragraph shall be limited to matters relating to the subject of the complaint.

TEXAS ADMINISTRATIVE CODE: As in effect on 5/20/2026.

TITLE 22. EXAMINING BOARDS

PART 10. TEXAS FUNERAL SERVICE COMMISSION

CHAPTER 203. LICENSING AND ENFORCEMENT--SPECIFIC SUBSTANTIVE RULES

SUBCHAPTER C. ENFORCEMENT

§203.45. Unprofessional Conduct.

(a) The Commission may, in its discretion, refuse to issue or renew a license or may fine, revoke, or suspend any license granted by the Commission if the Commission finds that the applicant or licensee has engaged in unprofessional conduct as defined in this section.

(b) For the purpose of this section, unprofessional conduct shall include but not be limited to:

(1) providing funeral goods and services or performing acts of embalming in violation of Occupations Code, Chapter 651, the Rules of the Commission or applicable health and vital statistics laws and rules;

(2) refusing or failing to keep, maintain or furnish any record or information required by law or rule, including a failure to timely submit any documentation requested during the course of a Commission investigation;

(3) operating the licensed entity in an unsanitary manner;

(4) failing to practice funeral directing or embalming in a manner consistent with the public health or welfare;

(5) obstructing a Commission employee in the lawful performance of such employee's duties of enforcing Occupations Code, Chapter 651, or the Rules of the Commission;

(6) copying, retaining, repeating, or transmitting in any manner the questions contained in any examination administered by the Commission;

(7) physically abusing or threatening to physically abuse a Commission employee during the performance of his lawful duties;

(8) conduct which is willful, flagrant, or shameless or which shows a moral indifference to the standards of the community;

(9) in the practice of funeral directing or embalming, engaging in:

(A) fraud, which means an intentional perversion of truth for the purpose of inducing another in reliance upon it to part with some valuable thing belonging to him, or to surrender a legal right, or to issue a license; a false representation of a matter of fact, whether by words or conduct, by false or misleading allegations, or by concealment of that which should have been disclosed, which deceives or is intended to deceive another;

(B) deceit, which means the assertion, as a fact, of that which is not true by any means whatsoever to deceive or defraud another;

(C) misrepresentation, which means a manifestation by words or other conduct which is a false representation of a matter of fact;

(10) communicating directly or indirectly with a Commissioner during the pendency of a complaint in connection with an issue of fact or law, except upon notice and opportunity for each party to participate;

(11) attempting to influence a complainant or witness in any complaint case to change the nature of the complaint, or withdraw the complaint by means of coercion, harassment, bribery, or by force, or threat of force;

(12) retaliating or threatening to retaliate against a complainant who has filed a complaint with the Commission in good faith;

(13) failing to make payment to a sub-contractor for consumer-related services performed by the sub-contractor pursuant to an agreement with the licensee; or

(14) violating any Texas law or administrative rules governing the transportation, storage, refrigeration, interment, cremation, or disinterment of the dead.

TEXAS ADMINISTRATIVE CODE: As in effect on 5/20/2026.

TITLE 22. EXAMINING BOARDS

PART 10. TEXAS FUNERAL SERVICE COMMISSION

CHAPTER 203. LICENSING AND ENFORCEMENT--SPECIFIC SUBSTANTIVE RULES

SUBCHAPTER C. ENFORCEMENT

§203.46. Price Disclosure.

(a) In selling or offering to sell funeral goods or funeral services to the public it is an unfair or deceptive act or practice for a funeral provider to fail to furnish accurate price information disclosing the cost to the purchaser or prospective customer for each of the specific funeral goods and funeral services used in connection with the disposition of deceased human bodies. Such price information must include at least the price of embalming, transportation of remains, use of facilities, caskets, outer burial containers, urns, immediate burials, or direct cremations. Any funeral provider who complies with the preventive requirements in subsection (b) of this section is not engaged in the unfair or deceptive acts or practices defined here.

(b) To prevent these unfair or deceptive acts or practices, as well as the unfair or deceptive acts or practices defined in §203.49(b)(1) of this title, funeral providers must:

(1) Telephone price disclosure. Tell persons who ask by telephone about the funeral provider's offerings or prices any accurate information from the price lists described in paragraphs (2) - (5) of this subsection and any other readily available information that reasonably answers the question.

(2) Casket price list.

(A) Give a printed or typewritten price list to people who inquire in person about the offerings or prices of caskets or alternative containers. The funeral provider must offer the list upon beginning discussion of, but in any event before showing caskets. In lieu of a written list, other formats, such as notebooks, brochures, or charts may be used if they contain the same information as would the printed or typewritten list, and display it in a clear and conspicuous manner. Provided, however, that funeral providers do not have to make a casket price list

available if the funeral providers place on the general price list, specified in paragraph (5) of this subsection, the information required by this subsection.

(B) The list must contain the effective date and the retail prices of all caskets and alternative containers offered which do not require special ordering, and must include, at a minimum, the following specifications:

(i) The type of material that is predominately used in the construction of the merchandise, i.e.:

(I) steel, identified as stainless or by gauge, e.g., 18 gauge;

(II) wood, identified by type, e.g., pecan or cherry;

(III) bronze, described by weight, e.g., 32 oz.;

(IV) copper, described by weight, e.g., 32 oz.; or

(V) other specifically named material, e.g., such as cardboard or corrugated wood;

(ii) The type of sealing feature, e.g., sealer, non-sealer, gasketed, or non-gasketed, if specified on the funeral provider's general price list; and

(iii) The material lining the interior of the casket, e.g., crepe, velvet, satin, twill or silk.

(C) Place on the list, however produced, the name of the funeral provider's place of business and a caption describing the list as a "casket price list."

(3) Outer burial container price list.

(A) Give a printed or typewritten price list to persons who inquire in person about outer burial container offerings or prices. The funeral provider must offer the list upon beginning discussion of, but in any event before showing the containers. The list must contain at least the retail prices of all outer burial containers offered which do not require special ordering, enough information to identify each container, and the effective date for the prices listed. In lieu of a written list, the funeral provider may use other formats, such as notebooks, brochures, or charts, if they contain the same information as the printed or typewritten list, and display it in a clear and conspicuous manner. Provided, however, that funeral providers do not have to make an outer burial container price list available if the funeral providers place on the general price list, specified in paragraph (5) of this subsection, the information required by this subsection. The description of an outer burial container under this section must, at a minimum, include the following specifications:

(i) The type of material that is predominantly used in the construction of the merchandise, i.e.:

(I) concrete, specifying type of construction, e.g., liner, box, or vault;

(II) steel, identified as stainless or by gauge, e.g., 12 gauge (or described as galvanized of a particular gauge);

(III) wood;

(IV) bronze or copper, described by weight or gauge, e.g., 32 oz. or 18 gauge; or

(V) other specifically named material; and

(ii) The type of sealing feature, e.g., sealer, non-sealer, gasketed, or non-gasketed, if specified on the funeral establishment price list.

(B) Place on the list, however produced, the name of the funeral provider's place of business, address, and telephone number, and a caption describing the list as an "outer burial container price list."

(4) Urn price list.

(A) Give a printed or typewritten price list to persons who inquire in person about urn offerings or prices. The funeral provider must offer the list upon beginning discussion of, but in any event, before showing the containers. The list must contain at least the retail prices of all urns offered which do not require special ordering, the description of an urn under this section must, at a minimum, include the type of material predominately used in its construction. Bronze urns must be described as sheet bronze or caste bronze, whichever is applicable. The price list must include the effective date for the prices listed. In lieu of a written list, the funeral provider may use other formats, such as notebooks, brochures, or charts, if they contain the same information as the printed or typewritten list, and display it in a clear and conspicuous manner. Provided, however, that funeral providers do not have to make an urn price list available if the funeral providers place on the general price list, specified in paragraph (5) of this subsection, the information required by this subsection.

(B) Place on the list, however produced, the name of the funeral provider's place of business, address and telephone number and a caption describing the list as an "urn price list."

(5) General price list.

(A) Availability of general price list.

(i) Give a printed or typewritten price list for retention to persons who inquire in person about the funeral goods, funeral services or prices of funeral goods or services offered by the funeral provider. The funeral provider must give the list upon beginning discussion of any of the following:

(I) the prices of funeral goods or funeral services;

(II) the overall type of funeral service or disposition; or

(III) specific funeral goods or funeral services offered by the funeral provider.

(ii) The requirement in clause (i) of this subparagraph applies whether the discussion takes place in the funeral home or elsewhere. Provided, however, that when the deceased is removed for transportation to the funeral home, an in-person request at that time for authorization to embalm, required by §203.50(a)(2) of this title, does not, by itself, trigger the requirement to offer the general price list if the provider in seeking prior embalming approval discloses that embalming is not required by law except in certain special cases, if any. Any other discussion during that time about prices or the selection of funeral goods or services triggers the requirement under clause (i) of this subparagraph to give consumers a general price list.

(iii) The list required in clause (i) of this subparagraph must contain at least the following information:

(I) the name, address, and telephone number of the funeral provider's place of business;

(II) a caption describing the list as a "general price list"; and

(III) the effective date for the price list.

(B) Include on the price list, in any order, the retail prices (expressed either as the flat fee, or as the price per hour, mile or other unit of computation) and the other information specified below for at least each of the following items, if offered for sale:

(i) forwarding of remains to another funeral home, together with a list of the services provided for any quoted price;

(ii) receiving remains from another funeral home, together with a list of the services provided for any quoted price;

(iii) the price range for the direct cremations offered by the funeral provider, together with:

(I) a separate price for a direct cremation where the purchaser provides the container;

(II) separate prices for each direct cremation offered including an alternative container; and

(III) a description of the services and container (where applicable), included in each price;

(iv) the price range for the immediate burials offered by the funeral provider, together with:

(I) a separate price for an immediate burial where the purchaser provides the casket;

(II) separate prices for each immediate burial offered including a casket or alternative container; and

(III) a description of the services and container (where applicable) included in that price;

(v) transfer of remains to funeral home;

(vi) embalming;

(vii) other preparation of the body;

(viii) use of facilities and staff for viewing;

(ix) use of facilities and staff for funeral ceremony;

(x) use of facilities and staff for memorial service;

(xi) use of equipment and staff for graveside service;

(xii) hearse;

(xiii) limousine; and

(xiv) filing a claim seeking life insurance proceeds on behalf of the beneficiaries.

(C) Include on the general price list, in any order, the following information:

(i) Either of the following:

(I) The price range for the caskets offered by the funeral provider, together with the statement: "A complete price list will be provided at the funeral home."; or

(II) The prices of individual caskets, disclosed in the manner specified by paragraph (2)(A) of this subsection; and

(ii) Either of the following:

(I) The price range for the outer burial containers offered by the funeral provider, together with the statement: "A complete price list will be provided at the funeral home."; or

(II) The prices of individual outer burial containers, disclosed in the manner specified by paragraph (3)(A) of this subsection; and

(iii) Either of the following:

(I) The price for the basic services of funeral director and staff, together with a list of the principal basic services provided for any quoted price and, if the charge cannot be declined by the purchaser, the statement: "This fee for our basic services will be added to the total cost of the funeral arrangements you select. (This fee is already included in our charges for direct cremations, immediate burials, and forwarding or receiving remains.)." If the charge cannot be declined by the purchaser, the quoted price shall include all charges for the recovery of unallocated funeral provider overhead, and funeral providers may include in the required disclosure the phrase "and overhead" after the word "services"; or

(II) The following statement: "Please note that a fee of (specify dollar amount) for the use of our basic services is included in the price of our caskets. This same fee shall be added to the total cost of your funeral arrangements if you provide the casket. Our services include (specify)." The fee shall include all charges for the recovery of unallocated funeral provider overhead, and funeral providers may include in the required disclosure the phrase "and overhead" after the word "services." The statement must be placed on the general price list together with the casket price range, required by clause (i)(I) of this subparagraph, or together with the prices of individual caskets, required by clause (i)(II) of this subparagraph.

(iv) If the funeral home charges for processing the insurance claim, that fee shall be disclosed.

(v) If a consumer intends to use the proceeds from an insurance policy to pay for a funeral and the funeral provider requires payment before the proceeds

from such policy can be obtained and, if the funeral provider does not provide the service of filing a claim seeking life insurance proceeds on behalf of the beneficiary (or, if the funeral provides the service and the consumer does not wish to utilize the services of the funeral provider), the funeral provider shall include the following statement on the general price list: "Please note that if you utilize a third party to file a claim seeking expedited receipt of life insurance proceeds on behalf of a beneficiary, there will be a fee to be paid associated with the filing of such a claim."

(D) The services fee permitted by subparagraph (C)(iii)(I) or (II) of this paragraph is the only funeral provider fee for services, facilities or unallocated overhead permitted by this part to be non-declinable, unless otherwise required by law.

(6) Funeral providers may give persons any other price information, in any other format, in addition to that required by paragraphs (2) - (5) of this subsection so long as the statement required by §203.47 of this title is provided when required.

TEXAS ADMINISTRATIVE CODE: As in effect on 5/20/2026.

TITLE 22. EXAMINING BOARDS

PART 10. TEXAS FUNERAL SERVICE COMMISSION

CHAPTER 203. LICENSING AND ENFORCEMENT--SPECIFIC SUBSTANTIVE RULES

SUBCHAPTER C. ENFORCEMENT

§203.47. Purchase Agreement (Statement of Funeral Goods and Services Selected).

(a) Funeral providers must give an itemized written statement for retention to each person who arranges a funeral or other disposition of human remains, at the conclusion of the discussion of arrangements. The Purchase Agreement must list at least the following information:

(1) the funeral goods and funeral services selected by that person and the prices to be paid for each of them, unless there is a discounted package arrangement that itemizes the discount provided by the package arrangement;

(2) specifically itemized cash advance items. (These prices must be given to the extent then known or reasonably ascertainable. If the prices are not known or reasonably ascertainable, a good faith estimate shall be given and a written statement of the actual charges shall be provided before the final bill is paid.);

(3) the total cost of the goods and services selected;

(4) the complete description of all goods purchased as described in §203.46(2) - (5) of this title.

(b) The information required by this section may be included on any contract, statement, or other document which the funeral provider would otherwise provide at the conclusion of discussion of arrangements.

(c) If a funeral provider's graphically illustrated logo or a bold listing of the logo is included in an obituary, the funeral provider shall list separately the additional cost, if any, related to the inclusion of such logo in the cash advance portion of the Purchase Agreement.

(d) If a funeral establishment receives a dead human body from another funeral establishment, the receiving funeral establishment shall include under cash advances on the purchase agreement any amount owed by the customer for services provided to but not paid for by the customer. The receiving funeral establishment shall remit the funds collected from the consumer to the transferring funeral establishment. Services that may be charged by the receiving funeral establishment on behalf of the transferring funeral establishment include the following:

(1) removal;

(2) refrigeration;

(3) embalming, if authorized;

(4) transportation; and

(5) casket, if used.

TEXAS ADMINISTRATIVE CODE: As in effect on 5/20/2026.

TITLE 22. EXAMINING BOARDS

PART 10. TEXAS FUNERAL SERVICE COMMISSION

CHAPTER 203. LICENSING AND ENFORCEMENT--SPECIFIC SUBSTANTIVE RULES

SUBCHAPTER C. ENFORCEMENT

§203.48. Misrepresentations.

(a) Embalming provisions.

(1) In selling or offering to sell funeral goods or funeral services to the public, it is deceptive act or practice for a funeral provider to:

(A) represent that state or local law requires that a deceased person be embalmed when such is not the case; or

(B) fail to disclose that embalming is not required by law except in certain special cases, if any.

(2) To prevent these deceptive acts or practices, as well as the unfair or deceptive acts or practices defined in §203.49(b)(1) of this title and §203.50(a) of this title, funeral providers must:

(A) not represent that a deceased person is required to be embalmed for:

(i) Direct cremation;

(ii) Immediate burial; or

(iii) A closed casket funeral without viewing or visitation when refrigeration is available and when state or local law does not require embalming; and

(B) Place the following disclosure on the general price list, required by §203.46(b)(5) of this title, in immediate conjunction with the price shown for embalming: "Except in certain special cases, embalming is not required by law. Embalming may be necessary, however, if you select certain funeral arrangements, such as a funeral with viewing. If you do not want embalming,

you usually have the right to choose an arrangement that does not require you to pay for it, such as direct cremation or immediate burial." The phrase "except in certain special cases" need not be included in this disclosure if state or local law in the area(s) where the provider does business does not require embalming under any circumstances.

(b) Casket for cremation provisions.

(1) In selling or offering to sell funeral goods or funeral services to the public, it is a deceptive act or practice for a funeral provider to:

(A) represent that state or local law requires a casket for direct cremations; or

(B) represent that a casket is required for direct cremations.

(2) To prevent these deceptive acts or practices, as well as the unfair or deceptive acts or practices defined in §203.49(a)(1) of this title, funeral providers must place the following disclosure in immediate conjunction with the price range shown for direct cremations: "If you want to arrange a direct cremation, you can use an alternative container. Alternative containers encase the body and can be made of materials like fiberboard or composition materials (with or without an outside covering). The containers we provide are (specify containers)." This disclosure only has to be placed on the general price list if the funeral provider arranges direct cremations.

(c) Outer burial container provisions.

(1) In selling or offering to sell funeral goods and funeral services to the public, it is a deceptive act or practice for a funeral provider to:

(A) represent that state or local laws or regulations, or particular cemeteries, require outer burial containers when such is not the case; or

(B) fail to disclose to persons arranging funerals that state law does not require the purchase of an outer burial container.

(2) To prevent these deceptive acts or practices, funeral providers must place the following disclosure on the outer burial container price list, required by §203.46(b)(3)(A) of this title, or, if the prices of outer burial containers are listed on the general price list, required by §203.46(b)(5) of this title, in immediate conjunction with those prices: "In most areas of the country, state or local law does not require that you buy a container to surround the casket in the grave. However, many cemeteries require that you have such a container so that the grave will not sink in. Either a grave liner or a burial vault will satisfy these requirements." The phrase "in most areas of the country" need not be included in this disclosure if state or

local law in the area(s) where the provider does business does not require a container to surround the casket in the grave.

(d) General provisions on legal and cemetery requirements.

(1) In selling or offering to sell funeral goods or funeral services to the public, it is a deceptive act or practice for funeral providers to represent that federal, state, or local laws, or particular cemeteries or crematories, require the purchase of any funeral goods or funeral services when such is not the case.

(2) To prevent these deceptive acts or practices, as well as the deceptive acts or practices identified in subsections (a)(1), (b)(1), and (c)(1) of this section, funeral providers must identify and briefly describe in writing on the Purchase Agreement required by §203.47 of this title any legal, cemetery, or crematory requirement which the funeral provider represents to persons as compelling the purchase of funeral goods or funeral services for the funeral which that person is arranging.

(e) Provisions on preservative and protective value claims. In selling or offering to sell funeral goods or funeral services to the public, it is a deceptive act or practice for a funeral provider to:

(1) represent that funeral goods or funeral services will delay the natural decomposition of human remains for a long-term or indefinite time; or

(2) represent that funeral goods have protective features or will protect the body from gravesite substances, when such is not the case.

(f) Cash advance provisions.

(1) In selling or offering to sell funeral goods or funeral services to the public, it is a deceptive act or practice for a funeral provider to:

(A) represent that the price charged for a cash advance item is the same as the cost to the funeral provider for the item when such is not the case; or

(B) fail to disclose to persons arranging funerals that the price being charged for a cash advance item is not the same as the cost to the funeral provider for the item when such is the case.

(2) To prevent these deceptive acts or practices: Funeral providers must place the following sentence in the itemized Purchase Agreement in immediate conjunction with the list of itemized cash advance items required by §203.49 of this title: "We charge you for our services in obtaining: (specify cash advance items)," if the funeral provider makes a charge upon, or receives and retains a rebate, commission or trade or volume discount upon a cash advance item.

TEXAS ADMINISTRATIVE CODE: As in effect on 5/20/2026.

TITLE 22. EXAMINING BOARDS

PART 10. TEXAS FUNERAL SERVICE COMMISSION

CHAPTER 203. LICENSING AND ENFORCEMENT--SPECIFIC SUBSTANTIVE RULES

SUBCHAPTER C. ENFORCEMENT

§203.49. Required Purchase of Funeral Goods or Funeral Services.

(a) Casket for cremation provisions.

(1) In selling or offering to sell funeral goods or funeral services to the public, it is an unfair or deceptive act or practice for a funeral provider, or a crematory, to require that a casket be purchased for direct cremation.

(2) To prevent this unfair or deceptive act or practice, funeral providers must make an alternative container available for direct cremations, if they arrange direct cremations.

(b) Other required purchases of funeral goods or funeral services.

(1) In selling or offering to sell funeral goods or funeral services, it is an unfair or deceptive act or practice for a funeral provider to:

(A) condition the furnishing of any funeral good or funeral service to a person arranging a funeral upon the purchase of any other funeral good or funeral service, except as required by law or as otherwise permitted by this part; or

(B) charge any fee as a condition to furnishing any funeral goods or funeral services to a person arranging a funeral, other than the fees for:

(i) services of funeral director and staff, permitted by §203.46(b)(5)(C)(iii) of this title;

(ii) other funeral services and funeral goods selected by the purchaser; and

(iii) other funeral goods or services required to be purchased, as explained on the itemized statement in accordance with §203.48(d)(2) of this title.

(2) Preventative Requirements

(A) To prevent these unfair or deceptive acts or practices, funeral providers must:

(i) Place the following disclosure in the general price list, immediately above the prices required by §203.46(b)(5)(B) and (C) of this title: "The goods and services shown below are those we can provide to our customers. You may choose only the items you desire. If legal or other requirements mean you must buy any items you did not specifically ask for, we will explain the reason in writing on the statement we provide describing the funeral goods and services you selected." Provided, however, that if the charge for "services of funeral director and staff" cannot be declined by the purchaser, the statement shall include the sentence: "However, any funeral arrangements you select will include a charge for our basic services" between the second and third sentences of the statement specified above herein. The statement may include the phrase "and overhead" after the word "services" if the fee includes a charge for the recovery of unallocated funeral provider overhead;

(ii) Place the following disclosure in the Purchase Agreement, required by §203.47 of this title: "Charges are only for those items that you selected or that are required. If we are required by law or by a cemetery or crematory to use any items, we will explain the reasons in writing below."

(B) A funeral provider shall not violate this section by failing to comply with a request for a combination of goods or services which would be impossible, impractical, or excessively burdensome to provide.

TEXAS ADMINISTRATIVE CODE: As in effect on 5/20/2026.

TITLE 22. EXAMINING BOARDS

PART 10. TEXAS FUNERAL SERVICE COMMISSION

CHAPTER 203. LICENSING AND ENFORCEMENT--SPECIFIC SUBSTANTIVE RULES

SUBCHAPTER C. ENFORCEMENT

§203.50. Embalming Provided Without Prior Approval.

(a) In selling or offering to sell funeral goods or funeral services to the public, it is an unfair or deceptive act or practice for any provider to embalm a deceased human body for a fee unless:

(1) state or local law or regulation requires embalming in the particular circumstances regardless of any funeral choice which the family might make;

(2) prior approval for embalming (expressly so described) has been obtained from a family member or other authorized person; or

(3) the funeral provider is unable to contact a family member or other authorized person after exercising due diligence, has no reason to believe the family does not want embalming performed, and obtains subsequent approval for embalming already performed (expressly so described). In seeking approval, the funeral provider must disclose that a fee will be charged if the family selects a funeral which requires embalming, such as a funeral with viewing, and that no fee will be charged if the family selects a service which does not require embalming, such as direct cremation or immediate burial.

(b) To prevent these unfair or deceptive acts or practices, funeral providers must include on the itemized Purchase Agreement, required by §203.47 of this title, the statement: "If you selected a funeral that may require embalming, such as a funeral with viewing, you may have to pay for embalming. You do not have to pay for embalming you did not approve if you selected arrangements such as a direct cremation or immediate burial. If we charged for embalming, we will explain why below."

TEXAS ADMINISTRATIVE CODE: As in effect on 5/20/2026.

TITLE 22. EXAMINING BOARDS

PART 10. TEXAS FUNERAL SERVICE COMMISSION

CHAPTER 203. LICENSING AND ENFORCEMENT--SPECIFIC SUBSTANTIVE RULES

SUBCHAPTER C. ENFORCEMENT

§203.51. Comprehensive of Disclosures.

To prevent the unfair or deceptive acts or practices specified in §§203.46 - 203.50 of this title, funeral providers must make all disclosures required by those sections in a clear and conspicuous manner. Providers shall not include in the casket, outer burial container, urn, and general price lists, required by §203.46(b)(2) - (5) of this title, any statement or information that alters or contradicts the information required to be included in those lists.

TEXAS ADMINISTRATIVE CODE: As in effect on 5/20/2026.

TITLE 22. EXAMINING BOARDS

PART 10. TEXAS FUNERAL SERVICE COMMISSION

CHAPTER 203. LICENSING AND ENFORCEMENT--SPECIFIC SUBSTANTIVE RULES

SUBCHAPTER C. ENFORCEMENT

§203.52. Violation to Engage in Unfair or Deceptive Acts or Practices.

Except as otherwise provided in §203.46(a) of this title, it is a violation to engage in any unfair or deceptive acts or practices specified in Occupations Code Chapter 651 or in the Rules of the Commission, or to fail to comply with any of the preventive requirements specified in Occupations Code Chapter 651 or in the Rules of the Commission.