**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| EAST PLANO ISLAMIC CENTER (EPIC),<br><br>*Plaintiff,*<br><br>v.<br><br>TEXAS FUNERAL SERVICE COMMISSION, TEXAS FUNERAL SERVICE COMMISSION EXECUTIVE DIRECTOR IN THEIR OFFICIAL CAPACITY, AND KRISTIN TIPS IN HER INDIVIDUAL CAPACITY,<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 1:25-cv-1085-DAE |

---

**ANSWER OF DEFENDANTS TEXAS FUNERAL SERVICE COMMISSION AND TEXAS FUNERAL SERVICE COMMISSION EXECUTIVE DIRECTOR TO PLAINTIFF'S THIRD AMENDED COMPLAINT AND REQUEST FOR PERMANENT INJUNCTION**

---

TO THE HONORABLE DAVID A. EZRA:

NOW COME Defendants the Texas Funeral Service Commission ("TFSC") and the TFSC Executive Director in the official capacity ("TFSC Executive Director") to file this Answer to Plaintiff's Third Amended Complaint and Request for Permanent Injunction ("TAC"), in accordance with Federal Rules of Civil Procedure 8 and 15(a)(3), and would respond as follows:

Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations[1] in the first paragraph (found on page 1 of the TAC) of the preambular portion of the TAC. To the extent this paragraph

[1] Here and wherever else Defendants indicate throughout this Answer that they presently lack knowledge or information sufficient to form a belief about the truth of an allegation, such representation shall be understood to be a denial of said allegation.

contains conclusions of law, said conclusions require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions, contained in the paragraph.

Defendants TFSC and the TFSC Executive Director deny the allegations in the first sentence of the second paragraph of the preambular portion of the TAC (found on page 1 of the TAC) that are directed at them. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of the second paragraph of the preambular portion of the TAC (found on pages 1-2 of the TAC). To the extent this second paragraph contains conclusions of law, said conclusions require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in the paragraph.

Defendants TFSC and the TFSC Executive Director deny the allegations in the third paragraph of the preambular portion of the TAC (found on page 2 of the TAC) that are directed at them. The allegations in that paragraph that are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director (including assertions in the first sentence concerning Commissioner Tips) do not call for an answer on the part of Defendant TFSC or Defendant the TFSC Executive Director (FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations contained in the paragraph. Finally, to the extent the paragraph contains conclusions of law, said conclusions require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all legal conclusions contained in the paragraph.

## PARTIES

1. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 of the TAC.

2. Defendants TFSC and the TFSC Executive Director admit the allegations in paragraph 2 of the TAC only to the extent that Defendants concede that the allegations consist of quotations and summaries of provisions of Chapter 651 of the Texas Occupation Code and provide the address of TFSC's main office. To the extent this second paragraph contains conclusions of law, said conclusions require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in the paragraph.

3. Defendants TFSC and the TFSC Executive Director admit the allegations in paragraph 3 of the TAC, except that the date of Ms. Haynes's appointment as Interim Executive Director was July 21, 2025.

4. Defendants TFSC and the TFSC Executive Director admit the allegations in paragraph 4 of the TAC to the extent they recount past events. They deny that Defendant Tips is presently a member of the Commission or presently serving as Presiding Officer.

## JURISDICTION

5. Defendants TFSC and the TFSC Executive Director admit the allegation in paragraph 5 of the TAC that this lawsuit involves federal and state law claims regarding a state administrative agency, but they otherwise deny the allegations in paragraph 5, including the legal conclusion that this Court has subject matter jurisdiction over this lawsuit.

6. Paragraph 6 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions, contained in paragraph 6 of the TAC.

7. Paragraph 7 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions, contained in paragraph 7 of the TAC.

8. Paragraph 8 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions, contained in paragraph 8 of the TAC, except that they admit that the case was removed to federal court.

9. The allegations in paragraph 9 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); moreover, Paragraph 9 consists of legal conclusions that require no answer. Nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in paragraph 9 of the TAC.

## VENUE

10. Defendants TFSC and the TFSC Executive Director admit the allegations in paragraph 10 of the TAC.

## BACKGROUND

11. Paragraph 11 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions, contained in paragraph 11 of the TAC, except that

they admit that Texas Occupations Code §§ 651.251-.267 address license requirements for funeral directors and embalmers, §§ 651.301-.306 address license requirements for provisional license holders, §§ 651.351-.354 address license requirements for funeral and commercial embalmer establishments, and § 651.656 addresses the requirement for the owner or operator of a crematory establishment to hold a crematory license issued by the TFSC. The other statutory references and purported summarizes of cited statutory provisions included in paragraph 11 are underinclusive and/or do not accurately or completely summarize the provisions to which reference is made.

12. Defendants TFSC and the TFSC Executive Director admit the allegations in paragraph 12 of the TAC, except that the conclusion contained in the first sentence of paragraph 12 and the examples that follow it are all underinclusive, in the sense that they are not the sole factors relevant for determining the scope of the Commission's authority.

13. Paragraph 13 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions, contained in paragraph 13 of the TAC, except that they admit that Subchapter J of Chapter 651 is captioned as alleged and contains the quoted language, though, here again, the examples Plaintiff provides do not constitute an exhaustive demonstration of the Commision's regulatory authority.

14. Paragraph 14 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions, contained in paragraph 14 of the TAC.

15. Defendants TFSC and the TFSC Executive Director admit that the first sentence of paragraph 15 contains an accurate quotation of Texas Occupations Code § 651.351(a). The second and third narrative sentences of paragraph 15 consist of legal conclusions that require no answer;

nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all legal conclusions contained in the second and third narrative sentences of paragraph 15 of the TAC. To the extent that the second and third narrative sentences of paragraph 15 of the TAC contain express or implicit factual assertions, Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of such allegations.

16. Defendants TFSC and the TFSC Executive Director admit that paragraph 16 contains several accurate or nearly accurate quotations from a December 9, 1987 letter that appears to have been issued by TFSC to a certain Abdul Wahidi of Cedar Park, Texas and that is attached as Exhibit 2 to Plaintiff's Verified Original Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction filed in this matter in the District Court of Travis County, 250th Judicial District Court on July 2, 2025. Defendants TFSC and the TFSC Executive Director deny the remainder of the allegations in paragraph 16, including any legal conclusions contained therein.

17. Defendants TFSC and the TFSC Executive Director admit that paragraph 17 contains several accurate or nearly accurate quotations from a December 17, 2024 letter that was attached as Exhibit 3 to Plaintiff's Verified Original Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction filed in this matter in the District Court of Travis County, 250th Judicial District Court on July 2, 2025. Defendants TFSC and the TFSC Executive Director deny the remainder of the allegations in paragraph 17, including any legal conclusions contained therein.

18. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18 of the TAC.

19. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 of the TAC.

20. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20 of the TAC.

21. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 of the TAC.

22. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 of the TAC.

23. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23 of the TAC.

24. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 of the TAC, except that, on information and belief, they deny the second sentence of paragraph 24.

25. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 of the TAC.

26. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26 of the TAC.

27. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations contained in the first two sentences of paragraph 27. Defendants TFSC and the TFSC Executive Director deny the remainder of the allegations in paragraph 27 of the TAC, including any legal conclusions contained therein.

28. Defendants TFSC and the TFSC Executive Director admit that paragraph 28 contains accurate quotations from a March 26, 2025 letter that was issued by TFSC's then-Executive Director and which is attached as Exhibit 4 to Plaintiff's Verified Original Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction filed in this matter in the District Court of Travis County, 250th Judicial District Court on July 2, 2025. Defendants TFSC and the TFSC Executive Director deny the remainder of the allegations in paragraph 28 of the TAC, including any legal conclusions and erroneous factual premises contained therein.

29. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29 of the TAC.

30. Defendants TFSC and the TFSC Executive Director admit that the tweet that is presented in excerpted form in paragraph 30 reflects a February 14, 2025 tweet that was posted on

the X platform by an individual who refers to hereself as Amy Mek. They presently lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 30 of the TAC.

31. The allegations in paragraph 31 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 of the TAC.

32. Defendants TFSC and the TFSC Executive Director admit that the tweet that is presented in excerpted form in paragraph 32 reflects a February 24, 2025 tweet that was posted on the X platform by Texas Governor Abbott. They presently lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 32 of the TAC.

33. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33 of the TAC.

34. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in the first and third sentences of paragraph 34 of the TAC. Defendants TFSC and the TFSC Executive Director deny the allegations in the second sentence of paragraph 34 of the TAC.

35. Defendants TFSC and the TFSC Executive Director admit the allegations in paragraph 35 of the TAC.

36. Defendants TFSC and the TFSC Executive Director admit the allegations in paragraph 36 of the TAC.

37. Defendants TFSC and the TFSC Executive Director admit the allegations in paragraph 37 of the TAC.

38. Defendants TFSC and the TFSC Executive Director admit the allegations in paragraph 38 of the TAC.

39. Defendants TFSC and the TFSC Executive Director admit the allegations in paragraph 39 of the TAC.

40. Defendants TFSC and the TFSC Executive Director admit the allegations in paragraph 40 of the TAC.

41. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in the first and second sentences of paragraph 41 of the TAC. Defendants TFSC and the TFSC Executive Director admit the allegations in the third sentence of paragraph 41 of the TAC, except that they deny the date of the first press release quoted in that sentence (the correct date of which appears to be April 14, 2025).

42. The allegations in paragraph 42 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42 of the TAC.

43. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43 of the TAC.

44. Defendants TFSC and the TFSC Executive Director deny the allegations in the first two sentences of paragraph 44 of the TAC. They presently lack knowledge or information sufficient to form a belief about the truth of the allegations in third and fourth sentences of paragraph 44 of the TAC. They deny the allegations in the fifth and sixth sentences of paragraph 44 of the TAC, including the implication in the fifth sentence that deriving "profit" is a relevant standard under the applicable regulatory regime.

45. Defendants TFSC and the TFSC Executive Director deny the allegations in paragraph 45 of the TAC.

46. The first and second sentences of paragraph 46 consist of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions, contained in the first and second sentences of paragraph 46 of the TAC. Defendants TFSC and the TFSC Executive Director admit the factual allegation in the third sentence of paragraph 46 of the TAC about the holding of a hearing; the remainder of that sentence consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all remaining allegations, including the legal conclusions, contained in the third sentence of paragraph 46 of the TAC. The fourth sentence (beginning "Moreover, nothing in Subchapter K authorizes …") of paragraph 46 of the TAC and all the remaining sentences of that paragraph consist of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in the fourth through the final sentences of paragraph 46 of the TAC.

47. Defendants TFSC and the TFSC Executive Director deny the allegations in paragraph 47 of the TAC.

48. Defendants TFSC and the TFSC Executive Director deny that Defendant Tips is presently a member and Presiding Officer of TFSC, but they otherwise admit the allegations in paragraph 48 of the TAC.

49. Paragraph 49 consists of conclusions of law, which require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in paragraph 49 of the TAC, except that they admit that the quoted language can be found in the identified Texas Code sections.

50. The allegations in paragraph 50 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 50 of the TAC.

51. Defendants TFSC and the TFSC Executive Director deny that Defendant Tips is presently a member and Presiding Officer of TFSC, but they otherwise admit the allegations in the first sentence of paragraph 51 of the TAC. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 51 of the TAC.

52. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 52 of the TAC.

53. The allegations in paragraph 53 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 53 of the TAC.

54. The allegations in paragraph 54 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 54 of the TAC.

55. The allegations in paragraph 55 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 55 of the TAC.

56. The allegations in paragraph 56 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 56 of the TAC.

57. The allegations in paragraph 57 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC

Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 57 of the TAC.

58. The allegations in paragraph 58 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 58 of the TAC, except that Defendants TFSC and TFSC Executive Director admit that the Executive Director signed the C&D Letter, as alleged in the first sentence of paragraph 58 of the TAC.

59. The allegations in paragraph 59 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 59 of the TAC.

60. The allegations in paragraph 60 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 60 of the TAC.

61. The allegations in paragraph 61 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC

Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 61 of the TAC.

62. The allegations in paragraph 62 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 62 of the TAC.

63. The allegations in paragraph 63 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 63 of the TAC.

64. The allegations in paragraph 64 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 64 of the TAC.

65. The allegations in the first sentence of paragraph 65 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations contained in the first sentence of paragraph 65 of the TAC. Defendants TFSC and the TFSC Executive Director deny all allegations, including any

legal conclusions and erroneous factual premises, contained in the remainder of paragraph 65 of the TAC.

66. The allegations in paragraph 66 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 66 of the SCA.

67. The allegations in paragraph 67 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 67 of the TAC.

68. The allegations in paragraph 68 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including any legal conclusions and erroneous factual premises, contained in paragraph 68 of the TAC.

69. The allegations in paragraph 69 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)) and/or consist of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions, contained in paragraph 69 of the TAC.

## PLAINTIFF'S CAUSES OF ACTION

### Count 1

70. Paragraph 70 does not contain any allegation to which a response is required.

71. Paragraph 71 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions, contained in paragraph 71 of the TAC.

72. The first, fourth, fifth, and sixth sentences of paragraph 72 consist of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions, contained in the first, fourth, fifth, and sixth sentences of paragraph 72. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 72. Defendants TFSC and the TFSC Executive Director deny the allegations in the third sentence of paragraph 72 of the TAC.

73. Paragraph 73 does not contain any allegation to which a response is required; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including any legal conclusions and erroneous factual premises, contained in paragraph 73 of the TAC.

74. Paragraph 74 does not contain any allegation to which a response is required; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including any legal conclusions and erroneous factual premises, contained in paragraph 74 of the TAC.

**Count 2**

75. Paragraph 75 does not contain any allegation to which a response is required.

76. Paragraph 76 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions, contained in paragraph 76 of the TAC.

77. The first sentence of paragraph 77 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in the first sentence of paragraph 77. The second sentence of paragraph 77 does not contain any allegation to which a response is required; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including any legal conclusions and erroneous factual premises, contained in the second sentence of paragraph 77 of the TAC.

78. Paragraph 78 does not contain any allegation to which a response is required; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including any legal conclusions and erroneous factual premises, contained in paragraph 78 of the TAC.

**Count 3**

79. Paragraph 79 does not contain any allegation to which a response is required.

80. Paragraph 80 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions, contained in paragraph 80 of the TAC.

81. Paragraph 81 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions, contained in paragraph 81 of the TAC.

82. Defendants TFSC and the TFSC Executive Director deny the allegations in the first and second sentences of paragraph 82 of the TAC. The second sentence, however, is ambiguous, as it is not clear whether the passage "non-Muslim organizations are permitted to engage in the same activities as EPIC" is meant to be a factual allegation or the articulation of a legal principle. If the latter, the second sentence contains legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in the second sentence of paragraph 82. The third and fourth sentences of paragraph 82 consist of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in the third and fourth sentences of paragraph 82.

83. Paragraph 83 does not contain any allegation to which a response is required; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including any legal conclusions and erroneous factual premises, contained in paragraph 83 of the TAC.

84. Paragraph 84 does not contain any allegation to which a response is required;; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including any legal conclusions and erroneous factual premises, contained in paragraph 84 of the TAC.

**Count 4**

85. Paragraph 85 does not contain any allegation to which a response is required.

86. Paragraph 86 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions, contained in paragraph 86 of the TAC.

87. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 87 of the TAC. The first, third, and fourth sentences of paragraph 87 consist of a blend of factual and legal allegations. The legal allegations in these three sentences of paragraph 87 require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in these three sentences. More generally, Defendants TFSC and the TFSC Executive Director deny all factual allegations in those three sentences.

88. Paragraph 88 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in paragraph 88 of the TAC.

89. The first, second, and fifth sentences of paragraph 89 consist of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in the first, second, and fifth sentences of paragraph 89. The third and fourth sentences of paragraph 89 do not contain any allegation to which a response is required; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC

Executive Director deny all allegations, including any legal conclusions and erroneous factual premises, contained in the third and fourth sentences of paragraph 89 of the TAC, including the implication that Plaintiff has satisfied the prerequisites to an award of relief under TRFRA, including but not limited to an award of monetary relief either in the amount claimed or in any other amount.

**Count 5**

90. Paragraph 90 does not contain any allegation to which a response is required.

91. The first sentence of paragraph 91 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in the first sentence of paragraph 91 of the TAC. The allegations in the second sentence of paragraph 91 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); that sentence also consists of legal conclusions that require no answer. Nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in the second sentence of paragraph 91 of the TAC.

92. The allegations in paragraph 92 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 92 of the TAC.

93. The first and fifth sentences of paragraph 93 consist of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in the first and fifth sentences of paragraph 93 of the TAC. Defendants TFSC and the TFSC Executive Director deny the allegations in the second sentence of paragraph 93 of the TAC. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence of paragraph 93 of the TAC. The allegations in the fourth sentence of paragraph 93 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations contained in the fourth sentence of paragraph 93 of the TAC, except that they deny the allegation that the Commission engaged in discriminatory treatment of EPIC.

94. Paragraph 94 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in paragraph 94 of the TAC.

95. Paragraph 95 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in paragraph 95 of the TAC.

96. The allegations in paragraph 96 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director; these allegations thus do not call for an answer on those Defendants' part (FRCP 8(b)(1)(A)). In addition, paragraph 96 consists of legal conclusions that require no answer. Nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in paragraph 96 of the TAC.

97. The allegations in paragraph 97 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director; these allegations thus do not call for an answer on those Defendants' part (FRCP 8(b)(1)(A)). In addition, paragraph 97 consists of legal conclusions that require no answer. Nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in paragraph 97 of the TAC.

**Count 6**

98. Paragraph 98 does not contain any allegation to which a response is required.

99. The first three sentences of paragraph 99 (and the accompanying citation to *Larson v. Valente*) consist of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in the first three sentences of paragraph 99 of the TAC. The allegations in the fourth sentence of paragraph 99 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); that sentence also consists of legal conclusions that require no answer. Nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal

conclusions and erroneous factual premises, contained in the fourth sentence of paragraph 99 of the TAC.

100. The first sentence of paragraph 100 consists of legal conclusions that require no answer; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in the first sentence of paragraph 100 of the TAC. Defendants TFSC and the TFSC Executive Director presently lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 100 of the TAC. Defendants TFSC and the TFSC Executive Director deny the allegations in the third sentence of paragraph 100 of the TAC. The allegations in the fourth sentence of paragraph 100 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including any legal conclusions and erroneous factual premises, contained in the fourth sentence of paragraph 100 of the TAC.

101. The allegations in paragraph 101 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); that paragraph also consists of legal conclusions that require no answer. Nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in paragraph 101 of the TAC.

102. The allegations in paragraph 102 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); that paragraph also consists of legal conclusions that require no answer. Nevertheless,

should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in paragraph 102 of the TAC.

103. The allegations in paragraph 103 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); that paragraph also consists of legal conclusions that require no answer. Nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in paragraph 103 of the TAC.

104. The allegations in paragraph 104 are not addressed against either Defendant TFSC or Defendant the TFSC Executive Director and thus do not call for an answer on their part (FRCP 8(b)(1)(A)); that paragraph also consists of legal conclusions that require no answer. Nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations, including the legal conclusions and erroneous factual premises, contained in paragraph 104 of the TAC.

## PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES

105. Paragraph 105 does not contain any allegation to which a response is required; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations contained in paragraph 105 of the TAC and further deny that they are liable to Plaintiff for any damages or other relief, including attorney's fees.

## PLAINTIFF'S JURY DEMAND

106. Paragraph 106 does not contain any allegation to which a response is required.

## PLAINTIFF'S REQUEST FOR PERMANENT INJUNCTION

107. Paragraph 107 does not contain any allegation to which a response is required; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations contained in paragraph 107 of the TAC and further deny that Plaintiff is entitled to permanent injunctive relief.

## PLAINTIFF'S PRAYER

108. Paragraph 108(a)-(g) does not contain any allegations to which a response is required; nevertheless, should an answer be deemed necessary, Defendants TFSC and the TFSC Executive Director deny all allegations contained in paragraph 108(a)-(g) of the TAC and further deny that they are liable to Plaintiff for any damages or other relief, including attorney's fees.

## DEFENDANTS TFSC'S AND TFSC EXECUTIVE DIRECTOR'S AFFIRMATIVE DEFENSES

Defendants TFSC and the TFSC Executive Director deny that they engaged in any unlawful conduct or that Plaintiff is entitled to any of the relief it seeks. Defendants TFSC and the TFSC Executive Director assert the following affirmative and other defenses, but do not assume the burden of proof except to the extent required on pure affirmative defenses:

1. Plaintiff's TAC fails, in whole or in part, to state a cause of action against Defendants TFSC and the TFSC Executive Director upon which relief can be granted and should therefore be dismissed.

2. Defendants TFSC and the TFSC Executive Director assert that any actions taken against Plaintiff were based on legitimate, non-discriminatory, reasons and were taken without discriminatory animus.

3. Defendants TFSC and the TFSC Executive Director assert that any and all decisions regarding Plaintiff were wholly appropriate under the governing regulatory regime and were taken without regard to Plaintiff's religious faith.

4. Plaintiff has failed to exhaust administrative remedies.

5. Defendants TFSC and the TFSC Executive Director assert that Plaintiff's own acts or omissions caused or contributed to Plaintiff's injuries, if any.

6. Defendants TFSC and the TFSC Executive Director assert that Plaintiff failed to mitigate its damages, if any.

7. Defendants TFSC and the TFSC Executive Director reserve the right to assert additional defenses reasonably in advance of trial and as they become apparent.

**PRAYER**

For the foregoing reasons, Defendants TFSC and the TFSC Executive Director request judgment of the Court declaring that Plaintiff take nothing by this suit, dismissing Plaintiff's suit with prejudice, assessing costs against Plaintiff, and awarding Defendants all further relief that the Court deems just and appropriate.

Dated: November 17, 2026.

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**WILLIAM D. WASSDORF**
Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**
Chief, General Litigation Division

*/s/Thomas Bevilacqua*
**THOMAS BEVILACQUA**
Attorney-in-Charge
Texas Bar No. 00793342
Assistant Attorney General
**SCOTT D. SMITH**
Texas Bar No. 24011874
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(737) 224-2489 / Fax (512) 320-0667
thomas.bevilacqua@oag.texas.gov
scott.smith@oag.texas.gov

**ATTORNEYS FOR DEFENDANTS TFSC AND THE TFSC EXECUTIVE DIRECTOR IN THEIR OFFICIAL CAPACITY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was filed electronically via the Court's CM/ECF system on November 17, 2026, causing electronic service upon all counsel of record.

Eric Hudson — ***Via E-Service***
Benjamin Dower — ***Via E-Service***
ARAMBULA | TERRAZAS PLLC
1001 S. Capital of Texas Highway,
Bldg. L, Suite 250
Austin, Texas 78746
Telephone: (512) 680-3257
ehudson@atlawpllc.com
bdower@atlawpllc.com

**ATTORNEYS FOR PLAINTIFF**

*/s/ Thomas Bevilacqua*
**THOMAS BEVILACQUA**
Assistant Attorney General