**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **EAST PLANO ISLAMIC CENTER (EPIC),** *Plaintiff,* | § | |
| **v.** | § | **CIVIL ACTION NO. 1:25-cv-1085** |
| **TEXAS FUNERAL SERVICES COMMISSION,** ***et al.*****,** *Defendants.* | § | |

**DEFENDANT KRISTIN TIPS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT & REQUEST FOR PERMANENT INJUNCTION**

Defendant Kristin Tips ("Defendant"), through the Office of the Attorney General of Texas, respectfully submit their Answer to Plaintiff's Third Amended Complaint and Request for Permanent Injunction ("TAC") (D.E. 75).

## GENERAL DENIAL

Pursuant to Fed. R. Civ. P. 8(b) and for the express purpose of requiring Plaintiff to meet its burden of proof, Defendant denies each and every allegation contained in Plaintiff's TAC, including the unnumbered allegations on pages 1-2, except those expressly admitted herein. The numbered responses below correspond with the numbered paragraphs in Plaintiff's TAC.

## ANSWER TO SPECIFIC ALLEGATIONS

1. Defendant denies the allegations in this paragraph, except admits that EPIC is a non-profit organization, and refers to the cited document for the complete contents thereof.
2. Defendant admits the allegations in this paragraph, except refers to the cited statutory provisions for the complete contents thereof.
3. Defendant admits the allegations in this paragraph, except note that TFSC's current Executive Director according to its website is Maria Haynes and refers to the cited documents for the

complete contents thereof.

4. Defendant denies the allegations in this paragraph, except admits that she served as a TFSC member for more than eight years, and that she served as TFSC's presiding officer from May 2024 until her resignation in April 2026.

5. Defendant admits the allegations in this paragraph, except reserves the right to challenge subject matter jurisdiction in the future, and notes that Defendants TFSC and its Executive Director in his official capacity have filed a motion to dismiss for lack of jurisdiction (*see* D.E. 55) which remains pending before the Court.

6. Defendant denies the allegations in this paragraph and refers to the cited caselaw for the complete contents thereof.

7. Defendant denies the allegations in this paragraph, except admits that sovereign immunity does not bar individual-capacity claims for damages and refers to the cited caselaw for the complete contents thereof.

8. Defendant denies the allegations in this paragraph, notes that she was added to the case post-removal, and refers to the cited caselaw for the complete contents thereof.

9. Defendant denies the allegations in this paragraph and refers to the cited caselaw for the complete contents thereof.

10. Defendant admits the allegations in this paragraph, except reserves the right to challenge venue in the future.

11. Defendant denies the allegations in this paragraph, except admits that TFSC's statutory authority derives in part from Chapter 651 of the Texas Occupations Code, that TFSC oversees funeral-related licensure, and that TFSC may assess administrative penalties and/or bring actions for injunctive relief. Defendant refers to the cited statutory provisions for the complete contents thereof.

12. Defendant denies the allegations in this paragraph, except admits that "funeral establishment" and "funeral directing" are defined by Chapter 651 as described (without the added emphasis), and refers to the cited statutory provisions for the complete contents thereof.
13. Defendant denies the allegations in this paragraph, except admits that TFSC's authority extends to individuals who are not receiving compensation and entities who are not running a business, and refers to the cited statutory provisions for the complete contents thereof.
14. Defendant denies the allegations in this paragraph and refers to the cited statutory provisions for the complete contents thereof.
15. Defendant denies the allegations in this paragraph, except admits that Chapter 651 forbids funeral establishments from operating without a TFSC license, and refers to the cited statutory provisions for the complete contents thereof.
16. Defendant denies the allegations in this paragraph, except lacks sufficient knowledge to form a belief as to what TFSC told ICGA in 1987, and refers to the cited document for the complete contents thereof.
17. Defendant denies the allegations in this paragraph, except lacks sufficient knowledge to form a belief as to what TFSC's staff attorney wrote in 2014, and refers to the cited document for the complete contents thereof.
18. Defendant lacks sufficient knowledge to form a belief as to the allegations in this paragraph and refers to the cited document for the complete contents thereof.
19. Defendant lacks sufficient knowledge to form a belief as to the allegations in this paragraph, except admits that EPIC offers funeral services.
20. Defendant lacks sufficient knowledge to form a belief as to the allegations in this paragraph and refers to the cited document for the complete contents thereof.
21. Defendant lacks sufficient knowledge to form a belief as to the allegations in this paragraph.

22. Defendant lacks sufficient knowledge to form a belief as to the allegations in this paragraph and refers to the cited document for the complete contents thereof.
23. Defendant lacks sufficient knowledge to form a belief as to the allegations in this paragraph.
24. Defendant lacks sufficient knowledge to form a belief as to the allegations in this paragraph and refers to the cited document for the complete contents thereof.
25. Defendant lacks sufficient knowledge to form a belief as to the allegations in this paragraph and refers to the cited document for the complete contents thereof.
26. Defendant lacks sufficient knowledge to form a belief as to the allegations in this paragraph and refers to the cited document for the complete contents thereof.
27. Defendant lacks sufficient knowledge to form a belief as to the allegations in this paragraph and refers to the cited document for the complete contents thereof.
28. Defendant denies the allegations in this paragraph, except admits that former TFSC Executive Director Scott Bingaman ("Bingaman") sent EPIC a cease-and-desist letter on March 26, 2025 ("C&D" Letter") and refers to that letter for the complete contents thereof.
29. Defendant lacks sufficient knowledge to form a belief as to the allegations in this paragraph and refers to the cited document for the complete contents thereof.
30. Defendant lacks sufficient knowledge to form a belief as to the allegations in this paragraph and refers to the cited document for the complete contents thereof.
31. Defendant lacks sufficient knowledge to form a belief as to the allegations in this paragraph and refers to the cited document for the complete contents thereof.
32. Defendant lacks sufficient knowledge to form a belief as to the allegations in this paragraph and refers to the cited document for the complete contents thereof.
33. Defendant lacks sufficient knowledge to form a belief as to the allegations in this paragraph and refers to the cited document for the complete contents thereof.

34. Defendant lacks sufficient knowledge to form a belief as to the allegations in this paragraph.
35. Defendant lacks sufficient knowledge to form a belief as to the allegations in this paragraph and refers to the cited document for the complete contents thereof.
36. Defendant lacks sufficient knowledge to form a belief as to the allegations in this paragraph and refers to the cited document for the complete contents thereof.
37. Defendant lacks sufficient knowledge to form a belief as to the allegations in this paragraph and refers to the cited document for the complete contents thereof.
38. Defendant lacks sufficient knowledge to form a belief as to the allegations in this paragraph.
39. Defendant lacks sufficient knowledge to form a belief as to the allegations in this paragraph and refers to the cited document for the complete contents thereof.
40. Defendant lacks sufficient knowledge to form a belief as to the allegations in this paragraph and refers to the cited document for the complete contents thereof.
41. Defendant lacks sufficient knowledge to form a belief as to the allegations in this paragraph and refers to the cited documents for the complete contents thereof.
42. Defendant lacks sufficient knowledge to form a belief as to the allegations in this paragraph and refers to the cited documents for the complete contents thereof.
43. Defendant lacks sufficient knowledge to form a belief as to the allegations in this paragraph and refers to the cited document for the complete contents thereof.
44. Defendant lacks sufficient knowledge to form a belief as to the allegations in this paragraph, except denies that she singled out EPIC for disparate treatment because of its Muslim religious affiliation and refers to the C&D Letter and subsequent correspondence between TFSC and EPIC (*see*, *e.g.*, D.E. 12-1, 55-3) for the complete contents thereof.
45. Defendant denies the allegations in this paragraph, except admits that Bingaman's C&D Letter referenced a criminal referral to the Collin County District Attorney, and refers to that letter

for the complete contents thereof.

46. Defendant denies the allegations in this paragraph, except lacks sufficient knowledge to form a belief as to Bingaman's motivation for issuing the C&D Letter, and refers to the cited statutory provisions for the complete contents thereof.

47. Defendant denies the allegations in this paragraph, except lacks sufficient knowledge to form a belief as to whether (and if so, how many) EPIC congregants were denied funeral rites, and refers to the C&D Letter and subsequent correspondence between TFSC and EPIC (*see*, *e.g.*, D.E. 12-1, 55-3) for the complete contents thereof.

48. Defendant denies the allegations in this paragraph, except admits that she was a member and presiding officer of TFSC at the time Bingaman issued the C&D Letter, and until April 2026.

49. Defendant admits the allegations in this paragraph and refers to the cited provisions for the contents thereof.

50. Defendant denies the allegations in this paragraph.

51. Defendant denies the allegations in this paragraph, except admits that she served on TFSC for more than eight years, and that she acted as its presiding officer from May 2024 until her resignation in April 2026, that she was appointed by the Governor, and that Bingaman was appointed as Executive Director in September 2024. Defendant refers to the cited documents for the complete contents thereof.

52. Defendant denies the allegations in this paragraph and refers to the cited documents for the complete contents thereof.

53. Defendant denies the allegations in this paragraph.

54. Defendant denies the allegations in this paragraph.

55. Defendant denies the allegations in this paragraph and refers to the cited documents for the complete contents thereof.

56. Defendant denies the allegations in this paragraph.

57. Defendant denies the allegations in this paragraph.

58. Defendant denies the allegations in this paragraph and refers to the cited documents for the complete contents thereof.

59. Defendant denies the allegations in this paragraph.

60. Defendant denies the allegations in this paragraph and refers to the cited documents for the complete contents thereof.

61. Defendant denies the allegations in this paragraph and refers to the cited documents for the complete contents thereof.

62. Defendant denies the allegations in this paragraph.

63. Defendant denies the allegations in this paragraph.

64. Defendant denies the allegations in this paragraph and refers to the cited documents for the complete contents thereof.

65. Defendant denies the allegations in this paragraph, except lacks sufficient information to form a belief as to whether EPIC's funeral-rite practices are an expression of Muslim religious belief.

66. Defendant denies the allegations in this paragraph and refers to the cited documents for the complete contents thereof.

67. Defendant denies the allegations in this paragraph and refers to the cited documents for the complete contents thereof.

68. Defendant denies the allegations in this paragraph and refers to the cited documents for the complete contents thereof.

69. Defendant denies the allegations in this paragraph.

70. No response required.

71. Defendant denies the allegations in this paragraph and refers to the cited caselaw and

constitutional provisions for the complete contents thereof.

72. Defendant denies the allegations in this paragraph, except admits that TFSC is a political subdivision of the State of Texas, and refers to the cited caselaw and constitutional provisions for the complete contents thereof.

73. Defendant denies that Plaintiff is entitled to the relief sought in this paragraph.

74. Defendant denies that Plaintiff is entitled to the relief sought in this paragraph and refers to the cited statutory provisions for the complete contents thereof.

75. No response required.

76. Defendant denies the allegations in this paragraph and refers to the cited caselaw and constitutional provisions for the complete contents thereof.

77. Defendant denies the allegations in this paragraph and denies that Plaintiff is entitled to the relief sought in this paragraph. Defendant refers to the cited constitutional provisions for the complete contents thereof.

78. Defendant denies that Plaintiff is entitled to the relief sought in this paragraph and refers to the cited statutory provisions for the complete contents thereof.

79. No response required.

80. Defendant denies the allegations in this paragraph and refers to the cited caselaw and constitutional provisions for the complete contents thereof.

81. Defendant denies the allegations in this paragraph and refers to the cited caselaw for the complete contents thereof.

82. Defendant denies the allegations in this paragraph.

83. Defendant denies that Plaintiff is entitled to the relief sought in this paragraph.

84. Defendant denies that Plaintiff is entitled to the relief sought in this paragraph and refers to the cited statutory provisions for the complete contents thereof.

85. No response required.

86. Defendant denies the allegations in this paragraph and refers to the cited caselaw and statutory provisions for the complete contents thereof.

87. Defendant denies the allegations in this paragraph.

88. Defendant denies the allegations in this paragraph and refers to the cited statutory provisions for the complete contents thereof.

89. Defendant denies the allegations in this paragraph and denies that Plaintiff is entitled to the relief sought in this paragraph. Defendant refers to the cited statutory provisions for the complete contents thereof.

90. No response required.

91. Defendant denies the allegations in this paragraph, except admits that she was a state actor when acting in her capacity as TFSC's presiding officer, and refers to the cited caselaw and constitutional provisions for the complete contents thereof.

92. Defendant denies the allegations in this paragraph and refers to the cited documents for the complete contents thereof.

93. Defendant denies the allegations in this paragraph and refers to the C&D Letter for the complete contents thereof.

94. Defendant denies the allegations in this paragraph and refers to the cited caselaw for the complete contents thereof.

95. Defendant denies the allegations in this paragraph and refers to the cited caselaw for the complete contents thereof.

96. Defendant denies the allegations in this paragraph and refers to the cited caselaw for the complete contents thereof.

97. Defendant denies the allegations in this paragraph and denies that Plaintiff is entitled to the

relief sought in this paragraph. Defendant refers to the cited caselaw for the complete contents thereof.

98. No response required.

99. Defendant denies the allegations in this paragraph and refers to the cited caselaw and constitutional provisions for the complete contents thereof.

100. Defendant denies the allegations in this paragraph and refers to the C&D Letter for the complete contents thereof.

101. Defendant denies the allegations in this paragraph and refers to the cited caselaw for the complete contents thereof.

102. Defendant denies the allegations in this paragraph and refers to the cited caselaw for the complete contents thereof.

103. Defendant denies the allegations in this paragraph and refers to the C&D Letter and cited caselaw for the complete contents thereof.

104. Defendant denies the allegations in this paragraph and denies that Plaintiff is entitled to the relief sought in this paragraph.

105. Defendant denies that Plaintiff is entitled to the relief sought in this paragraph.

106. Defendant also demands a jury trial on all issues so triable.

107. Defendant denies that Plaintiff is entitled to the relief sought in this paragraph.

108. Defendant denies that Plaintiff is entitled to the relief sought in this paragraph.

## AFFIRMATIVE DEFENSES AND OTHER DEFENSIVE MATTERS

1. Defendant denies that Plaintiff was or is being deprived of any right, privilege or immunity granted or secured by the Constitution or laws of the United States or the state of Texas.

2. Defendant denies that Plaintiff is entitled to any relief whatsoever, whether under state or federal law, including without limitation compensatory damages, punitive damages, injunctive

relief, declaratory relief, attorney's fees, expert fees, costs or any other type of relief.

3. Defendant asserts that Plaintiff's TAC fails to state a cause of action against her.
4. Defendant asserts that any action taken against Plaintiff by TFSC was based on legitimate, non-discriminatory reasons and were taken without discriminatory animus.
5. Defendant asserts that any and all decisions she made in her capacity as TFSC member were wholly appropriate under the governing regulatory scheme.
6. Defendant asserts her right to all applicable immunities, including as applicable and without limitation: sovereign immunity, official immunity, Eleventh Amendment immunity, and qualified immunity.
7. Defendant asserts that Plaintiff's own acts or omissions caused or contributed to Plaintiff's injuries, if any.
8. Defendant asserts that some of the relief sought in Plaintiff's TAC goes beyond what is permissible under the *Ex Parte Young* exception to sovereign immunity.
9. Defendant asserts that Plaintiff failed to mitigate damages, if any.
10. Defendant asserts that some or all of Plaintiff's claims may be time-barred under the applicable statute(s) of limitations.
11. Defendant asserts that some or all of Plaintiff's claims may be barred by *res judicata*, claim preclusion, issue preclusion, law of the case, and/or the doctrine of laches.
12. Defendant asserts that, if a constitutional or statutory violation took place, she was not personally involved in that violation and thus cannot be held liable under Section 1983. Specifically, Defendant asserts that she had no personal involvement in the C&D Letter or enforcement action against Plaintiff giving rise to this case.
13. Defendant asserts her right to raise additional defenses as they become apparent during the factual development of this case.

## PRAYER FOR RELIEF

Defendant prays that Plaintiff take nothing in this case.

## JURY DEMAND

Defendant Kristin Tips demands a jury on all issues so triable.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Teas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**WILLIAM D. WASSDORF**
Deputy Attorney General for Civil Litigation

**BRIANA M. WEBB**
Chief, Law Enforcement Defense Division

*/s/ Michael J. Calb*
**MICHAEL J. CALB**
Special Counsel
Attorney-In-Charge
Texas State Bar No. 24126986
Michael.Calb@oag.texas.gov

Law Enforcement Defense Division
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2080

**COUNSEL FOR KRISTIN TIPS**

## CERTIFICATE OF SERVICE

I, **MICHAEL J. CALB**, Assistant Attorney General of Texas, certify that on November 19, 2026, a true copy of the foregoing has been served on all counsel of record via the Court's ECF system.

/s/ Michael J. Calb
**MICHAEL J. CALB**
Assistant Attorney General